IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRUCE LAMAR HILL, | ) | |
| AIS #138707, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07-CV-266-WKW |
| | ) | [WO] |
| | ) | |
| ALABAMA DEPT. OF CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a 42 U.S.C. § 1983 action in which Bruce Lamar Hill ["Hill"], a state inmate, challenges the conditions of confinement at the Kilby Correctional Facility and disciplinary actions lodged against him at such facility. Hill seeks issuance of a preliminary injunction requiring that correctional officers "allow [him] access to the law library and legal supplies ..." so that he may proceed before this court in a civil action. *Court Doc. No. 1* at 2. The court therefore construes this document to contain a motion for preliminary injunction under Rule 65, *Federal Rules of Civil Procedure.*

## I. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Hill must demonstrate to warrant issuance of a preliminary

injunction are:  (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Hill outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Palmer,* 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11ᵗʰ Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11ᵗʰ Cir. 1983).  "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites.  *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11ᵗʰ Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5ᵗʰ Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11ᵗʰ Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11ᵗʰ Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

## II.  DISCUSSION

In the pleading before this court, Hill complains that he has been denied access to the prison law library and legal materials such that he has been unable to file a civil

complaint and proceed *in forma pauperis* in federal court.  He seeks issuance of a preliminary injunction requiring physical access to the law library and provision of all requested legal supplies.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Hill has proven a substantial likelihood of success on the merits. Having thoroughly reviewed the request for a preliminary injunction, the court concludes that Hill has failed to carry his burden.  Other than his self-serving, conclusory allegations of  constitutional violations, Hill presents no proof or objective evidence that the actions about which he complains violated his constitutional rights.  Essentially, the court has nothing other than the inmate's mere conclusions of law and unsupported factual allegations as to whether the actions of the defendants are violative of the Constitution.

Hill likewise fails to demonstrate that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction.  As noted, Hill provides no proof or objective evidence in support of his allegations concerning the actions about which he complains. Moreover, the court docketed the pleading submitted by Hill as a 42 U.S.C. § 1983 action and will provide him the opportunity to proceed *in forma pauperis* before this court.  With respect to the third factor, whether issuance of injunctive relief would cause substantial harm to others, this component is basically a neutral factor at this juncture.  Finally, the pleadings before the court are devoid of any evidence which indicates that issuance of an

injunction would serve the public interest.  Thus, Hill fails to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for preliminary injunction filed by the plaintiff be DENIED.

2.  This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before April 10, 2007 the parties may file objections to the Recommendation.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d

1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former

Fifth Circuit issued prior to September 30, 1981.

Done this 28th day of March, 2007.


_____/s/ Wallace Capel, Jr._____
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

5