IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRUCE LAMAR HILL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALABAMA DEPT. OF CORRECTIONS, )<br>)<br>Defendant. ) | CASE NO. 2:07-cv-266-WKW |

### ORDER

Plaintiff submitted a document entitled *In Re: Constitutional Violations of Inmates Civil Rights and Access to the Court - - Requesting Injunction or Temporary Restraining Order* (Doc. # 1) on March 26, 2007.  Rule 65 (b) of the Federal Rules of Civil Procedure mandates that an applicant's request for a temporary restraining order be either in the form of an affidavit or a verified complaint, and that the applicant's counsel recite efforts taken to notify the opposing party of his contentions and, if no notice is given, the reasons for the lack of notice.  *See* Fed. R. Civ. P. 65(b).  Additionally, Rule 65 requires that the applicant show "immediate and irreparable injury".  Fed. R. Civ. P. 65(b).

Plaintiff has not complied with the terms of Rule 65, in that he did not submit an affidavit or verified complaint establishing immediate and irreparable injury, nor show why he did not provide notice to the opposing party.  Even if the court gave Plaintiff considerable leeway in the Federal Rules of Civil Procedure, Plaintiff has not alleged immediate and irreparable injury sufficient to create an issue for a temporary restraining order.  Plaintiff merely offers conclusory allegations as to the conditions of the prison. Therefore, Plaintiff's request for a temporary restraining order is

DENIED. This case is hereby REFERRED back to the United States Magistrate Judge for further proceedings.

DONE this 28th day of March, 2007.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE