IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRUCE LAMAR HILL #138707,
MENTAL HEALTH INMATES L/O BLOCK, ET AL.,
                    PLAINTIFF(S)

CIVIL ACTION NO.
2:07-CV-266-WKW

V.

MR. ROWELL, DEPUTY WARDEN, ET AL,
                    DEFENDANT(S),

## OBJECTION TO RECOMMENDATION OF THE MAGISTRATE JUDGE

COMES NOW PLAINTIFF IN THE ABOVE STYLED CAUSE AND MOVES THIS HONORABLE COURT WITH DUE RESPECT FOR ALL PARTIES AS PLAINTIFF(S) FOR THE FOLLOWING REASONS:

1) SUBSTANTIAL LIKELIHOOD OF SUCCESS ON MERITS;
"INITIALLY I FORWARDED A DOCUMENT WHERE THE CAPT. BOLLING ORDERED HIS CLERK NOT TO BRING ME ANY HARDBACK LAW BOOKS", WELL THEY COULD'VE PRINTED THE CASES FOR ME BUT THEY DIDN'T BECAUSE THEY KNEW IN NEWMAN V. ALABAMA (1977 CA5 ALA) 559 F.2d 283, 564 F.2d 97, 57 L.ed 2d 1114, 1160; CALDWELL V. MILLER, 790 F.2d 589 (7th CIR 1986); RHODES V. ROBINSON, 612 F.2d 766, ETC. WOULD PROVE THAT I'D BE SUCCESSFUL IN MY MERITS OF LAW AND CLAIM, DON'T HAVE LAW BOOKS!

2) A SUBSTANTIAL THREAT OF IRREPARABLE INJURY WITHOUT THE INJUNCTION;

THE EMOTIONAL STRESS AND LACK OF PROPER OXYGEN COULD LEAD TO A STROKE FOR PLAINTIFF BEING HOUSED IN DEPLORABLE LIVING CONDITIONS AS SUCH AND ALSO IF I'M NOT GIVEN ACCESS TO LAW LIBRARY COULD END UP BARRED FROM LITIGATION THROUGH STATUE OF LIMITATION ELAPSING BY NOT HAVING LAW BOOKS AND PROPER SUPPLIES. I GOT THIS PAPER AND ENVELOPES FROM THE CHAPLIN WHEN HE MAKES HIS WEEKLY ROUNDS BUT LIKE HE STATED HE CANT BRING ME LAW BOOKS.

3) THE HARM TO HILL OUT-WEIGHS THE HARM TO THE NON-MOVING PARTIES;

THE NON-MOVING PARTIES HAVE ACCESS TO LEGAL COMPUTERS/LAW LIBRARY AND PLAINTIFF IS BEING DENIED ACCESS TO LAW BOOKS, COURTS, ETC. LEGALLY WHICH IS VERY HARMFUL LEGALLY TO PLAINTIFF AND ET.AL., THIS IS A VERY SERIOUS CASE AND THE ALA. DEPT. OF CORR. ACTUALLY DONT WANT IT LITIGATED BECAUSE THEY KNOW THEY'RE VIOLATING THE CIVIL RIGHTS AND SETTLEMENTS OF THE COURTS MIDDLE DISTRICT SPECIFICALLY AND U.S. CONST. AMEND..

4) THAT AN INJUNCTION WOULD BE IN THE BEST INTEREST OF THE PUBLIC;

-2-

Because the Constitution clearly states everyone is entitled to due process of law in the Fifth and Fourteenth Amendments of U.S. Const. and also in the First Amendment all persons by law should be allowed to redress grievances to the government and there's no other way plaintiff(s) can prove our case without access to law library unless we're appointed counsel because this litigation will become very complicated seeking medical files of the treatment of the mentally ill because in the previous litigation the Southern Poverty Law Center had to litigate their case and the Alabama Department of Corrections choose now to vacate the settlement of <u>Bradley v. Haley</u>, mental health case No. CV-92-A-70-N Middle District, United States District Court. The touchstone of due process is protection of the individual against arbitrary actions of government, the proper forum for adjudicating a challenge to conditions of confinement such as these involved here is a court of law, not a board of prison administration, <u>Shango v Jurich</u>, 681 F.2d 1091, 1098 n.13 (7th Cir 1982) and <u>Wolff v. McDonnell</u>, 418 US 539, 558, 94 S.Ct. 2963, 2982, 41 L.Ed.2d 935 (1974).

-3-

DONE: 4/2/07.    RESPECTFULLY SUBMITTED,

/s/ 

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A COPY OF FOREGOING HAVE BEEN SERVED ON THE FOLLOWING AND DUE TO LACK OF SUPPLIES PLAINTIFF COULD NOT FORWARD A COPY TO DEFENDANTS:

C/O: OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA
          36101-0711.

BY PLACING COPY IN U.S. MAIL POSTAGE PRE PAID ON APRIL 3rd, 2007.

RESPECTFULLY SUBMITTED,

/s/

MR. BRUCE LAMAR HILL, PLAINTIFF, PRO SE
#138707 (0-6-01A)
P.O. BOX 150
MT. MEIGS, ALABAMA
          36057