IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRUCE LAMAR HILL,
PLAINTIFF,
v.                                                    CASE NO. 2:07-CV-266-WKW

WILLIE ROWELL DEPUTY WARDEN, ET.AL.,
DEFENDANT(S)

## MOTION FOR INJUNCTIONS FED. R. CIVIL P. RULE. 65
## (A) PRELIMINARY INJUNCTION, (B) TEMPORARY RESTRAINING ORDER

COMES NOW PLAINTIFF IN THE ABOVE STYLED CAUSE AND MOVES THIS HONORABLE COURT FOR THE FOLLOWING REASONS:

(1) DEFENDANT(S) CONTINUE TO HOUSE PLAINTIFF IN O-BLOCK UNIT WITH MENTALLY ILL INMATES WHO CONTINUE TO MAKE EXCESSIVE NOISE DAY AND NIGHT, THROWING AND SMEARING FECES AND URINATION ALL OVER CELL, DOOR AND OUTSIDE OF CELL ON FLOOR AND EATING THEIR OWN FECES AS WELL, THESE ACTIONS ARE CAUSING MENTAL ANGUISH THAT'S ABOUT TO LEAD TO IRREPARABLE INJURY IT'S ALREADY HAVING A MENTAL EFFECT ON PLAINTIFF AND THE MEDICAL STAFF STATES THEY DON'T TREAT INMATES FOR SLEEP DEPRIVATION NO MATTER THE CIRCUMSTANCES. THIS CONDUCT VIOLATES CLEARLY ESTABLISH LAW BECAUSE PLAINTIFF HAVE REQUESTED TO BE MOVED, RAMOS v. LAMM, 639 F.2d 559, 568 (10th CIR. 1980) CERT. DENIED, 450 US 1041 (1981) A PRISONER MUST BE PROVIDED WITH "SHELTER WHICH DOES NOT CAUSE HIS DEGENERATION OR THREATEN HIS MENTAL OR PHYSICAL WELL BEING"; CASEY v. LEWIS, 834 F.Supp. AT 1548-49 (CONDEMNING DELAYS THAT RESULT IN PSYCHOTIC INMATES REMAINING IN LOCK DOWN); TILLERY v. OWENS, 719 F.Supp. 1256, 1303-04 (W.D. PA. 1989) (CONSTITUTES REQUIRES SEPERATE UNIT FOR SEVERELY MENTAL ILL, i.e., THOSE WHO WILL NOT TAKE THEIR MEDICATIONS REGULARLY, MAINTAIN NORMAL HYGIENIC PRACTICES, ACCEPT DIETARY RESTRICTIONS, OR REPORT SYMPTOMS OF ILLNESS) AFF'D, 907 F.2d 418 (3rd CIR. 1990); INMATES OF OCCOQUAN v. BARRY, 717 F.Supp. 854, 868 (D DC 1989) (INMATES WITH MENTAL HEALTH PROBLEMS MUST BE PLACED IN A SEPERATE AREA OR A HOSPITAL AND NOT IN ADMINISTRATIVE/PUNITIVE SEGREGATION AREA); LANGLEY v. COUGHLIN, 709 F.Supp. 482, 484-85 (SDNY) (PLACEMENT OF MENTALLY ILL IN PUNITIVE SEGREGATION RESULTED IN CONDITIONS THAT MIGHT VIOLATE THE EIGHT AMENDMENT), APPEAL DISMISSED, 888 F.2d 252 (2nd CIR. 1989); LANGLEY v. COUGHLIN, 715 F.Supp. AT 543-44 (SAME); FINNEY v. MABRY, 534 F.Supp. 1026, 1036-37 (E.D. ARK 1982) (SEPARATE FACILITY FOR "MOST SEVERELY MENTALLY DISTURBED" REQUIRED); NOLLEY v. COUNTY OF ERIE, 776 F.Supp. 715, 738-40 (W.D.N.Y. 1991); TILLERY v. OWENS, 719 F.Supp. AT 1303 (CITING INCREASE TENSION FOR PSYCHOLOGICALLY NORMAL INMATES AND DANGER OF RETALIATION AGAINST MENTALLY ILL);

Demallory v. Cullen, 855 F.2d 442, 444-45 (7th Cir. 1988) (allegation that mentally ill inmates were knowingly housed with non-mentally ill in a high security unit and that they caused filthy and dangerous conditions stated an Eighth Amendment claim against prison officials); (mixing mentally ill inmates with those who are not mentally ill may violate the rights of both groups).

Plaintiff have filed institutional complaints to (ADOC) but since prison officials have no grievance procedure no actions are being taken by administration, also in circumstances of civil complaint issue violations have been claimed and to no avail any action taken, plaintiff is on the verge of having a mental breakdown and have been suffering from severe chest pain from this stress, plaintiff suffers from high bloodpressure of which he's currently taking medication for the hypertension and plaintiff have severe family history of heart failure and plaintiff suffers from acute bronchitis, plaintiff needs some form of relief for his mental and physical safety.

