IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRUCE LAMAR HILL, ) | |
| AIS #138707 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-CV-266-WKW |
| ) | [WO] |
| ) | |
| OFFICER BARNES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Bruce Lamar Hill ["Hill"], a state inmate, challenges the conditions of confinement at the Kilby Correctional Facility and disciplinary actions lodged against him at such facility. Hill seeks issuance of a preliminary injunction under Rule 65, *Federal Rules of Civil Procedure*, requiring that correctional officers move him from the cell block within which he is presently incarcerated because mental health inmates are also confined in this area of the prison. *Motion for Preliminary Injunction - Court Doc. No. 33* at 1. Hill complains that the mental health inmates "continue to make excessive noise ..., [are] throwing and smearing feces and urination all over cell ..., and eating their own feces as well." *Id*. Hill further complains that lights remain on in the segregation cells 24 hours each day and since filing this complaint numerous actions of retaliation have been taken against him. *Id*. at 2.

## I.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Hill must demonstrate to warrant issuance of a preliminary injunction are:  (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Hill outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Palmer,* 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).  "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites.  *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would,

standing alone, make preliminary injunctive relief improper").

## II. DISCUSSION

In the pleading before this court, Hill complains that the conditions of confinement to which he is being subjected are violative of his constitutional rights. He seeks issuance of a preliminary injunction requiring his confinement in a more amenable area of the prison.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Hill has proven a substantial likelihood of success on the merits. Having thoroughly reviewed the request for a preliminary injunction, the court concludes that Hill has failed to carry his burden. Other than his self-serving, conclusory allegations of constitutional violations, Hill presents no proof or objective evidence that the actions about which he complains violated his constitutional rights. Essentially, the court has nothing other than this inmate's mere conclusions of law and unsupported factual allegations as to whether the conditions of confinement and actions of the defendants are violative of the Constitution.

Hill likewise fails to demonstrate that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. As noted, Hill provides no proof or objective evidence in support of his allegations concerning the actions about which he complains. Moreover, the claims relative to the conditions of confinement about which Hill complains

in his motion for preliminary injunction are pending before this court in the complaint submitted by Hill in this 42 U.S.C. § 1983 action. The third factor, balancing potential harm to the parties, is basically a neutral factor at this juncture. Finally, the pleadings before the court are devoid of any evidence which shows that issuance of an injunction would serve the public interest. Thus, Hill fails to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.[1]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before June 12, 2007 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation

---

[1] The plaintiff is advised that if he seeks to challenge the alleged retaliatory actions referenced in his motion for preliminary injunction he may do so by filing a 42 U.S.C. § 1983 action which identifies specific acts of retaliation and names those correctional defendants at the Kilby Correctional Facility personally responsible for such actions.

shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

      Done this 30th day of May, 2007.

                                            /s/ Wallace Capel, Jr.
                                            WALLACE CAPEL, JR.
                                            UNITED STATES MAGISTRATE JUDGE