**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NOTHERN DIVISION**

| | |
|---|---|
| **BRUCE LAMAR HILL** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **2:07-CV-266-WKW-WC** |
| **OFFICER BARNES, ET AL.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

<u>**SPECIAL REPORT**</u>

COME NOW the Defendants, **Otis Barnes, Bobby Barrett, Leon Bolling, Clarence Hall, Irvin Harris, William Jackson, Nathaniel McCray, Michael Rowe, William Streeter, W.G. Rowell, and Allan Smith**, by and through undersigned counsel, and in accordance with this Honorable Court's May 2, 2007 Order, offer the following written report.

<u>**PARTIES**</u>

1. The Plaintiff, Bruce Lamar Hill, is an inmate of the Alabama Prison System.

2. Defendant Otis Barnes is a Correctional Officer I for the Alabama Department of Corrections and is currently assigned to Kilby Correctional Facility.

3. Defendant Bobby Barrett is a Correctional Captain for the Alabama Department of Corrections and is currently assigned to Kilby Correctional Facility.

4. Defendant Leon Bolling is a Correctional Captain for the Alabama Department of Corrections and is currently assigned to Kilby Correctional Facility.

5.  Defendant Clarence Hall is a Correctional Officer I for the Alabama Department of Corrections and is currently assigned to Kilby Correctional Facility.

6.  Defendant Irvin Harris is a Correctional Officer I for the Alabama Department of Corrections and is currently assigned to Kilby Correctional Facility.

7.  Defendant Willie Jackson is a Correctional Officer I for the Alabama Department of Corrections and is currently assigned to Kilby Correctional Facility.

8.  Defendant Nathaniel McCray is a Correctional Officer I for the Alabama Department of Corrections and is currently assigned to Kilby Correctional Facility.

9.  Defendant Michael Rowe is a Correctional Officer I for the Alabama Department of Corrections and is currently assigned to Kilby Correctional Facility.

10. Defendant William Streeter is a Correctional Sergeant for the Alabama Department of Corrections and is currently assigned to Kilby Correctional Facility.

11. Defendant W.G. Rowell is a Warden II for the Alabama Department of Corrections and is currently assigned to Kilby Correctional Facility.

12. Defendant Allen Smith is a Correctional Sergeant for the Alabama Department of Corrections and is currently assigned to the Frank Lee Youth Center.

## EXHIBITS

EXHIBIT 1 – Affidavit of Otis Barnes

EXHIBIT 2 – Affidavit of Bobby Barrett

EXHIBIT 3 – Second Affidavit of Bobby Barrett

EXHIBIT 4 – Affidavit of Leon Bolling

EXHIBIT 5 – Second Affidavit of Leon Bolling

EXHIBIT 6 – Affidavit of Clarence Hall

EXHIBIT 7 – Second Affidavit of Clarence Hall

EXHIBIT 8 – Affidavit of Irvin Harris

EXHIBIT 9 – Affidavit of Willie Jackson

EXHIBIT 10 – Second Affidavit of Willie Jackson

EXHIBIT 11 – Affidavit of Nathaniel McCray

EXHIBIT 12 – Affidavit of Michael Rowe

EXHIBIT 13 – Affidavit of William Streeter

EXHIBIT 14 – Second Affidavit of William Streeter

EXHIBIT 15 – Affidavit of W.G. Rowell

EXHIBIT 16 – Second Affidavit of W.G. Rowell

EXHIBIT 17 – Affidavit of Allan D. Smith

## PLAINTIFF'S CLAIMS

Plaintiff claims the Defendants are responsible for alleged deplorable living conditions that he claims exist at Kilby Correctional Facility including raw sewage backing up into the showers, excessive light and noise, unclean walls, and being assigned an unclean mattress.  Plaintiff further contends that he is denied reasonable access to a law library

## DEFENDANTS' RESPONSE

1.      The Defendants deny that they violated the Plaintiff's constitutional rights.

2.      The Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.

3.      The Plaintiff has failed to state a claim upon which relief may be granted.

4.    The Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.

5.    The Defendants are immune from suit due to qualified immunity.

### STATEMENT OF FACTS

On February 14, 2007, Plaintiff was transported to Kilby Correctional Facility from Limestone Correctional Facility. Exhibit 14.   The transfer orders from ADOC Transfer Agents indicated that Plaintiff was being transferred to Kilby for Federal Court and to be placed in a single cell. Exhibits 2 and 14.   Plaintiff has been housed in segregation since his arrival.  Exhibit 4.  At no time since he arrived at Kilby on this date has Captain Bolling received any type of communication from Plaintiff regarding the condition of any cell Plaintiff has been assigned to.  Exhibit 4.

On February 16, 2007, at approximately 10:00 am, the Kilby Institutional Segregation Board conducted rounds to all cells.  Exhibit 2.  Upon arriving at Plaintiff's cell, Captain Barrett told Plaintiff that Plaintiff was at Kilby for Federal Court and was also awaiting a re-classification hearing for an assault on another prisoner. Exhibit 2. Plaintiff refused to understand the reason he was there.  Exhibit 2.  Finally, Captain Barrett advised Plaintiff simply that "that's the situation" and moved on to the next cell.

All during the segregation rounds, Plaintiff was loud and belligerent.  Exhibit 2. While Captain Barrett was speaking to another inmate, Sgt. William Streeter and Classification Supervisor Angie Baggett informed Captain Barrett that Plaintiff was inciting other inmates on the tier and was referring to Ms. Baggett as a "bitch". Exhibit 2. After segregation rounds were completed, Captain Barrett and Sgt. Streeter discussed

moving and eventually moved Plaintiff to L-Block, an annex of the segregation unit, to defuse any further disruptions by Plaintiff. Exhibit 2.

In his complaint, Plaintiff alleges that on February 16, 2007, Officer Barnes placed Plaintiff in L-Dorm cell #6 in which there were feces on the walls, floor and toilet area. This allegation is simply a fabrication. Officer Barnes performed a routine cell inspection on the cell before placing Plaintiff in it, and the cell was clean. Exhibit 1.

Officer Willie Jackson was assigned to L-Block on February 16, 2007. Exhibit 9. At approximately 7:30 pm, Officer Jackson was completing routine cell cleaning of all cells on L-Block. Exhibit 9. At that time, Plaintiff was given cleaning supplies including a mop, broom, bleach and disinfectant for Plaintiff's use in cleaning his cell. At no time did Officer Jackson observe any feces on the floor, walls or toilet. Exhibit 9.

On March 13, 2007, Plaintiff was moved to O-Unit Cell #6 at Kilby Correctional Facility by Sgt. William Streeter who was Segregation Commander on that day. Exhibits 3 and 4. Plaintiff contends that this is the "Mental Health Unit". Kilby does not have a mental health unit. Exhibits 2, 4. Mental health inmates are housed at Bullock Correctional Facility which is specifically situated for the treatment of inmates with mental health issues. Exhibits 2, 4. The former mental health unit at Kilby was converted to an annex for the Segregation Unit.

In his complaint, Plaintiff alleges that on March 13, 2007, Officers Barnes and Rowe placed Plaintiff O-Dorm cell #6 with a torn mattress that smelled like urine. This allegation is also a fabrication. Officers Barnes and Rowe performed a routine cell inspection on the cell before placing Plaintiff in it, and the mattress was clean. Exhibits 1

and 11.   At no time did Plaintiff inform Officer Harris, who was assigned to O-Dorm on that day, that the mattress had urine on it.  Exhibit 8.

On March 13, 2007, at approximately 10:45 am, Sgt. Streeter was conducting segregation rounds when he was informed by Officer McCray that Plaintiff wanted to speak to Sgt. Streeter.  Exhibits 11 and 13.  Sgt. Streeter entered the O-Dorm exercise yard where Plaintiff was walking to speak to Plaintiff.  Exhibit 13.  Plaintiff became aggressive, belligerent, disruptive and argumentative.  Exhibits 11 and 13.  Sgt. Streeter advised Plaintiff about his behavior to no avail.  Exhibit 13.  Sgt. Streeter then ordered Plaintiff to continue walking.  Exhibit 13.  Plaintiff stated, "I'm going to do what I got to do.  I'm going to get back from here.  I don't care if it takes tearing up that cell."  Plaintiff was then advised of the consequences of destroying state property.  Exhibit 13.  Plaintiff then stopped walking and told Sgt. Streeter, "If they put me and you in a cell together, I will kill you."  Exhibit 13.  Sgt. Streeter verbally reprimanded Plaintiff and ordered Officer Rowe to escort Plaintiff back to his assigned cell. Exhibits 11 and 13.  Plaintiff continued to yell obscenities and stated, "I don't give a fuck about a disciplinary, I got 117 of them".  Exhibit 13.  Sgt. Streeter then reported the incident to Captain Bolling and disciplinary action was initiated against Plaintiff for threats, failure to obey a direct order and insubordination.  Exhibit 13.  At no time did Sgt. Streeter instruct Officer McCray not to exchange Plaintiff's mattress.  Exhibit 11.

That same day, Officer Hall was assigned as a rover when Plaintiff told Officer Hall that plaintiff would like to speak with a supervisor.  Exhibit 6.  Officer Hall radioed for Sgt. Allan Smith who after arriving to O-Dorm and speaking with plaintiff, told Officer Hall to exchange Plaintiff's mattress due to a rip.  Exhibits 6 and 17.

Plaintiff has alleged that O-Dorm lights were left on 24 hours for 34 days straight. At no time did Plaintiff complain of this to Captain Barrett.  Exhibit 3.  The only complaint Plaintiff voiced to Captain Barrett was that the lights came on at 4:00 am in time for chow.  Exhibit 3.  Plaintiff was told that it was normal procedure for the lights to come on for chow.  Exhibit 3.  The allegation that the lights are left on 24 hours is a gross mischaracterization, and simply is not the case.  Exhibits 7, 10.

Plaintiff then, seemingly contradictorily, complains that he was being confined in a "primitive cave man cell that is a dark black hole CAVE."  Every cell in the prison has a low 15 wattage security light that comes on when the two overhead fixtures are turned off at 10:00 to enable the guards to see inside cells at night.  Exhibit 3, 5 and 16. O-Block has fluorescent ceiling fixtures that contain two forty watt bulbs.  Exhibit 3, 5 and 16. Once the overhead lights come on again at breakfast, the low watt bulbs turn off.  Exhibit 3, 5 and 16.  A long narrow window on the outside of the wall provides additional natural lighting.  Exhibit 3.

