In the District Court of the United States
for the Middle District of Alabama
Northern Division

Bruce Lamar Hill,
#138707
    Plaintiff,

v.

Warden Powell, et. al,
    Defendants

Case No. 2:07-CV-266-WKW
Civil Action

RECEIVED
2007 JUN 13 A 9:19
J. HACKETT CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## Objection to Recommendation of the Magistrate Judge Document #: 36-1

Comes now Plaintiff Bruce Lamar Hill, and moves this Honorable Court in the above styled cause for the following reasons:

[1.] Parrish v. Johnson, 800 F.2d 600 (4th Cir. 1986) Id at 601.
    [13] Civil Rights 13.17(3)
    Availability of injunctive relief to paraplegic whose constitutional rights were repeatedly violated by prison guard did not affect prisoners attendant claim for damages resulting from constitutional torts.

    [9] Criminal Law 1213.10(1)
    Although demonstrating particularly malicious intent toward prisoner may be important in determining whether Eighth Amendment violation has occurred, that degree of intent is not indispensable element of cruel and unusual punishment claim. USCA Const. Amend. 8.

    [18] Criminal Law 13.17(3)
    Eighth Amendment proscribes disproportionate punishment, unnecessary and wanton infliction of pain, and conduct repugnant to evolving standards of decency. USCA Const. Amend. 8.

[2]. <u>RIDDLE</u> v. <u>MONDRAGON</u>, 83 F.3d 1197 (10th Cir. 1996) at 1198

[9] PRISONS 17(2)
STATES HAVE CONSTITUTIONAL DUTY TO PROVIDE NECESSARY MEDICAL CARE TO THEIR INMATES, INCLUDING PSYCHOLOGICAL OR PSYCHIATRIC CARE. USCA CONST. AMEND. 8.

[3] <u>SHEPHERD</u> v. <u>AULT</u>, 982 F. Supp. 643, OBJECTIONS SUSTAINED AND REPORT AND RECOMMENDATION REJECTED OF MAGISTRATE JUDGE.

FEDERAL CIVIL PROCEDURE 2491.5
GENUINE ISSUES OF MATERIAL FACT EXISTED, PRECLUDING SUMMARY JUDGMENT OF § 1983 CLAIMS, ON EXTENT OF ALLEGED HARM TO INMATES FROM CONSTANT ILLUMINATION OF PRISON CELLS FOR EXTENDED PERIODS OF TIME, WHETHER PRISON STAFF LEGITIMATELY NEEDED TO BE ABLE TO SEE INTO CELLS AT ALL TIMES, AND THUS WHETHER CONSTANT ILLUMINATION VIOLATED INMATES EIGHTH AMENDMENT RIGHTS. USCA CONST. AMEND. 8. 42 USCA § 1983

[4] <u>KEENAN</u> v. <u>HALL</u>, 83 F.3d 1083 (9th Cir 1996) AFF'd IN PART AND REV'd IN PART.

[4] CONDITIONS OF CONFINEMENT (B)
TO SUSTAIN AN EIGHTH AMENDMENT CLAIM, THE PLAINTIFF MUST PROVE A DENIAL OF "THE MINIMAL CIVILIZED MEASURE OF LIFE NECESSITIES." <u>RHODES</u> v. <u>CHAPMAN</u>, 452 US 337, 347, 101 ST 2392, 2399, 69 LED 2d 59 (1981), OCCURRING THROUGH "DELIBERATE INDIFFERENCE" BY PRISON PERSONNEL OR OFFICERS. <u>WILSON</u> v. <u>SEITER</u>, 501 US 294, 302-03, 111 SCT 2321, 2326-27, 115 L.Ed 2d 271 (1991) (CITATIONS OMITTED).

[5] NOISE
"[P]ublic CONCEPTIONS OF DECENCY INHERENT IN THE EIGHTH AMENDMENT REQUIRE THAT [INMATES] BE HOUSED IN AN ENVIRONMENT THAT, IF NOT QUIET, IS AT LEAST REASONABLY FREE OF EXCESS NOISE." <u>TOUSSAINT</u> v. <u>McCARTHY</u>, 597 F. Supp. 1388, 1397, 1410 (N.D. CAL. 1984) (FINDING AN "UNRELENTING, NERVE-RACKING DIN"), AFF'd IN PART, REV'd IN PART ON OTHER GROUNDS, 801 F.2d 1080, 1110 (9th Cir 1986) CERT DENIED, 481 US 1069, 107 SCT 2462, 95 LED 2d 871 (1987).