(2) (NOISE) Excessive noise "inflicts pain without penelogical justification" and violates Eighth Amendment. Toussaint v. McCarthy, 801 F.2d 1080, 1110 (9th Cir. 1986), cert. denied, 481 US 1069 (1987), accord, Reece v. Gragg, 650 F.Supp. 1297, 1304 (D.Kan. 1986); Ramos v. Lamm, 520 F.Supp. 1055, 1063 (D.Colo. 1981), Palmegiano v. Garraby, 443 F.Supp. 956, 979 (D.R.I. 1977) remanded on other grounds 555 F.2d 17 (1st Cir. 1977); Anderson v. Redman, 429 F.Supp. 1105, 1112 (D.Del. 1977), stay ordered, 480 F.Supp. 830 (D.Del. 1979); Rhem v. Malcolm, 371 F.Supp. 627 (S.D.N.Y. 1974), aff'd. 507 F.2d 333 (2nd Cir. 1974) (pretrial detention case).

(3) (LIGHTING) Lemaire v. Maass, 745 F.Supp. 623, 636 (D.OR. 1990) vacated and remanded on other grounds 12 F.3d 1444 (9 Cir 1993) one court has held that keeping cell lights on 24 hours a day in segregation cells is unconstitutional under the Eighth Amendment).

(4). On Feb. 14, 2007 plaintiff was transferred to Kilby Corr. Fac. allegedly for court, it's May 23, 2007 and plaintiff has yet to be taken to court, plaintiff has suffered physical injury to both feet that seems to never heal from raw sewage from shower area that may be irreparable and has called for immediate medical assistance and since plaintiff incarceration at Kilby Corr. Fac. plaintiff has been retaliated on numerous occassions by prison officials for exercising constitutional rights 1st (6) 7, 8, 14 Amend. of U.S.C.A., plaintiff have been taken to this secluded area and written arbitrary and capricious disciplinary infractions and told he'll never get out of prison by the administration because they're aware that plaintiff have a parole date of September 2007 and these negative infractions may be cause to deny parole and the only leave plaintiff have is this honorable court to protect his civil rights through injunction order, plaintiff was written five infractions and denied a right to participate in the hearing in all eight infractions since the filing of complaints on administrative level and civil level against Sgt. Streeter and C/O Barnes the administration will not stop this absurd conduct and my only legal recourse is this honorable court; Harris v. Maloughney, 827 F.Supp. 1488 (D.Mont. 1993)(12) prison key 13(4) Constitution protects individuals from arbitrary governmental action and from discipline which is in the form of punishment or retaliation, where legitimate governmental interest are lacking.

-2-

CALDWELL V. MILLER, 790 F.2d 589 (7th Cir 1986) ADMINISTRATIVE LAW AND PROCEDURE KEY 416 AGENCY MUST CONFORM ITS ACTIONS TO PROCEDURES THAT IT HAD ADOPTED. PRISON KEY 12 INMATE HAS A RIGHT TO EXPECT PRISON OFFICIALS TO FOLLOW ITS POLICIES AND REGULATIONS.

(5) PLAINTIFF REQUEST ORDER FOR INJUNCTION / OR HEARING BECAUSE IF THIS CONDUCT IS NOT STOPPED BY THIS HONORABLE COURT IRREPARABLE INJURY IN CERTAIN TO THE PLAINTIFF'S MENTAL AND PHYSICAL WELL BEING, REFER TO INITIAL COMPLAINT OF CIVIL ACTION AND THIS MOTION AND OTHERS PLAINTIFF HAVE NO OTHER RECOURSE, PLAINTIFF REQUEST TO BE TRANSFERRED BACK TO SENDING PRISON OF LIMESTONE CORR. FAC, OR TO ASSIGNED PRISON BY (ADOC) IMMEDIATELY.

DONE THIS THE 23rd DAY OF MAY 2007.

RESPECTFULLY SUBMITTED,

/s/ MR. BRUCE LAMAR HILL, PLAINTIFF, 138707 PRO SE

## Certificate of Service

I HEREBY CERTIFY THAT A COPY OF THE ABOVE HAVE AND FOREGOING BEEN SERVED BY U.S. MAIL THIS THE 23rd DAY OF MAY, 2007, TO: ALABAMA DEPARTMENT OF CORRECTIONS
LEGAL DIVISION OF GENERAL COUNSEL
301 S. RIPLEY STREET
P.O. BOX 301501
MONTGOMERY, ALABAMA
36130-1501.

/s/ , PRO-SE
MR. BRUCE LAMAR HILL # 138707 (0-6)
P.O. BOX 150
MT. MEIGS, ALABAMA 36057

-3-

Mr. Bruce C. Hill
#138707 (0-6-01A)
P.O. Box 150
Mt. Meigs, AL.
36057

%: Hon. Clerk Office
Middle District of Alabama
United States District Court
P.O. Box 711
Montgomery, Alabama
36101-0711



HASLER
$0.410
US POSTAGE