Plaintiff further alleges that ventilation is poor in O-Block.  The entire O-Block unit has a central heating and air system.  Exhibit 3.  Each cell has a vent.  Exhibit 3. There is no problem with the cells in which Plaintiff has been housed.  Exhibit 3 and 16.

At not time did Plaintiff voice complaints about the conditions of his confinement to Capt. Bolling.  Exhibit 5.  At no time did Plaintiff complain to Captain Bolling about the lighting in O-Dorm.  Exhibit 5.  At no time has Sgt. Streeter received written complaints from Plaintiff about any of his confinement conditions.  Exhibit 13 and 14. Sgt. Streeter has never used abusive or threatening language with Plaintiff.  Exhibit 13.

Plaintiff further alleges that he has been denied the use of law books and other material. The law library is under the supervision of Captain Bolling. Exhibit 4. A trained law clerk visits inmates in segregation, where Plaintiff has been housed twice a day on Mondays through Fridays. Exhibit 4. The clerks take requests from inmates for legal materials and answer questions. Exhibit 4. This activity is logged in and supervised by the Segregation Officer on each block. Exhibit 4. Records on file in the Inmate Law library indicate that Plaintiff received legal periodicals/materials on at least 12 different occasions and also was granted a special request for additional paper. Exhibit 4.

A review of Plaintiff's file revealed that Plaintiff had been re-classified while incarcerated at Limestone Correctional to Administrative Segregation medium custody on February 2, 2007, for assaulting another inmate, and his hostile and argumentative behavior towards the Institutional Re-classification Board. Exhibit 15. The ADOC Central Review Board, who ultimately makes final classification determinations, overrode the recommendation the Institutional re-classification and increased Plaintiff's custody to CLOSE at one of three maximum security camps – Donaldson Correctional, St. Clair Correctional or Holman Correctional. Exhibit 15. Kilby received the final paperwork on March 19, 2007. Exhibit 2.

During this time period, Deputy Warden Rowell gave Captain Barrett two letters. Exhibits 2 and 15. In one of the letters, Plaintiff discussed a verbal altercation that Plaintiff had with Sgt. Streeter, admitted fault and stated that he would tell Warden Rowell the whole story if the Warden would come to Plaintiff's cell. Exhibit 2.

The second letter Captain Barrett was given stated that the showers were dirty. On March 23, 2007, Captain Barrett personally inspected the showers in both L-Block and O-Block and found them to be sanitary and in good working order. Exhibit 2.

On this same day, the Institutional Segregation Board conducted rounds. Exhibit 2. Plaintiff was served with the final copy of his custody increase to CLOSE from the ADOC Central Review Board. Exhibit 2. Captain Barrett also discussed Plaintiff's complaints of alleged unsanitary conditions and other complaints. Exhibit 2. As was his experience upon Plaintiff's intake, Captain Barrett could not get Plaintiff to understand what Captain Barrett was trying to tell Plaintiff, and Plaintiff yet again became disruptive and belligerent. Exhibit 2. Captain Barrett and Sgt. Streeter once again discussed moving Plaintiff to O-Dorm to defuse the situation. Exhibit 2.

At no time has Plaintiff's constitutional rights been violated. Exhibits 1-16. None of the defendants have knowledge of plaintiff's alleged medical conditions sufficient to impose liability on them. Exhibits 1-16.

## ARGUMENT

### Summary Judgment Standard

Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark &*

*Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the Plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of facts become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [Citation omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.
> 898 F.2d at 1532.

**I. Cruel and unusual punishment claims are due to fail.**

Plaintiff alleges that the conditions of his confinement violate the Eighth Amendment against cruel and unusual punishment. Although the Eighth Amendment prohibits "cruel and unusual punishment" of inmates, it does not require that prisons be comfortable. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) A valid Eighth Amendment claim has two components: (1) an objective component which requires that challenged conditions be "sufficiently serious;" and (2) a subjective component which requires that prison officials exhibit "deliberate

indifference" to prisoner health or safety. Farmer, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 302-03 (1991)); *Jordan v. Doe*, 38 F.3d 1559, 1564 (11th Cir. 1994); *Sims v. Mashburn*, 25 F.3d 980 (11th Cir. 1994).

The Supreme Court has held that deliberate indifference describes a state of mind more blameworthy than negligence. *Farmer*, 511 U.S. at 834. "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837

When evaluating prison conditions, courts should keep in mind that a prison population is comprised of a "large, confined population of convicted felons, not a nursery school." *Battle v. Anderson*, 788 F.2d 1421, 1426 (10th Cir. 1986)

> In the Eleventh Circuit, to establish an Eighth Amendment violation of cruel and unusual punishment, a plaintiff must show: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).

"The objective component 'embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency . . . ,"' 'but must be balanced against competing penological goals.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quoting *Jackson v. Bishop*, 404 F.2d 571, 579(8th Cir. 1968)  Although several conditions of confinement in combination may also establish an Eighth Amendment violation, to be actionable they must have "a mutually enforcing effect that produces the depravation of a single, identifiable human need such as food, warmth, or exercise." *Wilson v. Seiter*, 501

U.S. 294, 304 (1991) "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id*. at 305

The Eighth Amendment "does not mandate comfortable prisons," *Rhodes*, 452 U.S. at 349 — and permits prison conditions that are "restrictive and even harsh," *Farmer v. Brennan*, 511 U.S. at 833 (quoting *Rhodes,* 452 U.S. at 347) "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,' extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (excessive force against prisoner may be cruel and unusual if it inflicts wanton and unnecessary pain though no serious injury) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (double-bunking of inmates in single-occupancy cells not cruel and unusual)). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson*, 503 U.S. at 9 (quoting *Rhodes*, 452 U.S. at 347) This proposition "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101 (1958) (cruel and unusual to require denationalization of certain wartime deserters) "Today the Eighth Amendment prohibits punishments which, although not physically barbarous, 'involve the unnecessary and wanton infliction of pain,' or are grossly disproportionate to the severity of the crime." *Rhodes*, 452 U.S. at 346 (citations omitted)

The Plaintiff has failed to show an "objective" violation of the Eighth Amendment. He has failed to allege the deprivation of a single identifiable need such as

food, warmth or exercise. The Plaintiff's claims do not rise to the level of a constitutional violation.

The "deliberate indifference" standard is comprised of two parts. First, the standard requires the alleged deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834 (citations omitted). "[A] prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* (internal quotes and citations omitted). Second, in *Farmer*, the Supreme Court adopts a subjective test for "deliberate indifference," holding:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837. Furthermore, the known risk of injury must be "'a strong likelihood, rather than a mere possibility'" before a correctional officer's failure to protect can constitute deliberate indifference. *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989) (quoting *State Bank of St. Charles v. Camic*, 712 F.2d 1140, 1146 (7th Cir. 1983)). In addition, the plaintiff must provide proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional violation to establish a claim under 42 U.S.C. §1983. *Zatler*, 802 F.2d at 401. When defendants are sued in their individual capacities, the causation inquiry must be more "refined and focused." *Id*.

**II. There has been no denial of access to legal materials.**

"[T]he fundamental constitutional right of access to the courts requires prison authorities to ... provid[e] prisoners with adequate law libraries or adequate

assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). The Supreme Court, however, has clarified that prisoners' contentions of deprivations of access to courts must show actual injury as a "constitutional prerequisite." *Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996). While *Bounds* guarantees the right of access to the courts under the Fourteenth Amendment, prisoners have no inherent or independent right of access to a law library or to legal assistance. *Wilson v. Blankenship*, 163 F.3d 1284 (11th Cir. 1998); *See Lewis,* 518 U.S. at 349-51, 116 S.Ct. at 2179-80. Instead, they must show actual injury in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement. *Id.* at 355-57, 116 S.Ct. at 2182. For example, in *Lewis,* the court noted actual injury could be missing filing deadlines or being prevented from presenting claims. *See Lewis,* 518 U.S. at 348, 116 S.Ct. at 2178. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355, 116 S.Ct. at 2182.

As stated above, Plaintiff first must show actual injury before seeking relief under *Bounds. See Bass v. Singletary,* 143 F.3d 1442 (11th Cir.1998). This is an essential standing requirement. *Wilson v. Blankenship*, 163 F.3d 1284 (11th Cir. 1998).  It is interpreted by the 11th Circuit as meaning that any prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. *Wilson,* 163 F.3d at 1290. To prevail in this case, Plaintiff must provide evidence of ". . . such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from

actions of prison officials." *Wilson,* 163 F.3d at 1291. Therefore, in an access-to-courts claim, Plaintiff cannot merely allege that legal materials were denied, but rather, Plaintiff must demonstrate that the denial of materials hindered his "efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights." *Wilson,* 163 F.3d at 1291.

**III. These Defendants are entitled to immunity.**

To the extent that the Plaintiff asserts his claims against these defendants in their official capacities, the claims must fail because the defendants are entitled to immunity via the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizens. See *Edelman v. Jordan*, 415 U.S. at 663, 94 S. Ct at 1347 and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). All of these Defendants were acting within the scope of their official duties in this instance on behalf of the State of Alabama. The State of Alabama has not waived its immunity or consented to the filing of such a suit. The defendants are absolutely immune from suit in this instance. U.S. Const. amend. 11; Art. I, § 14, ALA. Const. (The State of Alabama shall never be made a defendant in any court of law or equity); see also *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (a claim against a state official in his official capacity is a claim against the state).

**IV. Plaintiff can not hold Defendants liable under the theory of respondeat superior.**

It is clear that certain defendants are designated defendants solely on account of their ultimate supervisory roles. The law is well settled that supervisory officials cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of respondeat superior or vicarious liability. *Belcher v. City of Foley,* 30 F.3d 1390, 1396 (11 Cir.1994); *Hardin v. Hayes,* 957 F.2d 845, 849 (11 Cir.1992). *Brown v. Crawford,* 906 F.2d 667, 671 (11 Cir.1990). To recover individually from those who act in supervisory capacities, the Plaintiff must show that they are liable either through their personal participation in the acts comprising the alleged constitutional violation or the existence of a causal connection linking their actions with the violation. *Hill,* 40 F.3d at 1192. Plaintiff's allegations of constitutional violations against these supervisory officials cannot survive summary judgment since they are grounded solely on vicarious liability. See, *Ford v. Deloach,* Not Reported in F.Supp.2d, 2005 WL 1243346 (M.D. Ala. 2005). Absent some allegation that these defendants knew of, sanctioned, participated in, or were otherwise "affirmatively linked" to the acts here complained of, the complaint is insufficient to state a cause of action under 42 U.S.C. § 1983. *See Gilmere v. City of Atlanta, Ga.,* 774 F.2d 1495, 1504 (11th Cir. 1985) *cert. denied.* 476 U.S. 1115 (1986).