[6] LIGHTING

"Adequate lighting is one of the fundamental attributes of 'adequate shelter' required by the Eighth Amendment." Hoptowit v. Spellman, 753 F.2d at 738. Moreover, "[T]here is no legitimate penological justification for requiring [inmates] to suffer physical and psychological harm by living in constant illumination. This practice is unconstitutional." Lemaire v. Maass, 745 F.Supp. 623, 636 (D.Or 1990), vacated on other grounds, 12 F.3d 1444, 1458-59 (9th Cir 1993).

[7] Casey v. Lewis, 834 F.Supp. at 1548-49 (condemning delays that result in psychotic inmates remaining in lock down); Tillery v. Owens, 719 F.Supp 1256, 1303-04 (W.D.PA.1989) (constitutes require seperate unit for severely mentally ill, i.e., those who will not take their medications regularly, maintain normal hygienic practices, accept dietary restrictions, or report symptoms of illness. Aff'd, 907 F.2d 418 (3rd Cir 1990).

[8] Inmates of Occoquan v. Barry, 717 F.Supp. 854, 868 (D.D.C. 1989) (inmates with mental health problems must be placed in a seperate area or a hospital and not in administrative/punitive segregation area).

[9] Langley v. Coughlin, 709 F.Supp. 482, 484-85 (SDNY) (placement of mentally ill in punitive segregation resulted in conditions that might violate the Eighth Amendment), appeal dismissed, 888 F.2d 252 (2nd Cir 1989); Langley v. Coughlin, 715 F.Supp. at 543-44 (same); Finney v. Mabry, 534 F.Supp. 1026, 1036-37 (E.D. Ark. 1982) (seperate facility for "most severely mentally disturbed" required).

[10] DeMallory v. Cullen, 855 F.2d 442, 444-45 (7th Cir. 1988) (allegation that mentally ill inmates were knowingly housed with non-mentally ill in a high security unit and that they caused filthy and dangerous conditions stated an Eighth Amendment against prison officials.

-3-

[11] Plaintiff filed complaints of threats by a supervisor Sgt. Streeter, and filed complaints concerning being denied medical care, and filed complaints concerning living conditions and Plaintiff have been placed in unit with mentally ill inmates and Plaintiff have been retaliated by officials with disciplinary frame ups and to this day Plaintiff is still being housed under the conditions with which violates his constitutional rights and these conditions degenerates Plaintiff's mental and physical health and without preliminary injunction Plaintiff sanity and the public interest is at stake also because if Plaintiff is left living under these conditions surely Plaintiff will suffer permanent damage and is borderline of a nervous breakdown and the administration refuses to take action so Plaintiff on recourse is to redress grievance to the Honorable Court through his First and Fourteenth Amendment. Plaintiff need to be move from O-Block unit. And Plaintiff pleads with this Honorable Court to protect his Constitutional Rights to be free from cruel and unusual punishment.

Done this the 6th day of June 2007.

Respectfully Submitted

*/s/ Bruce Lamar Hill*
Mr. Bruce Lamar Hill, #138707, Plaintiff Pro se
(06-01A)
P.O. Box 150
Mt. Meigs, AL.
36057

-4-

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A COPY OF FOREGOING HAS BEEN SERVED ON THE FOLLOWING:

HON. CLERK
MIDDLE DISTRIC OF ALABAMA
UNITED STATES DISTRIC COURT
P.O. BOX 711
MONTGOMERY, ALABAMA
   36101-0711 ;

AND: LEGAL DIVISION (ADOC)
OFFICE OF ATTORNEY GENERAL
11 SOUTH UNION STREET
MONTGOMERY, ALABAMA
   36130 ;

BY PLACING IN U.S. MAIL THIS THE 6th DAY OF JUNE 2007.

Respectfully Submitted

M. _____ Pro se

MR. BRUCE LAMAR HILL
#138707 (06-01A)
P.O. BOX 150
MT. MEIGS, ALABAMA
   36057

-5-

Mr. Bruce L. Hill
#138707 (06-01A)
P.O. Box 150
Mt. Meigs, AL.
36057

US POSTAGE
HASLER
017H15504986
$0.410
06/12/2007
Mailed From 36057

C/o: Hon. Clerk
Middle District of Alabama
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711

LEGAL MAIL
"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."