<u>**CONCLUSION**</u>

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law. WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them.

Respectfully submitted,

TROY KING
Attorney General

/s/ Benjamin H. Albritton
Benjamin H. Albritton (ASB-0993-R67B)
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 11th day of June, 2007, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Bruce Lamar Hill, AIS 138707
Holman Correctional Facility
Holman 3700
Atmore, Alabama 36503-3700

/s/ Benjamin H. Albritton
Benjamin H. Albritton
Assistant Attorney General

## IN THE CIRCUIT COURT
## OF MONTGOMERY COUNTY

BRUCE HILL, #138707                    )

    PLAINTIFF                         )

                                                CIVIL ACTION NO.

VS                                     )   2:07-CV-266-WKW

KILBY CORRECTIONAL FACILITY    )

    DEFENDANT                         )

### A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared Officer Otis Barnes who being known to me being by me first duly sworn, deposes and says on oath as follows:

My name is Otis Barnes, and I am presently employed as a Correctional Officer with the Alabama Department of Corrections, Kilby Correctional Facility, Mt. Meigs, Alabama. I am over nineteen (19) years of age.

I received the plaintiff's allegations and deny that I have violated any of inmate Bruce Hill's B/138707 rights. On March 13, 2007, Inmate Hill alleges I, Officer Barnes, placed him (Hill) in O-dorm cell#6, with a torn mattress that smelled like urine. I, Officer Barnes did a routine cell inspection on O-dorm cell#6, before placing inmate Hill inside the cell. The mattress and cell were clean. On February 16, 2007, Inmate Hill also stated there were feces on the walls, floor and toilet area in L-block cell#6. I, Officer Barnes did a routine cell inspection on L-block cell #6, before placing inmate Hill inside the cell. The cell was clean. The allegations inmate Hill has stated are false.

                                    Correctional Officer, Otis Barnes
                                    Kilby Correctional Facility

**EXHIBIT**
**1**

PENGAD 800-631-6989

1

Page 2

State of Alabama
Montgomery County

Sworn to and subscribed before me and under my hand and official seal this the 2̲0̲ day
of April , 2007.

_____
Notary Public
My comm. expires  12-17-09

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION



EXHIBIT
2

Bruce Lamar Hill, 138707
PLAINTIFF

CIVIL ACTION: 2:07 CV-266-WKW

VS
ADOC, Captain Bobby Barrett, et.al.
        DEFENDANT

### A F F I D A V I T

    Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared Bobby Barrett who being know to me and being by me first duly sworn, deposes and says on oath as follows:

    My name is Bobby Barrett, and I am presently employed as a Correctional Captain with the Alabama Department of Corrections, Kilby Correctional Facility, Mt. Meigs, Alabama. I am over nineteen (19) years of age.

    On 2-14-07 Inmate Bruce Hill, 138707, was transported to Kilby Correctional Facility on ADOC transfer orders for Federal Court and to be placed in a single cell. On 2-16-07 at app. 10:00 AM the Kilby Institutional Segregation Board of which I am a member conducted rounds to all single cells. Upon arrival at Inmate Hill's cell, Inmate Hill was informed by me that he was at Kilby for Federal Court and was pending a re-classification hearing for assault on another inmate. Inmate Hill refused to understand the aforementioned to the point that he was advised by me "that's the situation" and the segregation board moved to the next cell. All during our segregation rounds Inmate Hill continued to be loud and belligerent. While I was speaking to another inmate Sgt. William Streeter, Segregation Commander, and Ms. Angie Baggett, Classification Supervisor, informed me that Inmate Hill was inciting other inmates on the tier and even referred to Ms. Baggett as a "Bitch". Upon completion of the Seg rounds, myself and Sgt. Streeter discussed moving Inmate Hill to L-Block to defuse any further disruptions by Inmate Hill on the tier. Inmate Hill was later moved to L-Block which is an annex of the segregation unit.

    On 3-19-07 the final approval from the ADOC Central Review Board to Kilby's Classification Unit indicated that Inmate Hill's custody level be raised to CLOSE. During this time frame, Deputy Warden Willie Rowell gave me two (2) letters marked "Deputy Warden Rowell – Urgent". Deputy Warden Rowell instructed me to see what Inmate Hill wanted. In the letter Inmate Hill discussed a verbal altercation with Sgt. Streeter in which Inmate Hill admitted fault and would only tell Warden Rowell the whole story if he would come to see him at his cell.

    The second letter's issue from Inmate Hill was the showers being dirty. On 3-23-07 I personally and visually inspected the showers on L-Block and O-Block. I found the showers in these

1

areas to be sanitary and in good working order. On this same date the institutional segregation board also conducted rounds. While at Inmate Hill's cell, he was served the final copy of his custody increase to CLOSE from the ADOC Central Review Board. Also, we discussed his issues that he wrote Deputy Warden Rowell around in his second letter. Inmate Hill, again, had no understanding of what I was attempting to explain to him, i.e., the showers, his status at Kilby, or the law library procedures. There are six (6) cells on L-Block and Inmate Hill was attempting to incite these inmates by yelling how Kilby treats inmates unfairly and how he knew what to do about leaving Kilby. On 3-23-07 after completing of the segregation rounds, myself and Sgt. Streeter discussed moving Hill to O-Dorm, an annex of the segregation unit, again, to help defuse Hill's attempt to incite the other inmates. On 4-6-07 during segregation rounds I spoke with Inmate Hill regarding his issues. Seemingly, every time I answered one issue Inmate Hill would bring up another, i.e. his disciplinaries, his custody, why he was at Kilby, the law library and why he was being house in a mental health unit. Kilby does not have a Mental Health Unit. This Unit was moved to Bullock Correctional Facility approximately 9 months ago leaving Kilby with no Mental Health Unit per say.

I have spoken personally to Inmate Hill in reference to all his allegations and conditions. I deny that Inmate Hill's constitutional rights have been violated in regards to the allegations in which Inmate Hill brings forth, i.e., custody levels, disciplinaries, feces on the shower/cell walls, mattress being torn and smelling of urine, threats made by staff members, showers not being clean, excessive lighting in the cells, law library needs and the dispensing of medication.

The only issue that had any merit regarding Inmate Hill's allegations was on one evening during pill call, Inmate Hill did not receive his mediation. This incident was corrected that same evening and Inmate Hill was dispensed his prescribed medication. This problem was corrected after I spoke with the Prison Health Services contracted Director of Nursing, Linda Bell.

Inmate Hill's constitutional rights have not been violated by me in any manner.

The above information is true and correct to the best of my knowledge.

Captain Bobby Barrett
Kilby Correctional Facility

State of Alabama
Montgomery County

Sworn to and subscribed before me and under my hand and official seal this the 25th day of April, 2007.

Betty S. Carr, Notary Public
My comm. expires 12-17-09.

2



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Bruce Lamar Hill, 138707
PLAINTIFF

CIVIL ACTION: 2:07 CV-266-WKW
AMENDED

VS
ADOC, Captain Bobby Barrett, et.al.
DEFENDANT

### A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared Bobby Barrett who being know to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Bobby Barrett, and I am presently employed as a Correctional Captain with the Alabama Department of Corrections, Kilby Correctional Facility, Mt. Meigs, Alabama. I am over nineteen (19) years of age.

I have spoken  personally to Inmate Hill in reference to all his allegations and conditions. I deny that Inmate Hill's constitutional rights have been violated in regards to the allegations he has made in his complaint. Inmate Hill's numerous allegations have no merit. Inmate Hill has no basis for the allegations that he has made in this complaint.

Inmate Bruce Hill, BM, 138707, was moved to O – Unit Cell #6 by Sgt. William Streeter, Segregation Commander on 3-13-07. I was never informed nor was it reported to me verbally or in writing by Inmate Hill that his cell lights had been left on 24 hours per day for 34 days straight as Inmate Hill stated in this complaint. The only issue Inmate Hill brought up was the lights coming on at 4:00 AM for chow. I advised him that was normal procedure throughout the institution to turn the lights on when feeding chow. Inmate Hill states in his amended complaint that he was being confined in a "primitive cave man cell that is a dark black hole CAVE." Every cell in the prison has a low wattage security light in it that automatically comes on when the two overhead light fixtures are turned off at I0 PM.

O - Block has two fluorescent ceiling light fixtures containing two (2) 40 W bulbs each that are turned on during day light hours and during breakfast feeding hours. When these two sets of overhead fluorescent lights are turned off in all the cells at app. I0:00 PM, then a tiny dim fluorescent night/security light fixture app. 6 " long and 2  " wide comes on which allows the officers to see inside the cells during the night. This app. 15 watt light fixture will remain on until the next morning when the larger fluorescent lights are turned on for the breakfast feeding and stay on until app. 10 PM that night.

1

Inmate Hill alleges there was no ventilation in his O-Block Cell. This entire O-Block unit has a central air and heating system. Each cell has a vent for ventilation. There is a long narrow window on the outside wall of each cell that provides additional lighting during the day time.

A private company, Prison Health Services, who is contracted with by the State of Alabama, provides all necessary medical treatment for inmates which is evident by Inmate Hill's statement in this complaint. Inmate Hill states in his allegations that he "suffers from high blood pressure and wears bifocal glasses and this emotional stress and physical pain is only causing pain that COULD lead to plaintiff having a stroke or heart attack in this hot dark cell. Plaintiff takes blood pressure medication twice two times a day. " There is no problem with the cell inmate Hill is confined to. It is one of the newest cells with air conditioning and well lit with fluorescent lighting fixtures, and freshly painted white walls. Inmate Hill admits in this complaint that he receives his medication twice daily and has bifocal glasses. Inmate Hill is making these allegations as an attempt to get transferred away from Kilby.

Inmate Hill's constitutional rights have not been violated by me in any manner. The above information is true and correct to the best of my knowledge.

The above information is true and correct to the best of my knowledge.

Captain Bobby Barrett
Kilby Correctional Facility

State of Alabama
Montgomery County

Sworn to and subscribed before me and under my hand and official seal this the 29th day of May, 2007.

W. G. Rowell, Notary Public
My comm. expires _8/15/08_.

2



EXHIBIT
4
PENGAD 800-631-6989

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRUCE LAMAR HILL, 138707
PLAINTIFF

CIVIL ACTION: 2:07-CV-266-WKW

VS

AL DEPT. OF CORRECTIONS, ET.AL.
       DEFENDANT

### A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared Leon Bolling who being know to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Leon Bolling, and I am presently employed as a Correctional Captain with the Alabama Department of Corrections, Kilby Correctional Facility, Mt. Meigs, Alabama. I am over nineteen (19) years of age.

On 3-13-07 Inmate Bruce Hill was moved from L Block to O Block on 3-13-07. Inmate Hill alleges that he was placed in the Mental Health Unit. Kilby does not have a Mental Health Unit. The Mental Health Inmates are housed at Bullock Correctional Facility which is a treatment facility for inmates with mental issues. The former Mental Health Unit at Kilby was converted to an annex for our Segregation Unit. There is no excessive lightening in this O Block. This is one of the quietest units in the institution. I have not received any type of communication from Inmate Hill regarding the condition of cells that he has been assigned to while at Kilby since his arrival on 2-14-07.

Inmate Hill alleges that he has been denied the use of law books and can not litigate his criminal or civil cases without proper citations. The Inmate Law Library is under my supervision. Inmate Bruce Hill, 138707 was received at Kilby on 2-14-07 and has been housed in segregation since his arrival. A trained inmate law clerk visits the segregation unit twice a day, Monday through Friday. It is the clerks assigned job to walk down each cell block and back taking requests for legal materials and answering inmates questions. This activity is logged in and supervised by the Segregation Officer assigned to each block. This gives the inmates confined in segregation cells access to the law library & materials twice daily during each week – Monday through Friday.

Records on file in the Inmate Law Library indicate that Inmate Hill received legal periodicals/materials as follows: Legal Kits consists of 4 sheets of white paper & 1 legal envelope. In addition to the materials issued below Inmate Hill made a *special request for 30 additional sheets of paper which I approved* and had issued to him on 3-3-07.

| Date | Cell | Legal Periodicals & Materials Requested & Received | Legal Kits Requested & Received |
|---|---|---|---|
| 2-21-07 | L-6 | 2 | |
| 2-26-07 | L-6 | | 2 legal kits |
| 3-2-07 | L-6 | 1 & copy of & U.S. Constitution | |
| 3-5-07 | L-6 | | 2 legal kits |
| 3-6-07 | L-6 | 2 [Req. late, but delivered by CO] | |
| 3-8-07 | L-6 | 2 | |
| 3-12-07 | L-6 | 2 | 2 legal kits |
| 3-19-07 | O-6 | | 2 legal kits |
| 3-26-07 | O-6 | 2 | 2 legal kits |
| 4-2-07 | O-6 | | 2 legal kits |
| 4-9-07 | O-6 | 2 | 2 legal kits |
| 4-11-07 | O-6 | 1 & addresses for FBI, IRS, Small Bus. Admin | |

Inmate Hill never sent me any communication about his cell conditions during the time frame of his allegations of 2-14-07 thru April 2, 2007 as indicated in his complaint.

I have not violated Inmate Bruce Hill's constitutional rights in any manner. The above statement is true and correct to the best of my knowledge.

Capt. Leon Bolling
Kilby Correctional Facility

State of Alabama
Montgomery County
Sworn to and subscribed before me and under my hand and official seal this the 19th day of April, 2007.

Betty S. Carr, Notary Public
My comm. expires 12-17-09.

2

# A F F I D A V I T

**BRUCE LAMAR HILL, 138707**
**PLAINTIFF**

**CIVIL ACTION: 2:07-CV-266-WKW**

**VS**

**AL DEPT. OF CORRECTIONS, ET.AL.**
       **DEFENDANT**

## STATE OF ALABAMA
## MONTGOMERY COUNTY

I, Leon Bolling, hereby certify and affirm that I am a Correctional Captain_at Kilby Correctional Facility; that I am one of the custodians of the inmate institutional records at this institution; that the attached documents are true, exact, and correct photo-copies of certain original documents maintained here in the institutional files; and that I am over the age of nineteen (19) years and am competent to testify to the aforesaid documents and matters stated therein.

I further certify and affirm that said documents are maintained in the usual and ordinary course of business at the Kilby Correctional Facility; and that said documents (and the entries therein) were made at, or reasonably near the time that such acts, events, and transactions referred to therein are said to have occurred.

This, I do hereby certify and affirm to on the 19th day of April ,2007.


_Leon Bolling_
**Captain Leon Bolling**
**Kilby Correctional Facility**


State of Alabama
Montgomery County
Sworn to and subscribed before me and under my hand and official seal this the 19th day of April, 2007.

**Betty S. Carr, Notary Public**
**My comm. expires 12-17-09.**

APR. 13, 2007                    BED HISTORY PROCESSING                    BEDRPT
                                 BED CHANGE LOG BY AIS #

-----MOVED-------                                          -------MOVED------

| DATE       | TIME     | AIS    | NAME         | FROM      | TO        |
|------------|----------|--------|--------------|-----------|-----------|
| 02/14/2007 | 16:21:19 | 138707 | HILL, BRUCE  | NO  BED   | D01 019 A |
| 02/16/2007 | 17:14:31 | 138707 | HILL, BRUCE  | D01 019 A | L01 006 A |
| 03/01/2007 | 08:34:15 | 138707 | HILL, BRUCE  | L01 006 A | L06 001 A |
| 03/13/2007 | 08:50:41 | 138707 | HILL, BRUCE  | L06 001 A | O06 001 A |

                              LAST PAGE    1

**INMATE REQUEST SLIP**

Name _BRUCE HILL_____ Quarters _L-6_ Date _3-2-06_

AIS # _138207_____

( ) Telephone Call          ( ) Custody Change          ( ) Personal Problem

( ) Special Visit           ( ) Time Sheet             ( ) Other _____

Briefly Outline Your Request - <u>Then Drop In Mail Box</u>

Approved for 30 Extra sheets of paper
one time only — Per Capt. Billing

Received 30 extra sheets of white
paper on 3-3-07.

X Bruce Hill #138207

<u>Do Not Write Below This Line</u> - **For Reply Only**

Capt. Ken Billing

( Approved )          Denied          Pay Phone          Collect Call

Request Directed To:  (<u>Check One</u>)

( ) Warden                         ( ) Deputy Warden          ( ) Captain

( ) Classification Supervisor      ( ) Legal Officer - Notary  ( ) Record Office
                                       Public

N176

**Kilby Law Library Segregation Request Form**    Date 2/21/2007     **SEG USE ONLY**

| | Print Name | AIS # | Cell/Bed # | Materials Requested | L. Kit | Car. |
|---|---|---|---|---|---|---|
| 1 | Bennett J. | 182153X | E-3 | West Digest 18 A ~~Gene~~ | 43384 arms |
| 2 | Bryant S. | 100825 | E-14 | 954 62 638. | |
| 3 | Spradley M. | 246125 | F-3 | Books + 530 so. 2d. | |
| 4 | Hatfield J. | 203215 | C-5 | R.O.C | |
| 5 | Miller E. | 249484 | E-14 | Fed. Crim. Code | |
| 6 | Ledbetter J. | 158326 | D-14 | R.O.C. | |
| 7 | Jackson J. | 128248 | D-16 | 754 F.2d + 558 so. 2d. | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | Hope L. | 181215 | L-5 | Fed Civ. & Pri. Sonez but. 2000 Sapp | |
| 11 | Hill B. | 138707 | L-6 | R.O.C. + New Sel. Release KC. | |
| 12 | | | | | |
| 13 | | | | | |
| 14 | | | | | |
| 15 | | | | | |
| 16 | | | | | |
| 17 | | | | | |
| 18 | | | | | |
| 19 | | | | | |
| 20 | | | | | |

REV. 8-2000

Seg: 7     P-1: 2     MH: —     Hosp: —     Law Clerk: C. Smith

Legal Kits: 2     Envelopes : 2     Paper: 8     Carbon: 2

**Kilby Law Library Segregation Request Form**   Date 3/2/2007   SEG USE ONLY

| | Print Name | AIS # | Cell/Bed # | Materials Requested | L. Kit | Car. |
|---|---|---|---|---|---|---|
| 1. | BENNETT J. | 142152 | E-3 | 13-A ; WEST 18 | | |
| 2. | JULLIUS L. | 234P45 | E-14 | 13-A ; 79 So. 362 | | |
| 3. | BRYANT S. | 100235 | E-14 | ILLEGAL ; | | |
| 4. | SPRADLEY M. | 246251 | E-3 | BLACKS ; 527 So.2d | | |
| 5. | WILLIAMS B. | 179442 | E-7 | ROC ; 441 So2d | | |
| 6. | MILLER L. | 24404P4 | E-14 | 101 LEO 2d ; 33 LEO 2d | | |
| 7. | LEDBETTER J. | 159226 | D-14 | 13-A ; ROC | | |
| 8. | JACKSON J. | 122248 | D-16 | ILLEGAL ; WEST 17 | | |
| 9. | | | | | | |
| 10. | HILL D. | 137107 | L-6 | DALEY ; Constitution | | |
| 11. | | | | | | |
| 12. | | | | | | |
| 13. | | | | | | |
| 14. | | | | | | |
| 15. | | | | | | |
| 16. | | | | | | |
| 17. | | | | | | |
| 18. | | | | | | |
| 19. | | | | | | |
| 20. | | | | | | |

REV. 8-2000

| Seg: ___ | P-1: ___ | MH: ___ | Hosp: ___ | Paper: ___ | Carbon: ___ |
|---|---|---|---|---|---|
| Legal Kits: ___ | Envelopes : ___ | | Law Clerk: ___ | | |

**Kilby Law Library Segregation Request Form**    Date 3/16/2007    SEG USE ONLY

| | Print Name | AIS # | Cell/Bed # | Materials Requested | L. Kit | Car. |
|---|---|---|---|---|---|---|
| 1. | Bennett, J. | 118153 | E-3 | ROC + Al Diget 25 | | |
| 2. | Judkins, K. | 237845 | E-14 | R.O.C. | | |
| 3. | Spardley, M | 246123 | F-3 | 527 So. 2d. | | |
| 4. | Miller, E. | 244454 | E-14 | 101 L. Ed. 22 | | |
| 5. | Woodall, S | 186039 | C-1 | 13 A   LK | | |
| 6. | Carter, G | 223409 | C-19 | R.O.C. | | |
| 7. | Ledbetter, J | 159226 | D-14 | 13 A | | |
| 8. | Jackson, J | 128248 | D-16 | 455 So. 2d + Black. | | |
| 9. | | | | | | |
| 10. | Hiv, B | 138107 | L-6 | U.S.C. 8th Amend + Wilson Right + Officer Richerson bough this Type + After I had made Law Library Call | | |
| 11. | B | | | | | |
| 12. | | | | | | |
| 13. | | | | | | |
| 14. | | | | | | |
| 15. | | | | | | |
| 16. | | | | | | |
| 17. | | | | | | |
| 18. | | | | | | |
| 19. | | | | | | |
| 20. | | | | | | |

Seg: 8   P-1: 1   MH: —   Hosp: —   Law Clerk:

Legal Kits: 10   Envelopes: 10   Paper: 28   Carbon: 48

C. Smith

REV 8-2000

**Kilby Law Library Segregation Request Form**

Date 3/18/2007    SEG USE ONLY

| | Print Name | AIS # | Cell/Bed # | Materials Requested | L. Kit | Car |
|---|---|---|---|---|---|---|
| 1. | BENNETT J. | 182152 | E-3 | WEST 17 ; BURKES | | |
| 2. | LUCKY D. | 245102 | E, 7 | 13-A | | |
| 3. | BRYANT S. | 100235 | E- 19 | 41 Fed | | |
| 4. | SPRADLEY M. | 241425 | E-3 | S27 S22d | | |
| 5. | FORD W. | 247572 | F-13 | 706 So2d | | |
| 6. | CARTER G. | 223404 | C- 14 | ROC | | |
| 7. | RAILLE A. | 250233 | D-13 | 13-A ; ROC | | |
| 8. | LEONETTE J. | 154826 | D-14 | 23-A ; T-15 | | |
| 9. | | | | | | |
| 10. | HILL D. | 137707 | L-6 | 722 Fed ; 740 Fed | | |
| 11. | | | | | | |
| 12. | | | | | | |
| 13. | | | | | | |
| 14. | | | | | | |
| 15. | | | | 13 Burkes | | |
| 16. | | | | | | |
| 17. | | | | | | |
| 18. | | | | | | |
| 19. | | | | | | |
| 20. | | | | | | |

Seg: 2    P-1: 1    MH:    Hosp:    Law Clerk:

Legal Kits:    Envelopes: 1    Paper:    Carbon:

REV. 8-2000

## Kilby Law Library Segregation Request Form

Date: 3 / 12 / 2007      SEG USE ONLY

| Print Name | AIS # | Cell/Bed # | Materials Requested | L. Kit | Car |
|---|---|---|---|---|---|
| 1. Bennett, J. | 183152 | E-3 | 25g 6.3d + Al Digest 13 | | |
| 2. Judkins, K | 234845 | E-14 | 13 A | | |
| 3. Bryant, S. | 100235 | E-19 | 776 + 874 So.2d | | |
| 4. Monaghan, B. | 155526 | C-8 | 13 A + P.O.C. | | |
| 5. Carter, J | 223409 | C-19 | 23 A + Address (N Car) | | |
| 6. Bottle, A. | 250833 | D-13 | 13 A + R.O.C. | | |
| 7. Ledbetter, J. | 159326 | D-14 | Two forma Pap | | |
| 8. Jackson, J. | 128248 | D-16 | 13 A + Al Digest 20 | | |
| 9. | | | | | |
| 10. Hill, B | 138707 | L-6 | 5 L Ed 2w + 713 F Supp | | |
| 11. Hill, B (dupe) | 138707 | L-4 | Fed Cw Pro, ROE | | |
| 12. | | | | | |
| 13. | | | | | |
| 14. | | | | | |
| 15. | | | | | |
| 16. | | | | | |
| 17. | | | | | |
| 18. | | | | | |
| 19. | | | | | |
| 20. | | | | | |

Seg: 8    P-1: 01    MH: —    Hosp: —    Law Clerk: C. Smith

Legal Kits: 4    Envelopes: 4    Paper: No    Carbon: 4

REV. 8-2000

**Kilby Law Library Segregation Request Form**     Date 3 26 2007     SEG USE ONLY

| # | Print Name | AIS # | Cell/Bed # | Materials Requested | L. Kit | Car. |
|---|---|---|---|---|---|---|
| 1. | Anderson, M | 189119 | E-15 | 561 So 2d + 152 L Ed 2d | | |
| 2. | Bryant, S. | 100235 | E-19 | 878 + 776 So 2d | | |
| 3. | Phillips, B. | 218779 | E-1 | 446 + 489 So 2d | | |
| 4. | Spradley, M | 246125 | E-3 | 700 So 2d | | |
| 5. | Bennett, J | 182152 | C-25 | ~~708 So 2d 158 L Ed~~ 158 L Ed | | |
| 6. | Ledbetter, | 159326 | D-3 | 218 D + T-15 | ✓ | |
| 7. | | | | | | |
| 8. | Bottle, A. | 250233 | L-3 | Address of R.O.C. | | |
| 9. | Hill, B | 137707 | L-6 | R.O.C., Fed Law | ✓ | |
| 10. | | | | | | |
| 11. | | | | | | |
| 12. | | | | | | |
| 13. | | | | | | |
| 14. | | | | | | |
| 15. | | | | | | |
| 16. | | | | | | |
| 17. | | | | | | |
| 18. | | | | | | |
| 19. | | | | | | |
| 20. | | | | | | |

Seg: 6     P-1: 1     MH: —     Hosp: —     Law Clerk: C Smith

Legal Kits: 30     Envelopes: 30     Paper: 120     Carbon: 20

REV. 8-2000

# KILBY LAW LIBRARY SEGREGATION REQUEST FORM

DATE 4 / 9 / 2007

| | Print Name | AIS # | Cell # | Materials Requested | Materials Delivered |
|---|---|---|---|---|---|
| 1 | McKinley W | 190644 | E-5 | R.O.C. 4 T-15 | Same |
| 2 | Bryant, S. | 100235 | E-19 | 502 So. 2d. | '' |
| 3 | Hatfield, J. | 222315 | E-3 | App. Package 4 R.O.C | '' |
| 4 | Jones, J. | 214274 | E-4 | Fed. Crim. | '' |
| 5 | Monoghan, B | 155526 | C-8 | 512 4 587 So. 2d | '' |
| 6 | Hayes, J. | 137004 | D-13 | 780 4 678 So. 2d | '' |
| 7 | | | | | '' |
| 8 | Burton, A. | 136983 | L-1 | Reg. 433 4 76 F. 3d. 4 LKC | '' |
| 9 | Hill, B | 138707 | O-6 | Bonds V Smith 4 Ariz Dept Correct V Casey | '' |
| 10 | | | | | |
| 11 | | | | | |
| 12 | | | | | |
| 13 | | | | | |
| 14 | | | | | |
| 15 | | | | | |
| 16 | | | | | |
| 17 | | | | | |
| 18 | | | | | |
| 19 | | | | | |
| 20 | | | | | |

Seg : 6  L: 1  Envelopes: 64  O: 1  Paper: 256  P:  Carbon: 10  Comments:

Legal Kits: 64

Law Clerk Signature C. Smith

# KILBY LAW LIBRARY SEGREGATION REQUEST FORM

DATE 4/11/2007

| | Print Name | AIS# | Cell# | Materials Requested | Materials Delivered |
|---|---|---|---|---|---|
| 1 | Bryant S. | 100035 | E-19 | 4/23 So. 2d. & T-15 | Same |
| 2 | Jones, J | 249074 | E-4 | R.O.C. & Blacks | " |
| 3 | Thompson I | 247044 | E-16 | 13A | " |
| 4 | Jones F. | 194483 | C-26 | Self-Defense | " |
| 5 | Ledbetter, J | 158226 | D-3 | 23A & T-4 | " |
| 6 | | | | | |
| 7 | Burton A. | 136983 | L-1 | 403 | " |
| 8 | ~~Hope~~ Hope L. | | L-6 | Address | " |
| 9 | Hill B | 135767 | O-6 | Address 612 F 2d. | " |
| 10 | | | | | |
| 11 | | | | | |
| 12 | | | | | |
| 13 | | | | | |
| 14 | | | | | |
| 15 | | | | | |
| 16 | | | | | |
| 17 | | | | | |
| 18 | | | | | |
| 19 | | | | | |
| 20 | | | | | |

Seg: 5    L: 2    O: 1    P: ——

Legal Kits: O    Envelopes: O    Paper: O    Carbon: O

Law Clerk Signature: C. Smith    Comments:

April 11, 2007

Information request for inmate Bruce Hill, #138707, O-6

We are unable to find an IRS address in Etowah County or in Jefferson County. The following is the IRS address in Washington, DC.

Internal Revenue Service
1111 Constitution Ave. NW
Washington, DC 20224

We are unable to find an address for the Small Business Administration in either Etowah or Jefferson Counties. The following is the address for the U.S. Department of Commerce which includes the Small Business Administration.

U. S. Department of Commerce
5858 Herbert Clark Hoover Bldg.
14th St. and Constitution Ave NW
Washington, DC 20230

We are unable to find an address for the FBI in Etowah County, however they do have an office in Birmingham. The following is their address.

Federal Bureau of Investigation
Ms. Carmen S. Adams, Special Agent in Charge
1000 18th St. N
Birmingham, AL 35203



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Bruce Lamar Hill, 138707
PLAINTIFF

                               CIVIL ACTION: 2:07 CV-266-WKW
VS                                     AMENDED
Officer Barnes, et.al.
     DEFENDANT

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared Leon Bolling who being know to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Leon Bolling, and I am presently employed as a Correctional Captain with the Alabama Department of Corrections, Kilby Correctional Facility, Mt. Meigs, Alabama. I am over nineteen (19) years of age.

Inmate Bruce Hill, BM, 138707, was moved to O – Unit Cell #6 by Sgt. William Streeter, Segregation Commander on 3-13-07. I was never informed nor was it reported to me verbally or in writing by Inmate Hill that his cell lights had been left on 24 hours per day for 34 days straight as Inmate Hill stated in this complaint. I never laughed and responded "aren't you suing us now" and walked out of the unit.

There is one officer assigned to O - Block 24 hours a day and a second officer is assigned when the inmates are out of their cells for appointments, exercise, etc.

Inmate Hill then goes on to state in his complaint that he is being confined in a "primitive cave man cell that is a dark black hole CAVE." Every cell in the prison has a low wattage security light in it that automatically comes on when the two overhead light fixtures are turned off at IO PM.

O - Block has two fluorescent ceiling light fixtures containing two (2) 40 W bulbs each that are turned on during day light hours and during breakfast feeding hours. When these two sets of overhead fluorescent lights are turned off in all the cells at app. IO:00 PM, then a tiny dim fluorescent night/security light fixture app. 6 " long and 2  " wide comes on which allows the officers to see inside the cells during the night. This app. 15 watt light fixture will remain on until the next morning when the larger fluorescent lights are turned on for the breakfast feeding and stay on until app. 10 PM that night.

I have no knowledge of inmate Hill's medical condition that he has as stated in his

1

complaint regarding high blood pressure, bifocal glasses and emotional stress.

Inmate Hill's constitutional rights have not been violated by me in any manner.

The above information is true and correct to the best of my knowledge.

_Leon Bolling_

Captain Leon Bolling
Kilby Correctional Facility

State of Alabama
Montgomery County

Sworn to and subscribed before me and under my hand and official seal this the 16th day of May, 2007.

_Betty S. Carr_

Betty S. Carr, Notary Public
My comm. expires 12-17-09.

2

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTICT OF ALABAMA
NORTHERN DIVISION

BRUCE LAMAR HILL #138707    )
    Plaintiff,    )
                        )
VS.    )    CIVIL ACTION NO. 2:07-CV-266-WKW
                        )
OFFICER CLARENCE HALL, et al.    )
    Defendant.

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large,

personally appeared Officer Clarence Hall who, being known to me and being by me first duly sworn, deposes and

says on oath as follows:

My name is Clarence Hall. I am presently employed as a Correctional Officer with the Alabama

Department of Corrections, Kilby Correctional Facility, Mt. Meigs, Alabama. I am over nineteen years of age.

On March 13, 2007, I, Officer Clarence Hall was assigned to Hospital Rover when Bruce Hill B/138707

informed me (Hall) that he (Hill) would like to speak with a Supervisor. At that time, I radioed for Sgt. Allan Smith

to report to O-Dorm Cell #6. Sgt. Smith reported to O-Dorm and informed me (Hall) to exchange the mattress for

Bruce Hill. At no time was inmate Hill's rights violated.

Clarence Hall, Correctional Officer

Kilby Correctional Facility

STATE OF ALABAMA    )

MONTGOMERY COUNTY   )

SWORN TO AND SUBSCRIBED BEFORE ME AND GIVEN UNDER MY HAND THIS THE 26th DAY OF Apr. 2007

NOTARY PUBLIC

My Commission Expires: 12-15-2009

**EXHIBIT**

**6**

PENGAD 800-631-6989

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTICT OF ALABAMA
NORTHERN DIVISION

EXHIBIT
7

BRUCE LAMAR HILL #138707        )
    Plaintiff,                  )
                               )
VS.                            )        CIVIL ACTION NO. 2:07-CV-266-WKW
                               )
OFFICER CLARENCE HALL, et al.   )
    Defendant.                  )

### A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared Officer Clarence Hall who, being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Clarence Hall. I am presently employed as a Correctional Officer with the Alabama Department of Corrections, Kilby Correctional Facility, Mt. Meigs, Alabama. I am over nineteen years of age.

On March 13, 2007, I, Officer Clarence Hall was assigned to Hospital Rover. I have no knowledge of the cell lights being on consistently in O-Block cell #6.

Clarence Hall, Correctional Officer

Kilby Correctional Facility

STATE OF ALABAMA        )

MONTGOMERY COUNTY    )

SWORN TO AND SUBSCRIBED BEFORE ME AND GIVEN UNDER MY HAND THIS THE 10th DAY OF May 2007

NOTARY PUBLIC

My Commission Expires: 03-15-2009

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTICT OF ALABAMA
NORTHERN DIVISION

```
EXHIBIT
8
```

BRUCE LAMAR HILL #138707           )
    Plaintiff,                            )
                        )
VS.                                         )        CIVIL ACTION NO. 2:07-CV-266-WKW
                        )
OFFICER IRVIN HARRIS
    Defendant.

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large,

personally appeared Officer Irvin Harris being known to me and being by me first duly sworn, deposes and says on

oath as follows:

My name is Irvin Harris. I am presently employed as a Correctional Officer with the Alabama Department

of Corrections, Kilby Correctional Facility, Mt. Meigs, Alabama. I am over nineteen years of age.

On March 13, 2007, I, Officer Harris was assigned as the O-Dorm Officer. Inmate Bruce Hill B/138707

was assigned to O-Dorm Cell #6. At no time did inmate Hill inform me (Harris) that urine was on the mattress

while he (Hill) was assigned to cell #6.


                                                    Irvin Harris, Correctional Officer

                                                    Kilby Correctional Facility

STATE OF ALABAMA    )

MONTGOMERY COUNTY  )

SWORN TO AND SUBSCRIBED BEFORE ME AND GIVEN UNDER MY HAND THIS THE 19th DAY OF April ,2007

                                                   Cynthia Butler

                                                    NOTARY PUBLIC

                                                    My Commission Expires: 12-15-09

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTICT OF ALABAMA
NORTHERN DIVISION

EXHIBIT
**9**

BRUCE LAMAR HILL #138707          )
     Plaintiff,                              )
                           )
VS.                                          )          CIVIL ACTION NO. 2:07-CV-266-WKW
                           )
OFFICER WILLIE JACKSON, et al.      )
     Defendant.                             )

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large,

personally appeared Officer Willie Jackson who, being known to me and being by me first duly sworn, deposes and

says on oath as follows:

My name is Willie Jackson. I am presently employed as a Correctional Officer with the Alabama

Department of Corrections, Kilby Correctional Facility, Mt. Meigs, Alabama. I am over nineteen years of age.

On February 16, 2007, I, Officer Jackson was assigned to L-Block. At approximately 7:30 p.m., I, was

conducting routine cell cleaning of all cells on L-Block. At that time, I (Jackson) gave inmate Bruce Hill B/138707

cleaning supplies to include- (1) mop, (1) broom, bleach and disificant to clean his (Hill) cell, L-Block cell #6.

At no time did I observe feces on the floor, wall or toilet during my tour of duty.

Willie Jackson, Correctional Officer

Kilby Correctional Facility

STATE OF ALABAMA          )

MONTGOMERY COUNTY    )

SWORN TO AND SUBSCRIBED BEFORE ME AND GIVEN UNDER MY HAND THIS THE _14th_ DAY OF _Apri_ ,2007

NOTARY PUBLIC

My Commission Expires 12-15-09

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTICT OF ALABAMA
NORTHERN DIVISION

<table>
<tr><td>PENGAD 800-631-6989</td><td>EXHIBIT</td></tr>
<tr><td></td><td>10</td></tr>
</table>

BRUCE LAMAR HILL #138707          )
    Plaintiff,                             )
                            )
VS.                                              )          CIVIL ACTION NO. 2:07-CV-266-WKW
                            )
OFFICER WILLIE JACKSON, et al.       )
    Defendant.                            )

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large,

personally appeared Officer Willie Jackson who, being known to me and being by me first duly sworn, deposes and

says on oath as follows:

My name is Willie Jackson. I am presently employed as a Correctional Officer with the Alabama

Department of Corrections, Kilby Correctional Facility, Mt. Meigs, Alabama. I am over nineteen years of age.

On March 13, 2007, I, Officer Willie Jackson was assigned to L-Block. I have no knowledge of the lights

in O-Dorm, Cell #6 being left on consistently.

_Willie Jackson_ COI
Willie Jackson, Correctional Officer

Kilby Correctional Facility

STATE OF ALABAMA    )

MONTGOMERY COUNTY  )

SWORN TO AND SUBSCRIBED BEFORE ME AND GIVEN UNDER MY HAND THIS THE _10th_ DAY OF _May_, 2007

_Cynthia M. Butler_
NOTARY PUBLIC

My Commission Expires: _12-15-2009_

IN THE CIRCUIT COURT
OF MONTGOMERY COUNTY

EXHIBIT
11

BRUCE HILL, #138707                    )

     PLAINTIFF                         )

                                              CIVIL ACTION NO.
VS                                     )    2:07-CV-266-WKW

KILBY CORRECTIONAL FACILITY    )

     DEFENDANT                        )

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared Officer Nathaniel McCray who being known to me being by me first duly sworn, deposes and says on oath as follows:

My name is Nathaniel McCray, and I am presently employed as a Correctional Officer with the Alabama Department of Corrections, Kilby Correctional Facility, Mt. Meigs, Alabama. I am over nineteen (19) years of age.

I received the plaintiff's allegations and deny that I have violated any of inmate Bruce Hill's B/138707 rights. On March 13, 2007, Inmate Hill alleges that Sgt. William Streeter would not allow me, Officer McCray, to exchange a mattress. On March 13, 2007, I, Officer McCray (O-dorm officer) informed Sgt. Streeter that inmate Hill wanted to talk with him. Inmate Hill became disruptive, argumentative and belligerent towards Sgt. Streeter about being assigned to O-dorm. Sgt. Streeter instructed Officer Michael Rowe (O-Rover), to place inmate Hill back in his assigned cell O-dorm cell #6. At know time did Sgt. Streeter not allow me, Officer McCray to exchange inmate Hill's mattress. At know time did I, Officer McCray request a mattress change for inmate Hill. The allegations inmate Hill has stated are false.

*CO Nathaniel McCray*
Correctional Officer, Nathaniel McCray
**Kilby Correctional Facility**

1

Page 2

State of Alabama
Montgomery County

Sworn to and subscribed before me and under my hand and official seal this the 24th day
of April, 2007.

_____
Notary Public
My comm. expires'. May 28, 2007

2

IN THE CIRCUIT COURT
OF MONTGOMERY COUNTY

EXHIBIT

1a

BRUCE HILL, #138707              )

    PLAINTIFF              )

                                   CIVIL ACTION NO.
VS                              )    2:07-CV-266-WKW

KILBY CORRECTIONAL FACILITY   )

    DEFENDANT              )

### A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared Officer Michael Rowe who being known to me being by me first duly sworn, deposes and says on oath as follows:

My name is Michael Rowe, and I am presently employed as a Correctional Officer with the Alabama Department of Corrections, Kilby Correctional Facility, Mt. Meigs, Alabama. I am over nineteen (19) years of age.

I received the plaintiff's allegations and deny that I have violated any of inmate Bruce Hill's B/138707 rights. On March 13, 2007, Inmate Hill alleges I, Officer Rowe, placed him (Hill) in O-dorm cell#6, with a torn mattress that smelled like urine. I, Officer Rowe did a routine cell inspection on O-dorm cell#6, before placing inmate Hill inside the cell. The mattress and cell were clean. The allegations inmate Hill has stated are false.

_____
**Correctional Officer, Michael Rowe**
**Kilby Correctional Facility**

1

**Page 2**

**State of Alabama**
**Montgomery County**

Sworn to and subscribed before me and under my hand and official seal this the _14th_ day of _April_, 2007.

_Cynthia M. Butler_
Notary Public
My comm. expires _12-15-2009_

2

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTICT OF ALABAMA
NORTHERN DIVISION

EXHIBIT
13

BRUCE HILL, #138707          )
    Plaintiff,          )
                )
VS.          )          CIVIL ACTION NO. 2:07-CV-266-WKW
                )
SERGEANT, WILLIAM STREETER, et al.    )
    Defendants.

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama

at large, personally appeared William Streeter who, being known to me and being by me first duly sworn,

deposes and says on oath as follows:

My name is William Streeter. I am presently employed as a Correctional Sergeant with the

Alabama Department of Corrections, Kilby Correctional Facility, Mt. Meigs, Alabama. I am over (19)

nineteen years of age. I have reviewed the Plaintiff's allegations and I deny that I have violated any of

inmate Bruce Hill's B/138707 rights. Inmate Hill alleges, I received written complaints from him

concerning raw sewage in the shower area, excessive lighting, noise, and him being denied access to the

Law Library while assigned to L-Block cell #6. Inmate Hill stated feces were on the walls, floor and toilet

areas upon him being assigned to L-block. Inmate Hill also stated, I used abusive language and made

threats towards him. The allegations inmate Hill has stated are false. I have never received any written

complaints from inmate Hill. I, Sgt. Streeter have never used any abusive language or threaten inmate

Hill. Inmate Hill states L-block and O-dorm are Mental Health Units. Kilby Correctional Facility does not

have a Mental Health Unit. L-block and O-dorm are annexes to Kilby Segregation unit. Inmate Hill states

he was given a torn and smelly mattress by CO's Otis Barnes and Michael Rowe. Per Kilby Sop's, all

CO's are required to do a routine cell inspection each time an inmate is placed in the Segregation Unit or

is moved from one cell to another.

I, further certify that on March 13, 2007, at approximately 10:45 a.m., I, Sgt. William Streeter, was conducting Segregation rounds. CO Nathaniel McCray informed Sgt. Streeter that inmate Hill wanted to talk to me (Sgt. Streeter). Sgt. Streeter entered O-Dorm's exercise yard where inmate Hill was walking. Inmate Hill approached Sgt. Streeter and stated "what is this, why am I down here." Inmate Hill also stated, "I'm going to show you these white folks don't care about you nigga's." Sgt. Streeter attempted to counsel inmate Hill about his behavior with negative results. At approximately 10:46 a.m., Sgt. Streeter gave inmate Hill a direct order to start back walking on the yard. Inmate Hill replied with the order given and stated, "I'm going to do what I got to do. "I'm going to get from back here." "I don't care if it takes tearing up that cell". Sgt. Streeter informed inmate Hill that destruction of state property will not be tolerated and a cell extraction would take place if necessary. Inmate Hill immediately stopped walking and returned to Sgt. Streeter presence and stated, "If they put me and you in a cell together, I will kill you". Sgt. Streeter verbally reprimanded inmate Hill and ordered CO Rowe to escort inmate Hill back to his assigned cell O-6. Inmate Hill continued to yell in obscenities and stated "I don't give a fuck about a disciplinary, I got (117) one hundred and seventeen of them. At approximately 11:10 a.m., Sgt. Streeter reported the incident to Capt. Leon Bolling. Disciplinary action was initiated against inmate Hill for Rule Violations #44-Threats, #56-Failure to Obey a Direct Order, and #57-Insubordination.

Sergeant, William Streeter

Kilby Correctional Facility

STATE OF ALABAMA          )

MONTGOMERY COUNTY    )


SWORN TO AND SUBSCRIBED BEFORE ME AND GIVEN UNDER MY HAND THIS THE _20_ DAY OF _April_ ,2007

_Betty A Cax_

NOTARY PUBLIC

My Commission Expires: _12-17-09_

IN THE CIRCUIT COURT
OF MONTGOMERY COUNTY

EXHIBIT
14

| | |
|---|---|
| BRUCE HILL, #138707 | ) |
| PLAINTIFF | ) |
| VS | ) |
| KILBY CORRECTIONAL FACILITY | ) |
| DEFENDANT | ) |

CIVIL ACTION NO.
2:07-CV-266-WKW

### A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared Sgt. William Streeter who being known to me being by me first duly sworn, deposes and says on oath as follows:

My name is William Streeter, and I am presently employed as a Correctional Sergeant with the Alabama Department of Corrections, Kilby Correctional Facility, Mt. Meigs, Alabama. I am over nineteen (19) years of age.

I received the plaintiff's allegations and deny that I have violated any of inmate Bruce Hill's B/138707 rights. On May 1, 2007, I, Sgt. Streeter never received any written complaints from inmate Hill concerning these allegations. The allegations inmate Hill has stated are false.

Correctional Sergeant, William Streeter
Kilby Correctional Facility

Page 1

1

State of Alabama
Montgomery County

Sworn to and subscribed before me and under my hand and official seal this the _18_ day
of _May_, 2007.

_____
Notary Public
My comm. expires

**Page 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION



BRUCE LAMAR HILL, 138707
PLAINTIFF

CIVIL ACTION: 2:07-CV-266-WKW

VS
AL DEPT. OF CORRECTIONS, ET.AL.
        DEFENDANT

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared W. G. Rowell who being know to me and being by me first duly sworn, deposes and says on oath as follows:

My name is W. G. Rowell, and I am presently employed as a Warden II with the Alabama Department of Corrections, Kilby Correctional Facility, Mt. Meigs, Alabama. I am over nineteen (19) years of age.

Inmate Bruce Hill was received at Kilby Correctional Facility on 2-14-07 from Limestone Correctional Facility. The transfer orders from the ADOC Transfer Agents Division indicated that Inmate Hill was being transferred to Kilby Correctional Facility Receiving and Reclassification Facility for Federal Court and was to be confined to a single cell during his confinement at Kilby.

A review of Inmate Hill's institutional file revealed that Inmate Hill had been reclassified while incarcerated at Limestone Correctional Facility to Admin. Seg. Medium custody on 2-2-07 for assaulting another inmate, and his hostile and argumentative behavior towards the Institutional Re-Classification Board. The ADOC Central Review Board makes the final decision on the recommendations from the Institutional Re-Classification Board. The ADOC Central Review Board over-rode the recommendation from Limestone's Re-Class Board and increased Inmate Hill's custody to CLOSE at a maximum camp at Donaldson, St. Clair or Holman Correctional Facility. The final paperwork was received at Kilby on 3-19-07.

I, Warden II Rowell, did receive 2 notes from Inmate Hill regarding his cell conditions while assigned to the Segregation Unit. Captain Bobby Barrett is the supervisor over all single cells at Kilby Correctional Facility. Using normal procedure, I referred these two notes for Captain Barrett's review to determine if there was any

1

validity to the allegations.  The officers are required to inspect a segregation cell prior to placement and when removing an inmate from a cell.  If any problems were found to exist, Captain Barrett is responsible to get with his segregation supervisor(s), Sgt.  William Streeter, and have them corrected.

I have not violated Inmate Hill's constitutional rights in any manner.

Warden II W. G. Rowell

Kilby Correctional Facility


State of Alabama
Montgomery County
Sworn to and subscribed before me and under my hand and official seal this the 19th day of April, 2007.

Betty S. Carr, Notary Public
My comm. expires 12-17-09.

2

# A F F I D A V I T

**BRUCE LAMAR HILL, 138707**
**PLAINTIFF**

CIVIL ACTION: 2:07-CV-266-WKW

**VS**

**AL DEPT. OF CORRECTIONS, ET.AL.**
**            DEFENDANT**


## STATE OF ALABAMA
## MONTGOMERY COUNTY

I, W. G. Rowell, hereby certify and affirm that I am a Warden II at Kilby Correctional Facility; that I am one of the custodians of the inmate institutional records at this institution; that the attached documents are true, exact, and correct photo-copies of certain original documents maintained here in the institutional files; and that I am over the age of nineteen (19) years and am competent to testify to the aforesaid documents and matters stated therein.

I further certify and affirm that said documents are maintained in the usual and ordinary course of business at the Kilby Correctional Facility; and that said documents (and the entries therein) were made at, or reasonably near the time that such acts, events, and transactions referred to therein are said to have occurred.

This, I do hereby certify and affirm to on the 19th day of April, 2007.

Warden II W. G. Rowell
Kilby Correctional Facility

State of Alabama
Montgomery County
Sworn to and subscribed before me and under my hand and official seal this the 19th day of April, 2007.

Betty S. Carr, Notary Public
My comm. expires 12-17-09.

3

RECLASS

ALABAMA DEPARTMENT OF CORRECTIONS - PROGRESS REVIEW FORM - FEBRUARY
================================(COU122)================================

AIS #: 00136707A    SSN: 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    RACE/SEX:  B/M    DATE OF BIRTH:
NAME: HILL, BRUCE    CUSTODY:  MED9    SECURITY LEVEL: 4
INST: LIMESTONE CORRECTIONAL CENTE    TIME SRVD:  21Y07M07 LAST DISC:
CRME: RECV STOLEN PROPERTY II    MIN REL DT: 05/29/2061  ACTIVE DEC:

DISC: ASSAULT ON ANOTHER INMATE    PRL CONS:    09/01/2007 EDUCAT LEV:

WL/PGM:  Med Squad #8    PRIM OCCUP:LABORER - GENERAL

RECOMMENDED INSTITUTION:    Holman CF/St. Clair CF    RECOMMENDED

JUSTIFICATION:    Inmate Hill is being reclassed due to his continued negative
and assaultive behavior.  Hill recently assaulted another inmate, striking hi
with his fists, because he disagreed with the method he used to clean the
bathroom.  When a third inmate tried to break up the fight, Hill attempted
to strike him as well.  During this incident, Hill ignored the repeated
orders from officers to cease fighting.  He continued to assault the inmate
until he was subdued by force.  He was subsequently found guilty of an
Assault on Another Inmate.  During the hearing, as he was being told the
findings of the Hearing Officer, Hill became hostile and argumentative and
stated "this woman has fucked me up!" (cont. Sgt next page)

I CERTIFY ENEMY LIST WAS REVIEWED AND UPDATED:

PSYCHOLOGIST/PSYCHOLOGIST'S ASSOC.    DATE    WARDEN OR DESIGNEE

CLASSIFICATION COORDINATOR    DATE

CENTRAL REVIEW BOARD ACTION

X    APPROVED    DENIED; DIVERTED TO:    REASONS:

notice for close. HP/StCF

CRB MEMBER    DATE

APPROVED    DENIED; DIVERTED TO:    REASONS:

CRB MEMBER

APPROVED    DENIED; DIVERTED TO:    REASONS:

CRB MEMBER

FINAL DECISION: INST    CUSTODY    DATE

DATE INMATE INFORMED    INMATE'S SIGNATURE:

*Inmate Tyler, Albert B/m AIS#145971C has A enemy in Kilby PP. His name is Allison, Michael B/m AW# 134068. Inmate Allison Sleepin H 01072A and wash at the Print Shop 7gl only.

D A I L Y   I N M A T E   T R A N S F E R S
GAINING INSTITUTION
DATE: 02/13/2007        017    RCC        2007-0226        COU009

LOSING

| CODE | INSTITUTION | AIS NBR | INMATE NAME | R | CUSTDY | REASON |
|------|-------------|---------|-------------|---|--------|--------|
| 024 | LIMESTONE CORR | 00138707A | HILL, BRUCE | B | MED9 | SC FED CT |
| 043 | VENTRESS CORR. | 00180351A | SMITHSON, DAVID LEE | W | MIN5 | FOR STC |
| 064 | C'BURG BOOT CP | 00247197 | FRENCH, MONTESE | B | CDR3 | OTW |
| 207 | BUTLER | 00250886S | LLOYD, ROBERT | B | OTW9 | OTW   MH |
| 219 | COOSA | 00228847A | COOPER, JONATHAN | B | OTW2 | OTW |
| 219 | COOSA | 00173373B | HALFORD, MICHAEL | W | OTW3 | OTW |
| 219 | COOSA | 00250678 | PEARSON, JESSE DAVID | W | OTW3 | OTW |
| 219 | COOSA | 00145971C | TYLER, ALBERT  *enemy PP | B | OTW2 | OTW  Sc enemy in PP |
| 227 | ESCAMBIA | 00220141A | BUTTS, DANNY | W | OTW5 | OTW |
| 227 | ESCAMBIA | 00200235B | KENDALL, SHANE | W | OTW5 | OTW |
| 227 | ESCAMBIA | 00250408 | LEE, SCOTT WILLIAM | W | OTW4 | OTW |
| 227 | ESCAMBIA | 00250615 | WESLEY, CHARLES TYREL | B | OTW3 | OTW |
| 235 | HOUSTON | 00200753S | DOYLE, CHRISTIAN NOEL | W | OTW5 | OTW |
| 235 | HOUSTON | 00152747B | HALL, JOHNATHAN | B | OTW2 | OTW |
| 235 | HOUSTON | 00249136 | MOSLEY, TIMOTHY JERMA | B | OTW3 | OTW |
| 235 | HOUSTON | 00162774S | RICHARDS, CARL | B | R2RP | PV |
| 235 | HOUSTON | 00174470A | THOMAS, FREDDIE CHARL | B | E5RE | SUICIDAL |
| 238 | LAMAR | 00246279 | WASHINGTON, REGINAL | B | OTW5 | OTW |
| 239 | LAUDERDALE | 00224394A | CONNIE, KENNETH | B | E5RE | ESCAPEE |
| 239 | LAUDERDALE | 00249846 | HOLLANDER, RONALD EUG | W | OTW3 | OTW |
| 239 | LAUDERDALE | 00143048A | THOMAS, TIMOTHY GLENN | W | OTW4 | OTW |
| 254 | PICKENS | 00228355S | ARMSTRONG, JEFFERY | B | OTW5 | OTW |
| 254 | PICKENS | 00161361S | HOOD, ALBERT | B | OTW5 | OTW |
| 254 | PICKENS | 00196001S | MULLINS, JERALD | B | OTW5 | OTW |
| 261 | TALLADEGA | 00143695S | SAILORS, EDDIE D | W | OTW9 | OTW |
| 261 | TALLADEGA | 00250861S | TAYLOR, JOHNNY | B | OTW7 | OTW |
| 262 | TALLAPOOSA | 00151137C | GREEN, RODNEY WAYNE | W | OTW5 | OTW |
| 262 | TALLAPOOSA | 00250698S | THOMAS, FREDRICK | B | OTW5 | OTW |
| 265 | WASHINGTON | 00250491 | STINSON, EDWARD WAYNE | W | OTW4 | OTW |
| 296 | PAROLE VIOLATO | 00211127 | FINKLEA, FERNANDO LAM | B | RECA | PV Escambia |
| 296 | PAROLE VIOLATO | 00153928B | SWANIGAN, WILLIE | B | RCPV | PV Lamar |
| 610 | FLORIDA | 00152624 | PARKER, ANTHONY LOPEZ | B | RCPV | PV Coming on 2/15/07 |

GAINING INST

| 004 | DRAPER CORR. | 00250368 | CAREY, TIMOTHY LAMAR | W | MED3 | SPEC ED |
| 004 | DRAPER CORR. | 00250527 | DANIELS, ALFONZO P | B | MED5 | TS |
| 004 | DRAPER CORR. | 00250111 | MITCHELL, RODNEY DERR | W | MED5 | SPEC ED |
| 010 | RED EAGLE H.F. | 00156190A | ANDERSON, ANTHONY DEL | B | MIN3 | INST TRN |
| 012 | FRANK LEE Y.C. | 00232143A | BEUK, SCOTT | W | MIN5 | SAP/ON PROPE |
| 012 | FRANK LEE Y.C. | 00249769 | MORRISON, JONATHON AL | W | MIN3 | SAP |
| 023 | MONTG PRE-REL | 00250219 | AVERY, BRENT LASHON | B | MIN2 | INST TRN |
| 024 | LIMESTONE CORR | 00242221 | FLOWERS, LOUIE EARNES | W | MED2 | SAP |
| 024 | LIMESTONE CORR | 00250288 | GRAVES, BOBBIE ALLEN | W | MED5 | SAP |
| 024 | LIMESTONE CORR | 00142556R | KIMBLE, ROY J JR | W | MED9 | PC |
| 024 | LIMESTONE CORR | 00138600R | MCCLELLAN, CHARLES ED | W | MED9 | INST TRN |
| 024 | LIMESTONE CORR | 00245221 | RAINWATER, TIMOTHY SH | W | MED2 | INST TRN |
| 037 | BIBB COUNTY | 00172050B | EZELL, SHAUN | B | MED5 | INST TRN |
| 037 | BIBB COUNTY | 00236172A | PHILLIPS, LYNDON MONT | W | MED5 | INST TRN |
| 037 | BIBB COUNTY | 00249980 | POWELL, KEITH SIRRELL | B | MED9 | INST TRN |
| 040 | W.E. DONALDSON | 00144991X | BRUNSON, ALBERT | B | MED9 | POP |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION



EXHIBIT
16

Bruce Lamar Hill, 138707
**PLAINTIFF**

CIVIL ACTION: 2:07 CV-266-WKW
AMENDED

**VS**
Officer Barnes, et.al.
     **DEFENDANT**

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared W. G. Rowell who being know to me and being by me first duly sworn, deposes and says on oath as follows:

My name is W. G. Rowell, and I am presently employed as a Warden II with the Alabama Department of Corrections, Kilby Correctional Facility, Mt. Meigs, Alabama. I am over nineteen (19) years of age.

Inmate Bruce Hill, BM, 138707, was moved to O–Block, Cell #6 by Sgt. William Streeter, Segregation Commander on 3-13-07.

There is one officer assigned to O-Block 24 hours a day and a second officer is assigned when the inmates are out of their cells for appointments, exercise, etc. Captain Bobby Barrett has answered every one of the Plaintiff's requests.

Inmate Hill then goes on to state in his complaint that he is being confined in a "primitive cave man cell that is a dark black hole CAVE." O-Block is well ventilated and located in the Medical end of the Institution which is air-conditioned and not hot. At one time it was the mental health lock down before they were moved to Bullock Correctional Facility. Now it is a part of the regular segregation cells. Every cell in the prison has a low wattage security light in it that automatically comes on when the two overhead light fixtures are turned off at 10 PM.

O-Block has two fluorescent ceiling light fixtures turned on during day light hours and during breakfast feeding hours. When these fluorescent lights are turned off in all the cells at app. 10:00 PM, then a tiny dim fluorescent night/security light comes on which allows the officers to see inside all segregation cells during the night for security purposes.

1

I have no knowledge of inmate Hill's medical condition that he has as stated in his complaint. The contract medical provider (PHS) provides Plaintiff with the same medical care as all other inmates. He is allowed to request medical services at any time.

I have not violated any of Plaintiff's rights in any manner.    The above information is true and correct to the best of my knowledge.

W. G. Rowell, Warden II
Kilby Correctional Facility

State of Alabama
Montgomery County

Sworn to and subscribed before me and under my hand and official seal this the 16th day of May, 2007.

Betty S. Carr, Notary Public
My comm. expires 12-17-09.



## IN THE DISTRICT COURT OF THGE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

BRUCE LAMAR HILL, #138707      )
                  **Plaintiff**      )
**vs.**                      )      **CASE NO. 2:07-CV-266-WKW**
                      )
**DEPARTMENT OF CORRECTIONS, et al.,**  )
                  **Defendants**     )

## AFFIDAVIT

I, Allan D. Smith, do hereby make the following affidavit regarding Bruce Lamar Hill,

#138707. The only facts that I am aware of is the fact that I did remove a mattress from inmate

Hill's cell and replaced it.  I have no knowledge of how, when or if  urine got on the mattress. I

replaced the mattress due to a rip.  As to the other allegation in his complain, I have no

knowledge.

                                        Allan D. Smith


**STATE OF ALABAMA**        *
**MONTGOMERY COUNTY**    *

    Before me, the undersigned authority, a Notary Public in and for said State and County,
personally appeared Allan D. Smith, being by me first duly sworn, deposes and says on oath that
the averments contained in the foregoing complaint are true and correct to the best of his
knowledge, information and belief.

                                          Allan D. Smith


Sworn to and Subscribed before me this _24th_ day of _April_, 2007.

                                        **Notary Public**

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Dec 5, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS