**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NOTHERN DIVISION**

| | | |
|---|---|---|
| **BRUCE LAMAR HILL, 138707** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **2:07-CV-266-WKW-WC** |
| **OFFICER BARNES, ET AL.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**SUPPLEMENTAL RESPONSE TO COURT ORDER (DOC 65)**

COME NOW the ADOC Defendants, by and through the undersigned counsel, and in response to this Court's Order (Doc 65) hereby submit the following additional documents:

1.    Affidavit of Warden Grantt Culliver certifying copies of all incident and disciplinary reports written on Plaintiff between February 14, 2007 and June 22, 2007.

Respectfully submitted,

TROY KING
Attorney General

/s/ *Benjamin H. Albritton*
Benjamin H. Albritton
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7555
(334) 242-2433 - fax

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have, this the 12th day of October, 2007, electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I further certify that I have served a copy of the same upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

        Bruce Lamar Hill, AIS 138707
        Holman Correctional Facility
        Holman 3700
        Atmore, Alabama 36503-3700

                        /s/ *Benjamin H. Albritton*
                        Benjamin H. Albritton
                        Assistant Attorney General

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRUCE LAMAR HILL, AIS#138707    }
                                }
                                }
v.                              }        CIVIL ACTION NO. 2:07-CV-266-WKW
                                }
OFFICER BARNES, et al.,         }
                                }
          Defendants.           }

## AFFIDAVIT

Before me, the undersigned Notary Public, personally appeared Grantt Culliver,

who after being duly sworn, deposes and says on oath as follows:

My name is Grantt Culliver. I hereby certify and affirm that I am the custodian

of records at W. C. Holman Correctional Facility, Holman 3700, Atmore, Alabama

36503.

I am over the age of twenty-one and competent to testify to matters stated herein.

The attached documents are true, exact and correct photocopies of documents

taken from the inmate's Institutional File. Documents consist of all Incident reports and

disciplinary reports dated February 14, 2007 through June 22, 2007.

_____
Grantt Culliver, Warden III

Sworn to and subscribed before me this __5__ day of October 2007.

Notary Public

My Commission Expires: 7/17/08

Seal

# STATE OF ALABAMA
## DEPARTMENT OF CORRECTIONS

*us*
*8-15-07*

## INCIDENT REPORT

| 1. Institution:<br>**W. C. Holman Correctional Facility** | 2. Date:<br>08/01/07 | 3. Time:<br>5:20 PM | 4. Incident Number:<br>**HP07-708** | Class Code:<br>C |
|---|---|---|---|---|

| 5. Location Where Incident Occurred:<br>Shower Area Tier L | 6. Type of Incident:<br>Failure to Obey a Direct Order |
|---|---|

| 7. Time Incident Reported:<br>5:43 PM | 8. Who Received Report:<br>LaNetta Banks, Correctional Sergeant *Sgt Banks* *08Aug07* |
|---|---|

**9. Victims:**            Name                                                    AIS

a.  **N/A**                                          No. _____

b.  _____                  No. _____

c.  _____                  No. _____

| **10. Suspects:**    Name         AIS | **11. Witnesses:**    Name         AIS |
|---|---|
| a.  Hill, Bruce        No.  B/138707A | a.  N/A        No. _____ |
| b.  _____        No. _____ | b.  _____        No. _____ |
| c.  _____        No. _____ | c.  _____        No. _____ |
| d.  _____        No. _____ | d.  _____        No. _____ |
| e.  _____        No. _____ | e.  _____        No. _____ |
| | f.  _____        No. _____ |
| | g.  _____        No. _____ |

**PHYSICAL EVIDENCE:**

12. Type of Evidence

   N/A

13. Description of Evidence:

   N/A

14. Chain of Evidence:

a  N/A

b

c

d

e

**15. Narrative Summary:**

On August 1, 2007 at approximately 5:20 PM, Correctional Officer Michael Branch secured Inmate Bruce Hill B/138707A into a shower on L-Tier. Inmate Hill was allowed to shower for approximately 8 minutes. Officer Branch informed Inmate Hill his time was up and needed to start drying off.

At approximately 5:30 PM, Officer Branch again checked on Inmate Hill. Inmate Hill was still showering. Officer Branch gave Inmate Hill a direct order to get out of the shower. Inmate Hill stated, "You ain't gonna come in here and wrestle with me. I'll come out when I'm done."

Inmate Hill will receive disciplinary action for rule violation #56-Failure to Obey a Direct Order.

*Michael Branch* CO   Michael Branch, Correctional Officer

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT

| 1. Institution: **Kilby Correctional Facility** | | 2. Date: 5/31/07 | 3. Time: **8:30 A.M.** | 4. Incident Number: KCF-07-481 C | Class Code: |
|---|---|---|---|---|---|
| 5. Location Where Incident Occurred: **O-Dorm Exercise Yard** | | | 6. Type of Incident: **#57-Insubordination** **#44-Threats** | | |
| 7. Time Incident Reported: **8:34 A.M.** | | | 8. Who Received Report: **Sgt. Judy Pinckard** | | |

| 9. Victims: | Name | | No. | AIS |
|---|---|---|---|---|
| a. | N/A | | N/A | |
| b. | | | | |
| c. | | | | |

| 10. Suspects: Name | AIS | 10. Witnesses: Name | AIS |
|---|---|---|---|
| Bruce Hill | B/138707 | N/A | N/A |
| | | | |

### PHYSICAL EVIDENCE:

12. Type of Evidence
   N/A
   N/A

13. Description of Evidence:
   N/A

14. Chain of Evidence:
a   N/A
b

Narrative Summary: On 5/31/07 at approximately 8:30 a.m., CO Douglas McKinney was assigned as P-1 Hospital Rover. CO McKinney was assisting CO Jesse Williams assigned O-Dorm Officer exercise inmate Bruce Hill B/138707, assigned to O-Cell #6. CO McKinney handcuffed inmate Hill to bring him (Hill) out of his (Hill) cell. Inmate Hill became insubordinate and threatened CO McKinney, stating, "I will whip your motherfucking ass." Inmate Hill called CO Williams and asked to speak to him (Williams). Inmate Hill stated to CO Williams, "That motherfucker got theses handcuffs on me too tight. Take this shit off me." CO McKinney informed CO Williams that he (McKinney) checked the handcuffs on inmate Hill and they were not too tight. Inmate Hill began cursing and threatening CO McKinney stating, "Motherfucker you don't know who you are fucking with. I hate a scared niggar. I will whip your motherfucking ass." At approximately 8:34 a.m., CO McKinney notified Sgt. Judy Pinckard of inmate Hill's behavior and requested her presence on O-Dorm. At approximately 8:36 a.m., Sergeant Pinckard arrived at O-Dorm exercise yard, observing inmate Hill being hostile, threatening and insubordinate toward CO McKinney. Inmate Hill continued to state, "That scary motherfucker. I will whip his ass." At approximately 8:37 am, Sgt. Pinckard, CO's McKinney and Williams escorted inmate Hill back to his assigned cell. At approximately 8:45 a.m., Nurse Kelly Johnson conducted a medical examination of inmate Hill left wrist. (see attached body chart). Inmate Hill will receive disciplinaries for rule violation #44 Threats on a ADOC Official and #57 Insubordination. No further action taken.

CO Douglas McKinney

# EMERGENCY

- KDF 07- 481

| ADMISSION DATE | TIME ☐ AM ☐ PM | ORIGINATING FACILITY ☐ SIR ☐ PDL ☐ ESCAPEE ☐ | ☐ SICK CALL ☐ EMERGENCY ☐ OUTPATIENT |
|---|---|---|---|

5 31 07

**ALLERGIES**

| CONDITION ON ADMISSION |
|---|
| ☐ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA |

**VITAL SIGNS: TEMP** _____ ORAL/RECTAL _____ **RESP** _____ **PULSE** _____ **B/P** _____ RECHECK IF SYSTOLIC <100> 50 _____

**NATURE OF INJURY OR ILLNESS**

| ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE z z | LACERATION / _____ SUTURES |
|---|---|---|---|---|

**PHYSICAL EXAMINATION**

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|

**DIAGNOSIS**

**INSTRUCTIONS TO PATIENT**

| DISCHARGE DATE | TIME ☐ AM ☐ PM | RELEASE / TRANSFERRED TO | ☐ DOC ☐ AMBULANCE ☐ | CONDITION ON DISCHARGE ☐ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |
|---|---|---|---|---|

5 31 07

| NURSE'S SIGNATURE | DATE | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|
| | 5/31/07 | | 5/31/07 | |

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | R/S | FAC. |
|---|---|---|---|---|
| Hill Bruce | 138737 | 1/1/10 | B/M | KGF |

KCF 07-383,

ALDOC Form 225B

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1.  Inmate: **Bruce Hill**          Custody: _____          AIS:  **B/138707**

2.  Facility:  **Kilby Correctional Facility**

3.  The above named inmate is being charged by **CO Otis Barnes** with violation of rule number **#44** specifically **Threats** from regulation # **403** which occurred on or about **May 7, 20**_07_ at (time) **1:05 p.m.** (am / pm),  Location: **O-Dorm** . A hearing on this charge will be held after 24 hours from service.

4.  Circumstances of the violation(s) are as follows: **On May 7, 2007, at approximately 1:05 p.m., you inmate Bruce Hill B/138707 stated to CO Otis Barnes " Take these handcuffs off, I will beat your muthafucking ass"** .

    _8 MAY 07_                          _Ais Barnes Col_
    Date                                 Arresting Officer / Signature / Rank

5.  I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the __8__ day of __MAY__ , 20_07_, at (time) _12:18 pm_ (am/pm).

    _Jeffery Temple Col_          _Bruce Hill 138707_
    Serving Officer / Signature / Rank       Inmate's Signature / AIS Number

6.  Witnesses desired?     NO _____     YES _Bruce Hill 138707_
                             Inmate's Signature              Inmate's Signature

7.  If yes, list: _Dpti Warden Powell, Capt. Burrett,_ _COI Woodard_

8.  Hearing Date _15 May 07_     Time _12:50 P.m._     Place _Seg. Office (Kilby)_

9.  Inmate must be present in Hearing Room.  If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is) is not capable of representing himself.

    _Perry A. Woods COII_
    Signature / Hearing Officer

11. Plea: _Refuse to Sign (R/S)_  (Not Guilty) _____ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.

    _Perry A. Woods COII_
    Signature / Hearing Officer

13.  Arresting Officer's testimony  (at the hearing):   **On May 7, 2007, at approximately 1:05 P.M., Inmate Bruce Hill-138707 stated to me, "Take these handcuffs off, I will beat your muthafucking ass!"**

14.  Inmate's Testimony:    **I don't care what you do, I am not coming out of my cell in leg irons and handcuffs when Sgt. Streeter and Officer Barnes is around!"**

Witness:  **Warden Willie Rowell**        Substance of Testimony:  **I wasn't there.  I have no knowledge of the incident.**

Witness:  **Capt. Bobby Barrett**        Substance of Testimony:  **I wasn't there.  I have no knowledge of the incident.**

Witness:  **CO Gerald Woodard**        Substance of Testimony:  **I declined to be a witness.**

15.  The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

_Penny A. Woods, COII_
Signature / Hearing Officer

16.  The following witnesses were not called   -  Reason not called

1.  _____        _____

2.  _____        _____

3.  _____        _____

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
    The Hearing Officer finds that:    **On May 7, 2007, at approximately 1:05 P.M., while assigned to Kilby Correctional Facility, Inmate Hill did in fact state to Officer Barnes, "Take these handcuffs off, I will beat your muthafucking ass!"**

18. Basis for Finding of Fact:    **The Hearing Officer believes the Arresting Officer testimony that Inmate Hill stated, "Take these handcuffs off, I will beat your muthafucking ass!"**

19. Hearing Officer's Decision:    **xxx**    Guilty    _____    Not Guilty

20. Recommendation of Hearing Officer:    **30 days loss of canteen, visitation, and telephone privileges.  30 days extra duty for 2 hours a day under the supervision of 1st shift, 30 days in the Segregation Unit, Refer to Classification for Custody Review.  GTA=0**

    _Perry O. Woods, COII_
    Signature / Hearing Officer

    **Perry O. Woods, COII**
    Typed Name and Title

21. Warden's Action – Date  _5/18/07_
    Approved  _Cpt. Ken Ballos_
    Disapproved
    Other (specify)  _____

22. Reason if more then 30 calendar days delay in action.  _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above Named inmate on this the  _23rd_  day of  _MAY_  20_07_ at (time)  _5:12_  (am / pm).

    _Nellie T. Jones_
    Signature / Serving Officer / Title

    _Bruce Hill 138507_
    Inmate's Signature and AIS Number

*KCF 07-383*

**SGT. P. WOODS (HEARING OFFICER) STATEMENT:**

On May 15, 2007, at approximately 9:15 A.M., I, Sgt. Perry O. Woods, arrived in O-Ward at cell #6A. I instructed Inmate Bruce Hill-B/138707 to get ready for his disciplinary hearing. Inmate Hill stated, "I don't care what you do, I am not coming out of my cell in leg irons and handcuffs when Sgt. Streeter and Officer Barnes is around!" I stated to Inmate Hill that he (Hill) would not be escorted out of his cell without leg irons and handcuffs. Inmate Hill stated, "That man push me for no reason. I don't care what you do, I am not coming out of my cell in leg irons and handcuffs when Sgt. Streeter and Officer Barnes is around!" I stated to Inmate Hill, "Sgt. Streeter and Officer Barnes are the arresting officers. They will have to be at the hearing." Inmate Hill stated, "Sgt. Woods, I don't care what you do. I am not coming out of my cell in leg irons and handcuffs when Sgt. Streeter and Officer Barnes is around!" I asked Inmate Hill, "Are you sure?" Inmate Hill stated, "Yes, I'm sure!" I walked away from cell # 6A and return back to the Shift Commander's Office.

Perry O. Woods, COII

*O-01-A*

*KCF-07-383*

ALDOC Form 225B

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1.  Inmate: **Bruce Hill**                    Custody: _____    AIS: **B/138707**

2.  Facility: **Kilby Correctional Facility**

3.  The above named inmate is being charged by **Sgt. William Streeter** with violation of rule number **#44** specifically **Threats** from regulation # **403** which occurred on or about **May 7, 2007** at (time) **1:06 p.m.** (am / pm), Location: **O-Dorm** . A hearing on this charge will be held after 24 hours from service.

4.  Circumstances of the violation(s) are as follows: **On May 7, 2007, at approximately 1:06 p.m., you inmate Bruce Hill B/138707 stated to Sgt. William Streeter " I still ment what I said about putting us in the cell together"** .

    _5-8-07_                                 _William Streeter, COS_
    Date                                     Arresting Officer / Signature / Rank

5.  I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the _8_ day of _MAY_ , 20_07_ , at (time) _12:25 pm_ (am/pm).

    _Jerry Temple COI_                       _Bruce Hill 138707_
    Serving Officer / Signature / Rank       Inmate's Signature / AIS Number

6.  Witnesses desired?    NO _____    YES _Bruce Hill 138707_
                    Inmate's Signature        Inmate's Signature

7.  If yes, list: _Dpty. Warden Powell, Capt. Barnett, COI Woodland_

8.  Hearing Date _15 May 07_    Time _1:40 P.m._    Place _Seg. Office (Kilby)_

9.  Inmate must be present in Hearing Room.  If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is) is not) capable of representing himself.

    _Perry O. Woods, COII_
    Signature / Hearing Officer

11. Plea: _Refuse to Sign_    (Not Guilty)    _____ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.

    _Perry O. Woods, COII_
    Signature / Hearing Officer

*RCF 07-393*

13.  Arresting Officer's testimony  (at the hearing):  **On May 7, 2007, at approximately 1:05 P.M., Inmate Bruce Hill stated to me, "I still meant what I said about putting us in the cell together!"**

14.  Inmate's Testimony:  **I don't care what you do, I am not coming out of my cell in leg irons and handcuffs when Sgt. Streeter and Officer Barnes is around!"**

Witness:  **Warden Willie Rowell**          Substance of Testimony:  **I wasn't there.  I have no know-ledge of the incident.**

Witness:  **Capt. Bobby Barrett**          Substance of Testimony:  **I wasn't there.  I have no know-ledge of the incident.**

Witness:  **CO Gerald Woodard**          Substance of Testimony:  **I declined to be a witness.**

15.  The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

_____
Signature / Hearing Officer

16.  The following witnesses were not called  -  Reason not called

  1. _____    _____
  2. _____    _____
  3. _____    _____

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
The Hearing Officer finds that:    **On May 7, 2007, at approximately 1:05 P.M., while assigned to Kilby**
**Correctional Facility, Inmate Hill did in fact state to Sgt. William Streeter, "I still meant what I said about**
**putting us in the cell together!"**

18. Basis for Finding of Fact:    **The Hearing Officer believes the Arresting Officer testimony that Inmate Hill**
**did in fact state to Sgt. Streeter, "I still meant what I said about putting us in the cell together!"**

19. Hearing Officer's Decision:    **xxx**    Guilty    _____    Not Guilty

20. Recommendation of Hearing Officer:    **30 days loss of canteen, visitation, and telephone privileges.  30 days**
**extra duty for 2 hours a day under the supervision of 1st shift, 30 days in the Segregation Unit, Refer to**
**Classification for Custody Review.  GTA=0**

_Perry O. Woods, COII_
Signature / Hearing Officer

**Perry O. Woods, COII**
Typed Name and Title

21. Warden's Action – Date  _5/18/07_
Approved  _Capt. Leon Bull__
Disapproved
Other (specify)

22. Reason if more then 30 calendar days delay in action.  _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
Named inmate on this the  _23rd_  day of  _MAY_    20_07_, at (time)  _3:05_  (am/**pm**)

_Phillie T. Glenn_, CD        _Bruce Hill (3870)_
Signature / Serving Officer / Title        Inmate's Signature and AIS Number

*KCF 07-383*

## SGT. P. WOODS (HEARING OFFICER) STATEMENT:

On May 15, 2007, at approximately 9:15 A.M., I, Sgt. Perry O. Woods, arrived in O-Ward at cell #6A. I instructed Inmate Bruce Hill-B/138707 to get ready for his disciplinary hearing. Inmate Hill stated, "I don't care what you do, I am not coming out of my cell in leg irons and handcuffs when Sgt. Streeter and Officer Barnes is around!" I stated to Inmate Hill that he (Hill) would not be escorted out of his cell without leg irons and handcuffs. Inmate Hill stated, "That man push me for no reason. I don't care what you do, I am not coming out of my cell in leg irons and handcuffs when Sgt. Streeter and Officer Barnes is around!" I stated to Inmate Hill, "Sgt. Streeter and Officer Barnes are the arresting officers. They will have to be at the hearing." Inmate Hill stated, "Sgt. Woods, I don't care what you do. I am not coming out of my cell in leg irons and handcuffs when Sgt. Streeter and Officer Barnes is around!" I asked Inmate Hill, "Are you sure?" Inmate Hill stated, "Yes, I'm sure!" I walked away from cell # 6A and return back to the Shift Commander's Office.

Perry O. Woods, COII

O O

KCF 09-383,

ALDOC Form 225B

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1.  Inmate: **Bruce Hill**                 Custody: _____     AIS: **B/138707**

2.  Facility: **Kilby Correctional Facility**

3.  The above named inmate is being charged by **CO Otis Barnes** with violation of rule number **#57** specifically **Insubordination** from regulation # **403** which occurred on or about **May 7, 2007** at (time) **1:05 p.m.** (am / pm), Location: **O-Dorm** . A hearing on this charge will be held after 24 hours from service.

4.  Circumstances of the violation(s) are as follows: **On May 7, 2007, at approximately 1:05 p.m., you inmate Bruce Hill B/138707 stated to CO Otis Barnes " You ain't nothing but a Bitch Ass Nigger"** .

    _____8 MAY 07_____          _____Otis Barnes Col_____
         Date                          Arresting Officer / Signature / Rank

5.  I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the __8__ day of __MAY__ , 20_07_, at (time) _12:22 pm_ (am/pm).

    _____Denp Col_____          _____Bruce Hill 138707_____
    Serving Officer / Signature / Rank      Inmate's Signature / AIS Number

6.  Witnesses desired?      NO _____      YES **Bruce Hill 138707**
                            Inmate's Signature               Inmate's Signature

7.  If yes, list: _Dty. Warden Powell , Capt. Barnett,_
    _COI Woodard_

8.  Hearing Date _15 May 07_   Time _1:13 P.m._   Place _Seg. Office (Kilby)_

9.  Inmate must be present in Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is / is not) capable of representing himself.

    _____Penny C. Woods, COII_____
         Signature / Hearing Officer
              (PW)

11. Plea: ~~Refuse to Sign~~   (Not Guilty) _____ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.

    _____Penny C. Woods, COII_____
         Signature / Hearing Officer

Annex C to AR 403  (Page 1 of 5)

13.    Arresting Officer's testimony  (at the hearing):   On May 7, 2007, at approximately 1:05 P.M., Inmate Bruce
Hill stated to me, "You ain't nothing but a Bitch Ass Nigger!"

14.    Inmate's Testimony:    I don't care what you do, I am not coming out of my cell in leg irons and handcuffs
when Sgt. Streeter and Officer Barnes is around!"

Witness:   Warden Willie Rowell          Substance of Testimony:   I wasn't there.  I have no know-
ledge of the incident.

Witness:   Capt. Bobby Barrett          Substance of Testimony:   I wasn't there.  I have no know-
ledge of the incident.

Witness:   CO Gerald Woodard          Substance of Testimony:   I declined to be a witness.

15.    The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

_____
Signature / Hearing Officer

16.    The following witnesses were not called   -  Reason not called

    1. _____    _____
    2. _____    _____
    3. _____    _____

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)

The Hearing Officer finds that: __On May 7, 2007, at approximately 1:05 P.M., while assigned to Kilby__
__Correctional Facility, Inmate Hill did in fact state to Officer Otis Barnes, "You ain't nothing but a Bitch__
__Ass Nigger!"__

18. Basis for Finding of Fact: __The Hearing Officer believes the Arresting Officer testimony that Inmate Hill__
__did in fact state to Officer Barnes, "You ain't nothing but a Bitch Ass Nigger!"__

19. Hearing Officer's Decision: __xxx__ Guilty _____ Not Guilty

20. Recommendation of Hearing Officer: __30 days loss of canteen, visitation, and telephone privileges.  30 days__
__extra duty for 2 hours a day under the supervision of 1st shift, 30 days in the Segregation Unit, Refer to__
__Classification for Custody Review.  GTA=0__

_Perry O. Woods, COII_
Signature / Hearing Officer

**Perry O. Woods, COII**
Typed Name and Title

21. Warden's Action – Date _5/18/07_

Approved _Cpt. Levan Belling_

Disapproved

Other (specify) _____

22. Reason if more then 30 calendar days delay in action. _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
Named Inmate on this the _23rd_ day of _MAY_ 20_07_ at (time) _3:10_ (am/pm).

_Nellie J. Brown_ CO          _Bruce Hill_ 138707
Signature / Serving Officer / Title          Inmate's Signature and AIS Number

*KCF07-383*

**SGT. P. WOODS (HEARING OFFICER) STATEMENT:**


On May 15, 2007, at approximately 9:15 A.M., I, Sgt. Perry O. Woods, arrived in O-Ward at cell #6A. I instructed Inmate Bruce Hill-B/138707 to get ready for his disciplinary hearing. Inmate Hill stated, "I don't care what you do, I am not coming out of my cell in leg irons and handcuffs when Sgt. Streeter and Officer Barnes is around!" I stated to Inmate Hill that he (Hill) would not be escorted out of his cell without leg irons and handcuffs. Inmate Hill stated, "That man push me for no reason. I don't care what you do, I am not coming out of my cell in leg irons and handcuffs when Sgt. Streeter and Officer Barnes is around!" I stated to Inmate Hill, "Sgt. Streeter and Officer Barnes are the arresting officers. They will have to be at the hearing." Inmate Hill stated, "Sgt. Woods, I don't care what you do. I am not coming out of my cell in leg irons and handcuffs when Sgt. Streeter and Officer Barnes is around!" I asked Inmate Hill, "Are you sure?" Inmate Hill stated, "Yes, I'm sure!" I walked away from cell # 6A and return back to the Shift Commander's Office.


Perry O. Woods, COII

O-01-A

KCF 07-383

ALDOC Form 225B

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1.  Inmate: __Bruce Hill_____ Custody: _____ AIS: __B/138707__

2.  Facility: __Kilby Correctional Facility__

3.  The above named inmate is being charged by __Sgt. William Streeter__ with violation of rule number __#57__ specifically __Insubordination__ from regulation # __403__ which occurred on or about __May 7__, 20__07__ at (time) __1:06 p.m.__ (am / pm), Location: __O-Dorm__ . A hearing on this charge will be held after 24 hours from service.

4.  Circumstances of the violation(s) are as follows: __On May 7, 2007, at approximately 1:06 p.m., you inmate Bruce Hill B/138707 stated to Sgt. William Streeter " You ain't nothing but a Ho Ass Nigger"__ .

_____5-8-07_____                    _William Streeter, COS_
Date                                    Arresting Officer / Signature / Rank

5.  I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the __8__ day of __MAY__, 200__7__, at (time) __12:84 pm__ (am/pm).

_____ (CO1)             _Bruce Hill_ 138707
Serving Officer / Signature / Rank      Inmate's Signature / AIS Number

6.  Witnesses desired?   NO _____    YES _Bruce Hill_ 138707
                        Inmate's Signature            Inmate's Signature

7.  If yes, list: Dpty. WARden Powell, Capt. Barnett, COI Woodard

8.  Hearing Date _15 May 07_    Time _1:26 p.m._    Place _Seg. Office (Kilby)_

9.  Inmate must be present in Hearing Room.  If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is / is not) capable of representing himself.

_Perry O. Woods COIII_
Signature / Hearing Officer

11. Plea: Refuse to Sign  (Not Guilty) _____ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.

_Perry O. Woods COIII_
Signature / Hearing Officer

Annex C to AR 403  (Page 1 of 5)

KCF07-383

13. Arresting Officer's testimony (at the hearing):   **On May 7, 2007, at approximately 1:05 P.M., Inmate Bruce Hill stated to me, "You ain't mothing but a Ho Ass Nigger!"**

14. Inmate's Testimony:   **I don't care what you do, I am not coming out of my cell in leg irons and handcuffs when Sgt. Streeter and Officer Barnes is around!"**

Witness:   **Warden Willie Rowell**          Substance of Testimony:   **I wasn't there.  I have no know-ledge of the incident.**

Witness:   **Capt. Bobby Barrett**          Substance of Testimony:   **I wasn't there.  I have no know-ledge of the incident.**

Witness:   **CO Gerald Woodard**          Substance of Testimony:   **I declined to be a witness.**

15. The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

        _Signature / Hearing Officer_

16. The following witnesses were not called  -  Reason not called

    1. _____     _____
    2. _____     _____
    3. _____     _____

17.  After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
     The Hearing Officer finds that:    **On May 7, 2007, at approximately 1:05 P.M., while assigned to Kilby**
     **Correctional Facility, Inmate Hill did in fact state to Sgt. William Streeter, "You ain't nothing but a Ho**
     **Ass Nigger!"**

18.  Basis for Finding of Fact:    **The Hearing Officer believes the Arresting Officer testimony that Inmate Hill**
     **did in fact state to Sgt. Streeter, "You ain't nothing but a Ho Ass Nigger!"**

19.  Hearing Officer's Decision:    **xxx**    Guilty    _____    Not Guilty

20.  Recommendation of Hearing Officer:    **30 days loss of canteen, visitation, and telephone privileges.  30 days**
     **extra duty for 2 hours a day under the supervision of 1st shift, 30 days in the Segregation Unit, Refer to**
     **Classification for Custody Review.  GTA=0**

     _Perry O. Woods COII_
     Signature / Hearing Officer

     **Perry O. Woods, COII**
     Typed Name and Title

21.  Warden's Action – Date    _5/18/07_
     Approved    _Cpt. Jean Bullard_
     Disapproved    _____
     Other (specify)    _____

22.  Reason if more then 30 calendar days delay in action.    _____

23.  I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
     Named inmate on this the _23rd_ day of _MAY_    20_07_ at (time) _3:07_ (am/ pm).

     _Willie T. Flynn_ CO        _Bruce Hill  135707_
     Signature / Serving Officer / Title        Inmate's Signature and AIS Number

*KCF 07-385*

**SGT. P. WOODS (HEARING OFFICER) STATEMENT:**

On May 15, 2007, at approximately 9:15 A.M., I, Sgt. Perry O. Woods, arrived in O-Ward at cell #6A. I instructed Inmate Bruce Hill-B/138707 to get ready for his disciplinary hearing. Inmate Hill stated, "I don't care what you do, I am not coming out of my cell in leg irons and handcuffs when Sgt. Streeter and Officer Barnes is around!" I stated to Inmate Hill that he (Hill) would not be escorted out of his cell without leg irons and handcuffs. Inmate Hill stated, "That man push me for no reason. I don't care what you do, I am not coming out of my cell in leg irons and handcuffs when Sgt. Streeter and Officer Barnes is around!" I stated to Inmate Hill, "Sgt. Streeter and Officer Barnes are the arresting officers. They will have to be at the hearing." Inmate Hill stated, "Sgt. Woods, I don't care what you do. I am not coming out of my cell in leg irons and handcuffs when Sgt. Streeter and Officer Barnes is around!" I asked Inmate Hill, "Are you sure?" Inmate Hill stated, "Yes, I'm sure!" I walked away from cell # 6A and return back to the Shift Commander's Office.

Perry O. Woods, COII

0-86

KCF 07-383,

ALDOC Form 225B

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1. Inmate: **Bruce Hill**                    Custody: _____    AIS: **B/138707**

2. Facility: **Kilby Correctional Facility**

3. The above named inmate is being charged by **CO Otis Barnes** with violation of rule number **#56** specifically **Failure to Obey a Direct Order** from regulation # **403** which occurred on or about **May 7, 2007** at (time) **1:05 p.m.** (am / pm), Location: **O-Dorm** . A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: **On May 7, 2007, at approximately 1:05 p.m., you inmate Bruce Hill B/138707 snatched your leg away, while CO Otis Barnes attempted to remove leg irons from your (Inmate Hill) legs, after being previously ordered by CO Barnes not to move.**

_8 MAY 07_ _____          _Otis Barnes Col_ _____
Date                                            Arresting Officer / Signature / Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the **8** day of **MAY** , 20**07**, at (time) **12:21 pm** (am/pm).

_Duffey Densel Col_ _____          _Bruce Hill 138707_ _____
Serving Officer / Signature / Rank              Inmate's Signature / AIS Number

6. Witnesses desired?        NO _____        YES _Bruce Hill 138707_
                    Inmate's Signature                              Inmate's Signature

7. If yes, list: _Dty. Warden Rowell, Capt. Barnett,_ _____
_COI Woodard_ _____

8. Hearing Date _15 May 07_    Time _1:05 p.m._        Place _Seg. Office (Kilby)_

9. Inmate must be present in Hearing Room.  If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is/ is not) capable of representing himself.

_Penny D. Woods, CDII_ _____
Signature / Hearing Officer

11. Plea: _Refuse to Sign (PW)_    (Not Guilty) _____ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.

_Penny D. Woods, CDII_ _____
Signature / Hearing Officer

13.  Arresting Officer's testimony (at the hearing):  **On May 7, 2007, at approximately 1:05 P.M., Inmate Bruce Hill snatched his leg away when I attempted to remove the leg irons from his legs.  I gave Inmate Hill a previous direct order not to move.**

14.  Inmate's Testimony:  **I don't care what you do, I am not coming out of my cell in leg irons and handcuffs when Sgt. Streeter and Officer Barnes is around!"**

Witness:  **Warden Willie Rowell**          Substance of Testimony:  **I wasn't there.  I have no knowledge of the incident.**

Witness:  **Capt. Bobby Barrett**          Substance of Testimony:  **I wasn't there.  I have no knowledge of the incident.**

Witness:  **CO Gerald Woodard**          Substance of Testimony:  **I declined to be a witness.**

15.  The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

_Perry O. Woods, COII_
Signature / Hearing Officer

16.  The following witnesses were not called  -  Reason not called

1. _____    _____

2. _____    _____

3. _____    _____

Annex C to AR 403  (Page 2 of 5)

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)

The Hearing Officer finds that:    **On May 7, 2007, at approximately 1:05 P.M., while assigned to Kilby Correctional Facility, Inmate Hill did in fact snatched his leg away when Officer Barnes attempted to remove the leg irons from his legs.  Officer Barnes had previous given Inmate Hill a direct order not to move.**

18. Basis for Finding of Fact:    **The Hearing Officer believes the Arresting Officer testimony that Inmate Hill did in fact snatched his leg away when Officer Barnes attempted to remove the leg irons from his legs. The Hearing Officer also believes that Officer Barnes had previous given Inmate Hill a direct order not to move.**

19. Hearing Officer's Decision:    **xxx**    Guilty    _____    Not Guilty

20. Recommendation of Hearing Officer:    **30 days loss of canteen, visitation, and telephone privileges.  30 days extra duty for 2 hours a day under the supervision of 1st shift, 30 days in the Segregation Unit, Refer to Classification for Custody Review.  GTA=0**

_Perry O. Woods COII_
Signature / Hearing Officer

**Perry O. Woods, COII**
Typed Name and Title

21. Warden's Action – Date    _5/18/07_

Approved    _Cpt. Leon Bullard_

Disapproved _____

Other (specify) _____

22. Reason if more then 30 calendar days delay in action.    _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above Named inmate on this the _23rd_ day of _MAY_ 20_07_ at (time) _3:11_ (am/pm)

_Shellie T. Johns_ CO
Signature / Serving Officer / Title

_Bruce Hill_ 138207
Inmate's Signature and AIS Number

Annex C to AR 403  (Page 3 of 5)

SGT. P. WOODS (HEARING OFFICER) STATEMENT:


On May 15, 2007, at approximately 9:15 A.M., I, Sgt. Perry O. Woods, arrived in O-Ward at cell #6A. I instructed Inmate Bruce Hill-B/138707 to get ready for his disciplinary hearing. Inmate Hill stated, "I don't care what you do, I am not coming out of my cell in leg irons and handcuffs when Sgt. Streeter and Officer Barnes is around!" I stated to Inmate Hill that he (Hill) would not be escorted out of his cell without leg irons and handcuffs. Inmate Hill stated, "That man push me for no reason. I don't care what you do, I am not coming out of my cell in leg irons and handcuffs when Sgt. Streeter and Officer Barnes is around!" I stated to Inmate Hill, "Sgt. Streeter and Officer Barnes are the arresting officers. They will have to be at the hearing." Inmate Hill stated, "Sgt. Woods, I don't care what you do. I am not coming out of my cell in leg irons and handcuffs when Sgt. Streeter and Officer Barnes is around!" I asked Inmate Hill, "Are you sure?" Inmate Hill stated, "Yes, I'm sure!" I walked away from cell # 6A and return back to the Shift Commander's Office.


Perry O. Woods, COII

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS



# INCIDENT REPORT

| 1. Institution:<br>**Kilby Correctional Facility** | 2. Date:<br>5/7/07 | 3. Time:<br>. **1:05 p.m.** | 4. Incident Number:      Class Code:<br>KCF 07-383      C |
|---|---|---|---|

| 5. Location Where Incident Reported:<br>**O- Dorm** | 6. Type of Incident: #44-**Threats, #57-Insubordination**<br>**#56-Failure to Obey a Direct Order** |
|---|---|

| 7. Time Incident Reported:<br>**1:06 p.m.** | 8. Who Received Report:<br>**Sgt. William Streeter** _Wh.CRS_ |
|---|---|

| 9. Victims: | Name | | AIS | |
|---|---|---|---|---|
| a. | N/A | No. | N/A | |
| b. | | No. | | |
| c. | | No. | | |

| 10. Suspects: | Name | AIS | 10. Witnesses: | Name | AIS |
|---|---|---|---|---|---|
| a. | Bruce Hill | B/138707 | a. Gerald Woodard, CO | | |
| b. | | | b. | | |
| c. | | | c. | | |

**PHYSICAL EVIDENCE:**

12. Type of Evidence
    N/A
    N/A

13. Description of Evidence:
    N/A

14. Chain of Evidence:
a    N/A
b

Narrative Summary: On 5/3/07 at approximately 12:50 p.m., CO Otis Barnes was assigned to O-dorm as the rover. At approximately 12:51 p.m., CO Barnes escorted inmate Bruce Hill B/138707, to O-Dorm's exercise yard where inmate Hill could walk. At approximately 12:52 p.m., CO Barnes had to temporary cancel inmate Hill's excise time due to an incident in O-dorm. At approximately 12:53 p.m., CO Barnes called by radio for Sgt. William Streeter to report to O-dorm. At approximately 12:54 p.m., Sgt. Streeter entered O-dorm and received report of the incident from CO Barnes. Sgt. Streeter instructed CO Barnes to place inmate Hill back into his assigned cell until the incident ceased. At approximately 1:05 p.m., CO Barnes informed inmate Hill on Sgt. Streeter's decision and began to escort inmate back to his cell, when inmate Hill became disruptive and belligerent towards CO Barnes and stated "Muthafucker, you can't deny me of my walk time". Inmate Hill also stated "Take these handcuffs off I will beat your muthafucking ass". CO Barnes attempted to counsel inmate Hill about his behavior with negative results. Inmate Hill stated to CO Barnes "You ain't nothing but a bitch ass nigger. CO Barnes attempted to place inmate Hill in his cell. Inmate Hill was ordered not to move by CO Barnes as he (CO Barnes) attempted to remove leg irons from inmate Hill's legs. Inmate Hill snatched his (Inmate Hill) leg away from CO Barnes. At approximately 1:06 p.m. Sgt. Streeter and CO Gerald Woodard (O-Dorm Officer) heard inmate Hill yelling obscenities and reported to O-dorm cell#6, and received report from CO Barnes concerning the incident. Sgt. Streeter attempted to counsel inmate Hill about his behavior with negative results. Inmate Hill stated to Sgt. Streeter "You ain't nothing but a Ho ass nigger". Inmate Hill also stated to Sgt. Streeter "I still meant what I said about putting us in the cell together". Sgt. Streeter verbally reprimanded inmate Hill and assisted CO's Barnes and Woodard (see attached statement) in placing inmate Hill back into his assigned cell O-6. At approximately 1:30 p.m., Sgt. Streeter reported the incident to Capt. Bobby Barrett. Disciplinary action was initiated against inmate Hill for Rule Violations #44-Threats, #56-Failure to Obey a Direct Order, and #57-Insubordination. No further action taken.

_Otis Barnes, Col_
Otis Barnes, CO

Distribution:    ORIGINAL AND ONE (1) COPY to Central I & I Division        COPY to Deputy Commissioner of Operations (Class A and B ONLY)<br>                        COPY to Institutional File                                                            COPY to Central Records Office



**ADOC Form 302-A**

KCF 07-383

## STATEMENT

On May 7, 2007, I, CO Gerald Woodard was assigned to O-Dorm. At approximately 1:06 p.m., I heard inmate Bruce Hill B/138707, yelling in obscenities towards CO Otis Barnes the assigned O-Dorm Rover. Sgt. William Streeter and I reported to cell #6. Sgt. Streeter attempted to counsel inmate Hill about his disruptive and belligerent behavior with negative results. Inmate Hill continued to yell in obscenities towards Sgt. Streeter and CO Barnes. Inmate Hill also made verbal threats towards Sgt. Streeter and CO Barnes. Sgt. Streeter verbally reprimanded inmate Hill, and assisted me and CO Barnes in placing inmate Hill back into his assigned cell. No further action taken.

Gerald Woodard, CO

0.01 R

KCF07-217

ALDOC Form 225B

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1.  Inmate: **Bruce Hill**    Custody: _____    AIS: **B/138707**

2.  Facility: **Kilby Correctional Facility**

3.  The above named inmate is being charged by **Sgt. William Streeter** with violation of rule number **#57** specifically **Insubordination** from regulation # **403** which occurred on or about **March 13**, 2007 at (time) **10:45** (am) pm), Location: **O-Dorm** . A hearing on this charge will be held after 24 hours from service.

4.  Circumstances of the violation(s) are as follows: **On 3/13/07 at approximately 10:45a.m., You, inmate Bruce Hill B/138707 stated "I'm going to show you these white folks don't care about you niggers."**.

_3-13-07_    _William Streeter COI_
Date    Arresting Officer / Signature / Rank

5.  I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the _13_ day of _March_, 200_7_ at (time) _6:45_ (am/pm).

_T.D.Ray COII_    _x Bruce Hill 138707_
Serving Officer / Signature / Rank    Inmate's Signature / AIS Number

6.  Witnesses desired?    NO _____    (YES) _Bruce Hill 138707_
Inmate's Signature    Inmate's Signature

7.  If yes, list: _William Williamson 248277._

8.  Hearing Date _19 March 07_ Time _12:30 / 1:30PM_ Place _Mental Health Office_

9.  Inmate must be present in Hearing Room. If he/~~she~~ is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is / ~~is not~~) capable of representing himself.
_Daniel Rudolph, Sgt._
Signature / Hearing Officer

11. Plea: _Bruce Hill 138707_ Not Guilty _____ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.
_Daniel Rudolph, Sgt._
Signature / Hearing Officer

Annex C to AR 403 (Page 1 of 5)

*KCF 07-217*

13.  Arresting Officer's testimony (at the hearing):  __My testimony is the same as the circumstances.__

_____

_____

_____

_____

_____

14.  Inmate's Testimony:  __I have submitted (a written statement).__

_____

_____

_____

Witness:  __William Williamison__          Substance of Testimony:  __We were walking and Sgt.__
__Streeter came out and Hill said why did you move me. Sgt. Streeter said because I run this shit. Hill said I__
__need another mattress because the one I have smell like piss. Hill said do you have another mattress. Sgt__

Witness: _____          Substance of Testimony: _____

_____

_____

Witness: _____          Substance of Testimony: _____

_____

_____

15.  The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

_____*Daniel Rudolph, Sgt.*_____
Signature / Hearing Officer

16.  The following witnesses were not called  -  Reason not called

1. _____     _____

2. _____     _____

3. _____     _____

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
The Hearing Officer finds that:    On March 13, 2007 inmate Bruce Hill B/138707 was housed at Kilby C.F.
when he (Hill) was insubordinate towards Sgt. William Streeter when he (Hill) stated "I'm going to show
you these white folks don't care about you niggers."

18. Basis for Finding of Fact:    The Hearing Officer's facts are based on Sgt. Streeter sworn testimony and
Hearing Officer's questions to Sgt. Streeter and inmate Hill and their responses.

19. Hearing Officer's Decision:    __XXX__    Guilty    _____    Not Guilty

20. Recommendation of Hearing Officer:    30 days disciplinary segregation and refer to classification for a
custody review. GTA=0.

_____Daniel Rudolph, Sgt._____
Signature / Hearing Officer

_____DANIEL RUDOLPH, SERGEANT_____
Typed Name and Title

21. Warden's Action – Date  3/22/07
Approved  Cpt. Leon Bul____
Disapproved
Other (specify) _____

22. Reason if more then 30 calendar days delay in action. _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
Named inmate on this the _____ day of _March_ 20__, at (time) _430_ (am / pm)

_____        _Bruce Hill 138707_____
Signature / Serving Officer / Title        Inmate's Signature and AIS Number

Annex C to AR 403  (Page 3 of 5)

KCF07-217

Witness: Streeter said yes but you are not getting another one. Then a verbal altercation took place between both of them and it keep going back and forth. Hill turned around and began to walk towards the fence, he stopped and turned back around and walk towards Sgt. Streeter. Sgt. Streeter said you are disobeying a direct order and I'm going to write you up.

*KCF07-212*

*0-010*

ALDOC Form 225B

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1.    Inmate:  **Bruce Hill**                    Custody: _____    AIS:  **B/138707**

2.    Facility:  **Kilby Correctional Facility**

3.    The above named inmate is being charged by **Sgt. William Streeter** with violation of rule number **#44** specifically
      **Threats** from regulation # **403** which occurred on or about **March 13**, 2007 at (time) **10:46** (am) pm), Location:
      **O-Dorm** . A hearing on this charge will be held after 24 hours from service.

4.    Circumstances of the violation(s) are as follows: **On 3/13/07 at approximately 10:46a.m., You, inmate Bruce Hill
      stated to Sgt. William Streeter "If they put you (Sgt. Streeter) and me (Hill) in a cell together, I will kill
      you.".**

      _3-13-07_____         _William Streeter COII_____
      Date                                       Arresting Officer / Signature / Rank

5.    I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed
      inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the
      witnesses on this the 13 day of **March**, 2007 at (time) **6:41** (am/pm).

      _F.D.Hill COII_____    x_Bruce Hill 138707_____
      Serving Officer / Signature / Rank         Inmate's Signature / AIS Number

6.    Witnesses desired?    NO _____    (YES) _Bruce Hill 138707_
                                Inmate's Signature                    Inmate's Signature

7.    If yes, list: _William Williamson 248277_____

8.    Hearing Date  _19 March 07_  Time _1:40 PM_  Place _Mental Health Office_

9.    Inmate must be present in Hearing Room.  If he/~~she~~ is not present explain in detail on additional page and attach.

10.   A finding is made that inmate  (is / ~~is not~~) capable of representing himself.
      _Daniel Rudolph, Sgt._____
      Signature / Hearing Officer

11.   Plea: _Bruce Hill 138707_ Not Guilty _____ Guilty

12.   The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.
      _Daniel Rudolph, Sgt._____
      Signature / Hearing Officer

13.   Arresting Officer's testimony  (at the hearing):   **My testimony is the same as the circumstances.**

_____

_____

_____

_____

_____

14.   Inmate's Testimony:   **I have submitted (a written statement).**

_____

_____

_____

_____

Witness:   **William Williamison**              Substance of Testimony:   **We were walking and Sgt.**
**Streeter came out and Hill said why did you move me. Sgt. Streeter said because I run this shit. Hill said I**
**need another mattress because the one I have smell like piss. Hill said do you have another mattress. Sgt**

Witness:   _____              Substance of Testimony:   _____

_____

_____

Witness:   _____              Substance of Testimony:   _____

_____

_____

15.   The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

_Daniel Rudolph, Sgt._
      Signature / Hearing Officer

16.   The following witnesses were not called  - Reason not called

1.  _____        _____

2.  _____        _____

3.  _____        _____

Witness: Streeter said yes but you are not getting another one. Then a verbal altercation took place between both of them and it keep going back and forth. Hill turned around and began to walk towards the fence, he stopped and turned back around and walk towards Sgt. Streeter. Sgt. Streeter said you are disobeying a direct order and I'm going to write you up.

KCF07- 217

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
The Hearing Officer finds that:    **On March 13, 2007 inmate Bruce Hill B/138707 was housed at Kilby C.F.**
**when he (Hill) did theaten Sgt. William Streeter by stating "If they put you and me in a cell together, I**
**will kill you."**

18. Basis for Finding of Fact:    **The Hearing Officer's facts are based on Sgt. Streeter sworn testimony and**
**Hearing Officer's questions to Sgt. Streeter and inmate Hill and their responses.**

19. Hearing Officer's Decision:    **XXX**    Guilty    _____    Not Guilty

20. Recommendation of Hearing Officer:    **30 days disciplinary segregation and refer to classification for a**
**custody review. GTA=0.**

_Daniel R. Rudolph, Sgt._
Signature / Hearing Officer

DANIEL RUDOLPH, SERGEANT
Typed Name and Title

21. Warden's Action – Date _3/22/07_
Approved _Capt. Kim Ballare_
Disapproved _____
Other (specify) _____

22. Reason if more then 30 calendar days delay in action. _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
Named inmate on this the _26th_ day of _March_ 20_07_ at (time) _435_ (am / pm)

_____ (A)    _Bruce Hill 138707_
Signature / Serving Officer / Title    Inmate's Signature and AIS Number

KCF07-217

Questions For Sgt. Starter
Re Vio. #44, #56, & #57

1) why Did you Have me moved from
L-Block to the psychiatric ward
of Inmates on O-Block on march 13th,
2007? ~~ASA~~ N/R

2) why Did you Have Officer Rowe
and Barnes Place a mattress In
O-6 cell that was Retched with
Urine and worn out? ~~ASA~~ N/R

3) when I asked you For another
Mattress Due to the mattress
Smelling like Urine "you told
me no " and "told me to strike It
up So you Could Get a team
Down Here And Beat my Ass &
I want another Mattress?
H.D.: This is a statement not a question.

4) Isn't It true every other inmate in O-Block under Suicide watch or on psychological evaluation? AHA N/R

5) why were you Cursing me and then turn around and write me these Disciplinaries after you Had threaten me also? N/R.

6) Are you willing to take a polygraph test with Institutional Investigators, Concerning the fact of you violating A.R. & S.O.P #2C Standard of Conduct "Using Abusive and Derogatory Language & Threats on March 8th, 2007 to inmate Bruce Hill #138707? AHA N/R

7) Isn't It established law I'm entitle to a mattress By Const. Law? Answer: Y, were issued a m ress.

KCF07-217

Statement of Bruce Hill #138707
Rl. Vio #44, #56 & #57

under the First amendment of the
United States Constitution - Freedom of Religion
"I will not be Sworn in to testify,
nor "Swear", "affirm" or take an "Oath"
During this proceeding. I wish to
partake in this proceeding without
my First amendment being violated.
Every Since Sgt. Streeter found
out that I was a litigator and
that I've filed Several complaints
against him for Constitutional
violations, Concerning Deplorable
living Condition and Sanitation
violations Sgt. Streeter Has Had
this attitude with Me. They've stopped
all my legal Supplies and Have me
in the psychiatric Unit in Viola-
tion of Thomas Bradley v. Commissioner
(ADOC).

I'm Requesting a polygraph from
institution, Investigators Concerning
these allegations of violations and
the fact that Sgt. Streeter Has viola-
His Oath as Guard, A.R: SOP 208 and Due
Process of law By Retaliating

against me as a person litigator and Helping Inmates in One Segregation unit with Excercising their Civil Rights.

*KCF 07-2171*

*O -01*    *0*

ALDOC Form 225B    *0*

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1.  Inmate:  **Bruce Hill** _____  Custody: _____  AIS:  **B/138707**

2.  Facility:  **Kilby Correctional Facility**

3.  The above named inmate is being charged by **Sgt. William Streeter** with violation of rule number **#56** specifically **Failure to Obey a Direct Order** from regulation # **403** which occurred on or about **March 13**, 20**07** at (time) **10:45** (am)/ pm), Location: **O-Dorm** . A hearing on this charge will be held after 24 hours from service.

4.  Circumstances of the violation(s) are as follows: **On 3/13/07 at approximately 10:45a.m., You, inmate Bruce Hill B/138707 was given a direct order to start back walking, but you stopped and immediately turned back in Sgt. William Streeter presence.**

    *3-13-07* _____          *William Strut, COI* _____
    Date                               Arresting Officer / Signature / Rank

5.  I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the *13* day of *March* _____, 200*7*, at (time) *6:37* _____ (am/pm).

    _____          *Bruce Hill 138707* _____
    Serving Officer / Signature / Rank    Inmate's Signature / AIS Number

6.  Witnesses desired?    NO _____          (YES) *Bruce Hill 138707*
                          Inmate's Signature              Inmate's Signature

7.  If yes, list: *William, Williamison 248277* _____

8.  Hearing Date *19 March 07*  Time *1:50 PM*    Place *Mental Health Office*

9.  Inmate must be present in Hearing Room.  If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate  (is / is not) capable of representing himself.

    *Daniel Rudolph, Sgt.* _____
    Signature / Hearing Officer

11. Plea: *Bruce Hill 138707* Not Guilty _____  Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.

    *Daniel Rudolph, Sgt.* _____
    Signature / Hearing Officer

13. Arresting Officer's testimony (at the hearing):  **My testimony is the same as the circumstances.**

_____

_____

_____

_____

_____

14. Inmate's Testimony:  **I have submitted (a written statement).**

_____

_____

_____

_____

Witness:  **William Williamison**            Substance of Testimony:  **We were walking and Sgt.**
**Streeter came out and Hill said why did you move me. Sgt. Streeter said because I run this shit. Hill said I**
**need another mattress because the one I have smell like piss. Hill said do you have another mattress. Sgt**

Witness:  _____            Substance of Testimony:  _____

_____

_____

Witness:  _____            Substance of Testimony:  _____

_____

_____

15. The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

Daniel Rudolph, Sgt.
    Signature / Hearing Officer

16. The following witnesses were not called  -  Reason not called

1. _____    _____

2. _____    _____

3. _____    _____

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)

The Hearing Officer finds that:     **On March 13, 2007 inmate Bruce Hill B/138707 was housed at Kilby C.F.**

**when he (Hill) did failure to obey a direct order when Sgt. William Streeter instructed him (Hill) to start**

**back walking. Inmate Hill stopped and immediately turned back in Sgt. Streeter presence.**

18. Basis for Finding of Fact:     **The Hearing Officer's facts are based on Sgt. Streeter sworn testimony and**

**Hearing Officer's questions to Sgt. Streeter and inmate Hill and their responses that were given.**

19. Hearing Officer's Decision:     **XXX**     Guilty     _____     Not Guilty

20. Recommendation of Hearing Officer:     **30 days disciplinary segregation and refer to classification for a**

**custody review. GTA=0.**

_____
Signature / Hearing Officer

_____DANIEL RUDOLPH, SERGEANT_____
Typed Name and Title

21. Warden's Action – Date  **3/22/07**

Approved  *Cpt. Kevin Balling*

Disapproved  _____

Other (specify)  _____

22. Reason if more then 30 calendar days delay in action.  _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
Named inmate on this the _____ day of _March_ 20__, at (time) ____ (am/pm).

_____                    _Bruce Hill 138707_
Signature / Serving Officer / Title                    Inmate's Signature and AIS Number

Annex C to AR 403  (Page 3 of 5)

KCF07-217

Witness: Streeter said yes but you are not getting another one. Then a verbal altercation took place between both of them and it keep going back and forth. Hill turned around and began to walk towards the fence, he stopped and turned back around and walk towards Sgt. Streeter. Sgt. Streeter said you are disobeying a direct order and I'm going to write you up.

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS



# INCIDENT REPORT

| 1. Institution:<br>**Kilby Correctional Facility** | 2. Date:<br>3/13/07 | 3. Time:<br>10:45 A.M. | 4. Incident Number:  Class Code:<br>KCF 07-212 C |
|---|---|---|---|
| 5. Location Where Incident Reported:<br>**O- Dorm** | | 6. Type of Incident: **#44-Threats, #57-Insubordination**<br>**#56-Failure to Obey a Direct Order** | |
| 7. Time Incident Reported:<br>**11:10 A.M.** | | 8. Who Received Report:<br>**Capt. Leon Bolling** | |

| 9. Victims: | Name | | | AIS | |
|---|---|---|---|---|---|
| a. | N/A | | No. | N/A | |
| b. | | | No. | | |
| c. | | | No. | | |

| 10. Suspects: Name | AIS | 10. Witnesses: Name | AIS |
|---|---|---|---|
| a. Bruce Hill | B/138707 | a. CO, Michael Rowe | |
| b. | | b. | |
| c. | | c. | |

**PHYSICAL EVIDENCE:**

| 12. Type of Evidence |
|---|
| N/A |

| 13. Description of Evidence: |
|---|
| N/A |

| 14. Chain of Evidence: |
|---|
| a        N/A |
| b |

Narrative Summary: On 3/13/07 at approximately 10:45 a.m., while conducting Segregation rounds, Sgt. William Streeter entered O-Dorm. CO Nathaniel McCray informed Sgt. Streeter that inmate Bruce Hill B/138707 wanted to talk to him (Sgt. Streeter). Sgt. Streeter entered O-Dorm's exercise yard where inmate Hill was walking. Inmate Hill approached Sgt. Streeter and stated "what is this, why am I down here." Inmate Hill also stated "I'm going to show you theses white folks don't care about you niggers." Sgt. Streeter attempted to counsel inmate Hill about his behavior with negative results. At approximately 10:46 a.m., Sgt. Streeter gave inmate Hill a direct order to start back walking on the yard. Inmate Hill replied with the order given and stated "I'm going to do what I got to do. I'm going to get from back here. I don't care if it takes tearing up that cell. Sgt. Streeter informed inmate Hill that destruction of State property will not be tolerated and a cell extraction would take place if necessary. Inmate Hill immediately stopped walking and returned to Sgt. Streeter presence and stated, "If they put me and you in a cell together, I will kill you. Sgt. Streeter verbally reprimanded inmate Hill and ordered CO Michael Rowe to escort inmate Hill back to his assigned cell O-6 (see attached statement). Inmate Hill continued to yell in obscenities and stated "I don't give a fuck about a disciplinary, I got (117) of them. At approximately 11:10 a.m., Sgt. Streeter reported the incident to Capt. Leon Bolling. Disciplinary action was initiated against inmate Hill for Rule Violations #44-Threats, #56-Failure to Obey a Direct Order, and #57-Insubordination. No further action taken.

Sgt. William Streeter

Distribution:    ORIGINAL AND ONE (1) COPY to Central I & I Division        COPY to Deputy Commissioner of Operations (Class A and B ONLY)<br>COPY to Institutional File        COPY to Central Records Office

ADOC Form 302-A

*KCF07-217*

# STATEMENT

On 3/13/07, CO Michael Rowe was assigned to O-Dorm as O-Dorm Rover. At approximately 10:45 a.m., Sgt. William Streeter entered O-Dorm Exercise Yard. Inmate Bruce Hill B/138707, approached Sgt. Streeter and stated, "why am I down here." Inmate Hill also stated "I'm going to show you these white folks don't care about you niggers. Sgt. Streeter attempted to counsel inmate Hill with negative results. Sgt. Streeter gave inmate Hill a direct order to start back walking on the yard. Inmate Hill replied with the order, but immediately stopped walking and returned to Sgt. Streeter Presence. Inmate Hill stated to Sgt. Streeter, "I know what to go do to get from down here. I'm going to show you niggers, you (Sgt. Streeter) don't run a fucking thing." Inmate Hill continued to yell, "If they put me and you in a cell together, I'll fuck you up, I'll kill you. Sgt. Streeter reprimanded inmate Hill and ordered CO Rowe to escort inmate Hill to his assigned cell O-6. Inmate Hill also stated, "I don't give a fuck about a disciplinary, I have (117) of them, just come in here, I'll fuck you up." No further action taken.

_Cox Wield R_
CO Michael Rowe

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT

| 1. Institution: **Kilby Correctional Facility** | 2. Date: 3-11-2007 | 3. Time: 7:20pm | 4. Incident Number: -KCF07-198 | Class Code: C |
|---|---|---|---|---|
| 5. Location Where Incident Occurred: L-Block | | 6. Type of Incident: **Information** | | |
| 7. Time Incident Reported: 7:45pm | | 8. Who Received Report: **Warden Arnold Holt** | | |

| 9. Victims: | Name | | | AIS |
|---|---|---|---|---|
| a. | **Bruce Hill** | | No. | **B/ 138707** |
| b. | | | No. | |
| c. | | | No. | |

| 10. Suspects: | Name | AIS | 11. Witnesses: | Name | AIS |
|---|---|---|---|---|---|
| a. | **n/a** | No. | a. | **n/a** | No. |
| b. | | No. | b. | | No. |
| c. | | No. | c. | | No. |
| d. | | No. | d. | | No. |
| e. | | No. | e. | | No. |
| | | | f. | | No. |
| | | | g. | | No. |

**PHYSICAL EVIDENCE:**

12. Type of Evidence
   n/a

13. Description of Evidence:
   n/a

14. Chain of Evidence:
a   n/a
b
c
d
e

15. Narrative Summary:

        On 3-11-2007 at approximately 7:45pm Officer Kenneth Washington who was assigned as L-Block Gate # 5 Officer, via hand held radio notified Sgt. Allan Smith that He (Officer Washington) needed me (Sgt. Smith) to report to L-Block. At approximately 7:50pm Sgt. Smith arrived at L-Block, where Officer Washington and LPN Geno Lysykanycz were waiting. LPN Lysykanycz informed Sgt. Smith that inmate Bruce Hill B/ 138707 was complaining that he (inmate Bruce) had not received his (inmate Hill) medications for the time period of 4:00pm. LPN Lysykanycz explained to inmate Hill that LPN Yolanda Hardy had already given inmate Hill the medications due to her (LPN Hardy) initialing the Medication Admin Record (see attached) stating that you (inmate Hill) had already received the medications. Officer Washington informed LPN Lysykanycz that LPN Hardy had not given inmate Hill any medications during the 3:00pm Pill call. Officer Washington stated that LPN Hardy never entered L-Block. LPN Lysykanycz stated that he (LPN Lysykanycz) after being told by Officer Washington that inmate Hill did not receive his (inmate Hill's) medications due to LPN Hardy not entering L-Block; LPN Lysykanycz going on the word of Officer Washington issued the medications to inmate Hill.

| Distribution: | ORIGINAL AND ONE (1) COPY to Central I & I Division<br>COPY to Institutional File | COPY to Deputy Commissioner of Operations (Class A and B ONLY)<br>COPY to Central Records Office |
|---|---|---|



ADOC Form 302-A – June 1, 2005

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution:<br>**Kilby Correctional Facility** | Incident Number:<br>**KCF07-198** | Class Code:<br>**C** |
|---|---|---|
| Date:<br>**3-11-07** | Type of Incident:<br>**Informational** | |

At approximately 7:55pm Sgt. Smith entered L- Block and informed inmate Hill that Sgt. Smith was aware of the problem and that the problem would be looked into. Inmate Hill was given a PHS Complaint form to fill out to turn into the medical staff. At approximately 8:00pm Sgt. Smith via telephone called the on Call Supervisor (Warden Arnold Holt) and notified him (Warden Holt) of the incident. At approximately 8:35pm LPN Lysykanycz entered the Shift Office and stated that LPN Hardy had given LRN Audruy Willis the medication to give to inmate Hill. LPN Willis still had the medication in her (LPN Willis') pocket. No further actions were taken at this time.


_Sgt. Allen Smith_
Sgt. Allan Smith

| Facility Name: Kilby | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Month/Yr. Charting: 3-1-07 / 3-31-07

| Prilosec 20mg + qd x 180days | Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1600 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

Start Date: 1/26/07   Prescriber: Heiper
Stop Date: 7/26/07    RX #:

| Simethecone 80mg ī PO qID x 180days | Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 0300 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | 1600 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

Start Date: 1/24/07   Prescriber: Heiper
Stop Date: 7/26/07    RX #:

| Clonidine 0.2mg P.O. BID | Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 0800 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | 1600 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

Start Date: 2/28/07   Prescriber: Dr. Reffurg
Stop Date: 8/28/07    RX #:

| AFC BID KOP X30d | Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

Start Date: 3/5/07   Prescriber:
Stop Date: 4/5/07    RX #:

| Keflex 250mg PO BID X7d | Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 0900 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | 1900 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

Start Date: 3/9/07   Prescriber:
Stop Date: 3/17/07    RX #:

| | Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

Start Date:   Prescriber:
Stop Date:    RX #:

| Diagnosis | Nurse's Signature | Initial | Nurse's Signature | Initial | Documentation Codes |
|---|---|---|---|---|---|
| Allergies: ASA | | | | | 1. Discontinued Order |
| | | | | | 2. Refused |
| | | | | | 3. Patient out of facility |
| | | | | | 4. Charted in Error |
| Housing Unit: | | | | | 5. Lock Down |
| Patient ID Number: 35707 | | | | | 6. Self Administered |
| Patient Name: | | | | | 7. Medication out of Stock |
| Hill, Bruce | | | Date of Birth: 9/1/05 | | 8. Medication Held |
| | | | | | 9. No Show |
| | | | | | 10. Other |

3/11/07  10:00 pm   Incident Report Regarding Bruce Hill.

Inmate Bruce Hill was given late pill-call medication at about 7:30 pm. He then questioned "where is the rest of my meds"? I responded "late-pill-call involves only one med." "Same that one?" He then became angered. I checked his MAR which showed that the medication was signed thereby given in mid afternoon. Officer Washington (5th gate officer) stated he was not given the meds because he did not accompany any other nurse, other than myself, for pill-call. I then delivered the missed meds to the inmate.

I reported the incident to my supervisor, Ms. Stolinski, RN when Ms. Willis said, "Ms. Hardy tried to give the meds before leaving but no one was available to escort her and gave the pills to me to later give the pill to the inmate." (Ms. Willis was assigned to P-Ward pharmacy).

Gene Lysykanyez, LVN (population pill-call nurse)
Gene Lysykanyez

ALDOC Form 225B

**ALABAMA DEPARTMENT OF CORRECTIONS**
**DISCIPLINARY REPORT**

1. INMATE: **Hill          Bruce** _____ CUSDTODY: **CLS9** _____ AIS NO.**B/138707A**
   _____Last_____First_____Middle_____ DISCIPLINARY # ____**07-716**____

2. FACILITY: **W. C. Holman Correctional Facility**

3. The above inmate is being charged by **Correctional Officer Anthony Weaver**
   with a violation of Rule **29** specifically **Assault on Person Associated with ALDOC**
   from regulation #**403** which occurred on or about **August 2, 2007** at (time) **3:10pm**
   Location: **Segregation Unit L-44.** A hearing on this charge will be held after 24
   hours from service.

4. Circumstances of the violation(s) are as follows:

   On August 2, 2007 at approximately 3:10pm, Officer Weaver was approaching unit
   L-44, when Inmate Bruce Hill stuck his tray out of his tray door and threw it
   at Officer Weaver striking him in the face and chest.

   Date: **8-8-07** _____  *Anthony Weaver CO,*
   _____ Arresting Officer/Signature/Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the
   above named inmate and I informed inmate of his/her right to present written or
   oral statement at the hearing and to present written questions for the witnesses
   on this the **8TH** day of **AUG**_____, 2007 at (time) **8:40** (am/pm).

   *B.S. COI*      REFUSED TO SIGN  *B.S. CO*
   Serving Officer/Signature Rank _____ Inmate's Signature/AIS Number

6. Witnesses desired? NO *REFUSED TO SIGN*  *B.S. CO*  YES _____
   _____Inmate's Signature_____ Inmate's Signature

7. If yes, list_____

8. Hearing Date **8-15-07**____ Time **6:42 P.M.**__ Place **Seg unit**

9. Inmate must be present in Hearing Room. If he/she is not present explain in
   detail on an additional page and attach.

10. A finding is made that inmate (is/is not) capable of representing himself.

    *Charles McL*
    _____ Signature/Hearing Officer

11. Plea: *Refuse to sign / Refuse to attend* Not Guilty _____ Guilty
    *Charles McL Correct*

12. The Arresting Officer, inmate and all witnesses were sworn to tell the
    truth.

    *Charles McL*
    _____ Signature/Hearing Officer

13. Arresting Officer's Testimony (at the hearing): Inmate Bruce Hill did stick his tray
    out of his tray hole door and threw the tray at me. The tray struck me in the face and
    chest.

14. Inmate's Testimony): Inmate Hill refused to attend the hearing.

    SEP 0 7 ENTD

Witness: _____N/A_____ AIS# _____ Substance of Testimony: _____

_____

Witness: _____N/A_____ AIS# _____ Substance of Testimony: _____

_____

Witness: _____N/A_____ AIS# _____ Substance of Testimony: _____

_____

5. The inmate was allowed to submit written questions to all witnesses. (Copy of questions and answers are attached).

*Charles McK* (signature)

Signature/Hearing Officer

6. The following witnesses were not called:      Reason not called:
   1. _____N/A_____                              _____
   2. _____                           _____
   3. _____                           _____

7. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
   The Hearing Officer finds that: On 8-2-07 at approximately 3:10 PM in Seg. Cell #L-44 area of Holman Unit, Inmate Bruce Hill B/138707 did violate rule #29-Assault on a person associated with the ALDOC.

8. Basis for Findings of Fact: The arresting Officer Anthony Weaver, who stated under oath: That Inmate Hill did stick his tray out of his tray hole door. Inmate Hill did throw the tray at Officer Weaver striking him in the face and chest. Also, Inmate Hill refused to attend the hearing and he did not provide any evidence to support a not guilty finding.

9. Hearing Officer's Decision: ___xx___ GUILTY _____ NOT GUILTY

20. Recommendation of Hearing Officer: The HO recommends 45DDS and 45 days loss of all privileges. Refer to I&I and Classification. All sanctions to run consecutive.

*Charles McK* (signature)

Signature/Hearing Officer
Charles McKee, Correctional Lieutenant
Type Name and Title

21. Warden's Action Date: 8-24-07
    Approved ☑ *Watson Billy, Captain* (signature)
    Disapproved _____
    Other (Specify) _____

22. Reason if more than 30 calendar days delay in action: _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named inmate on this 30 day of AUG 2007, at time 11:25 (AM / PM)

*Robert Byrd COI* (signature)                     *Refused to Sign RB* (signature)
Signature/Serving Officer/Title                    Inmate's Signature/AIS Number

# PRESENTING YOUR DEFENSE AT DISCIPLINARY HEARINGS

1.  IF YOU WISH TO MAKE A STATEMENT IN YOUR BEHALF, YOU WILL NEED TO HAVE
    YOUR STATEMENT IN WRITING. YOU WILL READ IT INTO THE RECORD WHEN YOU
    PRESENT YOUR DEFENSE.  AFTER YOU READ IT INTO THE RECORD, YOU WILL
    GIVE THE WRITTEN STATEMENT TO THE HEARING OFFICER.  YOU WILL BE GIVEN
    THE OPPORTUNITY TO ADD TO YOUR STATEMENT, VERBALLY, BEFORE THE
    HEARING OFFICER CLOSES FOR DELIBERATION.

2.  IF YOU HAVE REQUESTED WITNESSES, YOU WILL NEED TO PRESENT ALL
    QUESTIONS WHICH YOU WANT THE HEARING OFFICER TO ASK, IN WRITING, TO
    THE HEARING OFFICER.  HE WILL ASK THE QUESTIONS IF PERTINENT TO THIS
    CASE.  QUESTIONS, AS WELL AS YOUR STATEMENT, ARE TO BE SUBMITTED ON
    PAPER 8 ½ X 11 INCHES. YOU MAY USE INMATE STATIONERY, LEGAL PAPER
    FROM THE LAW LIBRARY OR ANY OTHER PAPER THE CORRECT SIZE.  LEAVE
    ENOUGH SPACE BETWEEN QUESTIONS FOR THE HEARING OFFICER TO WRITE
    THE ANSWERS. USE ONLY ONE SIDE OF EACH SHEET OF PAPER.  YOU DO NOT
    HAVE THE RIGHT TO INSIST UPON A YES OR NO ANSWER; THIS IS AT THE
    DISCRETION OF THE HEARING OFFICER.  SUBMIT SEPARATE STATEMENTS AND
    QUESTIONS FOR EACH DISCIPLINARY AND EACH WITNESS.

3.  IF YOU HAVE REQUESTED MORE THAN THREE WITNESSES, YOU WILL NEED TO
    PREPARE A WITNESS LIST, WITH A BRIEF SUMMARY OF WHAT YOU EXPECT EACH
    WITNESS TO TELL THE HEARING OFFICER.  THE HEARING OFFICER MAY REFUSE
    TO ALLOW ANY WITNESS, WHOSE TESTIMONY IS NOT RELEVANT, TO TESTIFY.

4.  READ ADMINISTRATIVE REGULATION 403, WHICH IS AVAILABLE IN THE LAW
    LIBRARY FOR YOUR USE.

I HAVE READ THESE INSTRUCTIONS ON ___8TH   AuG  07    840 pm___

_____ (DATE AND TIME)

_REFUSED TO SIGN_  _Joy B Smi CO_

INMATE'S SIGNATURE

I CERTIFY THAT I DID SERVE A COPY OF THESE INSTRUCTIONS TO THE ACCUSED
ALONG WITH HIS DISCIPLINARY.   _Joy B Smi CO._

SERVING OFFICER

Inmate Refusal to Attend Disciplinary Hearing

Inmate Bruce Hill 8/13879 was given the opportunity to be present during the

Disciplinary Hearing Case #HP06- 07 716 on 8-15-07 .

Hearing Officer's Signature

Charles Mch core LT.

```
                    CDINC   INMATE DISPLAY   08/AUG/2007    ** PRODUCTION **
AIS: 00138707A     HILL, BRUCE                      R/S: BM   DOB: 09/01/1965
INST: 003 - HOLMAN PRISON              SC    DORM: SC     CK: K CELL: 10
OFF: 212C - RECV STOLEN PROPERTY II                      NCIC OFF: 2803

 1. ADMIT      DT: 08/29/2005 10 COMMIT CNTY : 28 ETWH    MENTAL HEALTH: MH-1
 2. RELEASE    DT: 03/22/2004 20-PAROLE                   JAIL CREDIT  : 0366
 3. SENTENCE   DT: 07/02/1986                             STAT CODE    : 51
 4. LONG RLS   DT: 06/30/2084   TIME SERVED : 022Y01M12D  YOUTH OFF    : A
 5. MIN RLS    DT: 05/29/2081   DEAD TIME   : 000Y00M00D  PR INC LOC   : 00
 6.                             TOT GT REC'D: 000Y00M00D  PRIM JURIS   : 0
 7. RECAPTURE  DT: 07/22/2005   TOT GT RVK'D: 000Y00M00D  SECURITY LVL : 5
 8. READMIT    DT: 07/12/1989   GT-BALANCE  : 000Y00M00D  446 SENT/SERV: Y Y
 9. RETRO CIT  DT:              TOTAL TERM  : 099Y00M00D  TRANSFER CNT : 184
10. GEN PROG   DT: 02/02/2008                             DISCIP   CNT : 124
11. TOLL       DT: 08/15/2005   SERVING CASE: 1989 772.03 DET/WAR  CNT : 0
12. 446 CLASS  DT: 05/29/1991   S I D  NBR  : 00094561    ENEMY    CNT : 6
13. COMP       DT: 03/20/2007   R E D  NBR  : 000000      SPECIAL    ED : N
14. LST TRAN   DT: 06/22/2007   S S N  NBR *: 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

15. CURR CUST DT: 03/05/2007    CUST CODE   : 69 CLS9     CUST RETAIN  :
16. PRES  HRG DT: 09/26/2007    PRES  PRL DT: 09/2007     PRES  HRG DEC: 00
17. PRIOR HRG DT: 09/26/2005    PRIOR PRL DT: 09/2007     PRIOR HRG DEC: 05
COMMENTS:                                                 *PAGE* ARCH: N
```

ALDOC Form 225B
# ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1. INMATE: **Hill        Bruce**                    CUSDTODY:    **CLS9**        AIS NO. **B/138707A**
   Last        First        Middle                  DISCIPLINARY #        **07-716**

2. FACILITY: **W. C. Holman Correctional Facility**

3. The above inmate is being charged by **Correctional Officer Anthony Weaver**
   with a  violation of Rule **44** specifically **Threats**        from regulation #**403** which
   occurred on or about **August 2, 2007** at (time) **3:10pm**
   Location:    **Segregation Unit L-44.**    A hearing on this charge will be held after 24
   hours from service.

4. Circumstances of the violation(s) are as follows:

   **On August 2, 2007, Inmate Hill stated to Officer Weaver, "I'm going to kill**

   **you mother fucker!"**

   Date: **8-8-07**                    *Anthony Weaver* C.O.
                                       Arresting Officer/Signature/Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the
   above named inmate and I informed inmate of his/her right to present written or
   oral statement at the hearing and to present written questions for the witnesses
   on this the **8TH** day of **AUG**        , 2007 at (time) **8:35** (am/pm).

   *OWBS CO*                         *REFUSED TO SIGN* *OWBS co.*
   Serving Officer/Signature Rank        Inmate's Signature/AIS Number

6. Witnesses desired?    NO *REFUSED TO SIGN* *OWBS CO*        YES _____
                            Inmate's Signature                Inmate's Signature

7. If yes, list_____

8. Hearing Date **8-15-07**        Time **6:57 P.M.** Place **SEG UNIT**

9. Inmate must be present in Hearing Room. If he/she is not present explain in
   detail on an additional page and attach.

10. A finding is made that inmate (is/is not) capable of representing himself.

    *Charl Mch*
    Signature/Hearing Officer

11. Plea: Refuse To Sign / Refuse To *Charl Mch curse ct* Attend Not Guilty _____ Guilty

12. The Arresting Officer, inmate and all witnesses were sworn to tell the
    truth.
    *Charl Mch*
    Signature/Hearing Officer

13. Arresting Officer's Testimony (at the hearing): Inmate Hill did state to me, "I'm
    going to kill you motherfucker."

14. Inmate's Testimony): Inmate Hill refused to attend the hearing

**Annex C to AR 403 (Page 1 of 3 pages)**

Witness: _____N/A_____ AIS# _____ Substance of Testimony: _____

_____

Witness: _____N/A_____ AIS# _____ Substance of Testimony: _____

_____

Witness: _____N/A_____ AIS# _____ Substance of Testimony: _____

15. The inmate was allowed to submit written questions to all witnesses. (Copy of questions and answers are attached).

*Charles McK*
Signature/Hearing Officer

16. The following witnesses were not called:          Reason not called:
1. _____N/A_____          _____
2. _____          _____
3. _____          _____

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
The Hearing Officer finds that: On 8-2-07 at approximately 3:10 PM in Seg. Cell #L44 area of Holman Unit, Inmate Bruce Hill B/138707 did violate rule #44-Threats.

18. Basis for Findings of Fact: The arresting Officer Anthony Weaver, who stated under oath: Inmate Hill did state to him in a threatening manner, "I'm going to kill you motherfucker." Also, Inmate Hill refused to attend the hearing and he did not provide HO any evidence to support a not guilty finding.

19. Hearing Officer's Decision: ___XX___ GUILTY _____ NOT GUILTY

20. Recommendation of Hearing Officer: The HO recommends 45DDS and 45 days loss of all privileges. Refer to Classification and I&I. All sanctions to run consecutive.

*Charles McK*
Signature/Hearing Officer
Charles McKee, Correctional Lieutenant
Type Name and Title

21. Warden's Action Date: _____8-24-07_____
Approved _____Waters B.L., Captain_____
Disapproved _____
Other (Specify) _____

22. Reason if more than 30 calendar days delay in action: _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named inmate on this __30__ day of __AUG__ 2007, at time __11:26__ (AM PM).

*Robert Bynd CDI*
Signature/Serving Officer/Title

*Refused to Sign RB*
Inmate's Signature/AIS Number

# PRESENTING YOUR DEFENSE AT DISCIPLINARY HEARINGS

1.  IF YOU WISH TO MAKE A STATEMENT IN YOUR BEHALF, YOU WILL NEED TO HAVE YOUR STATEMENT IN WRITING. YOU WILL READ IT INTO THE RECORD WHEN YOU PRESENT YOUR DEFENSE. AFTER YOU READ IT INTO THE RECORD, YOU WILL GIVE THE WRITTEN STATEMENT TO THE HEARING OFFICER. YOU WILL BE GIVEN THE OPPORTUNITY TO ADD TO YOUR STATEMENT, VERBALLY, BEFORE THE HEARING OFFICER CLOSES FOR DELIBERATION.

2.  IF YOU HAVE REQUESTED WITNESSES, YOU WILL NEED TO PRESENT ALL QUESTIONS WHICH YOU WANT THE HEARING OFFICER TO ASK, IN WRITING, TO THE HEARING OFFICER. HE WILL ASK THE QUESTIONS IF PERTINENT TO THIS CASE. QUESTIONS, AS WELL AS YOUR STATEMENT, ARE TO BE SUBMITTED ON PAPER 8 ½ X 11 INCHES. YOU MAY USE INMATE STATIONERY, LEGAL PAPER FROM THE LAW LIBRARY OR ANY OTHER PAPER THE CORRECT SIZE. LEAVE ENOUGH SPACE BETWEEN QUESTIONS FOR THE HEARING OFFICER TO WRITE THE ANSWERS. USE ONLY ONE SIDE OF EACH SHEET OF PAPER. YOU DO NOT HAVE THE RIGHT TO INSIST UPON A YES OR NO ANSWER; THIS IS AT THE DISCRETION OF THE HEARING OFFICER. SUBMIT SEPARATE STATEMENTS AND QUESTIONS FOR EACH DISCIPLINARY AND EACH WITNESS.

3.  IF YOU HAVE REQUESTED MORE THAN THREE WITNESSES, YOU WILL NEED TO PREPARE A WITNESS LIST, WITH A BRIEF SUMMARY OF WHAT YOU EXPECT EACH WITNESS TO TELL THE HEARING OFFICER. THE HEARING OFFICER MAY REFUSE TO ALLOW ANY WITNESS, WHOSE TESTIMONY IS NOT RELEVANT, TO TESTIFY.

4.  READ ADMINISTRATIVE REGULATION 403, WHICH IS AVAILABLE IN THE LAW LIBRARY FOR YOUR USE.

I HAVE READ THESE INSTRUCTIONS ON ___*8TH AUG 07  8:35 PM*___

(DATE AND TIME)

*REFUSED TO SIGN* ___*Jeff B Sirco*___

INMATE'S SIGNATURE

I CERTIFY THAT I DID SERVE A COPY OF THESE INSTRUCTIONS TO THE ACCUSED ALONG WITH HIS DISCIPLINARY. ___*Jeff B Sirco.*___

SERVING OFFICER

Inmate Refusal to Attend Disciplinary Hearing

Inmate _BRuce Hill_ ¹³/₁₃₈₇₀₇ was given the opportunity to be present during the

Disciplinary Hearing Case #HP06- _716_  on  _8-15-07_ .

.Hearing Officer's Signature

_Charls Mchin_

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

*9-5-07*

# INCIDENT REPORT

TS

| 1. Institution: W. C. Holman Correctional Facility | 2. Date: 08/02/07 | 3. Time: 3:10pm | 4. Incident Number: HP07-**716** | Class Code: B |
|---|---|---|---|---|
| 5. Location Where Incident Occurred: Segregation Unit L Tier by Unit L-44 | | 6. Type of Incident: **Assault on a person associated with the ALDOC and Threats** | | |
| 7. Time Incident Reported: 3:10pm | | 8. Who Received Report: LaNetta Banks, Correctional Sergeant | | |

| 9. Victims: | Name | | No. | AIS |
|---|---|---|---|---|
| a. | **Weaver, Anthony** | | | **Correctional Officer** |
| b. | | | No. | |
| c. | | | No. | |

| 10. Suspects: | Name | | AIS | 11. Witnesses: | Name | | AIS |
|---|---|---|---|---|---|---|---|
| a. | Hill, Bruce | No. | B/138707A | a. | N/A | No. | |
| b. | | No. | | b. | | No. | |
| c. | | No. | | c. | | No. | |
| d. | | No. | | d. | | No. | |
| e. | | No. | | e. | | No. | |
| | | | | f. | | No. | |
| | | | | g. | | No. | |

**PHYSICAL EVIDENCE:**
12. Type of Evidence

N/A

13. Description of Evidence:

N/A

14. Chain of Evidence:
a  N/A
b
c
d
e

15. Narrative Summary:

On August 2, 2007 at approximately 3:10pm, Correctional Officer Anthony Weaver was helping to feed the evening meal on Tier L.

As Officer Weaver was approaching cell #L-44 where Inmate Bruce Hill B/138707A is housed, Inmate Hill stuck his food tray out of his tray hole door and threw it at Officer Weaver; striking him in the face and chest.

Correctional Lieutenant Lloyd Hicks closed Inmate Hill's tray hole door.

*9/7/07*

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution: | Incident Number: | Class Code: |
|---|---|---|
| W. C. Holman Correctional Facility | HP07-716 | B |
| Date: | Type of Incident: **Assault on a person associated with the** | |
| 08/02/07 | **ALDOC and Threats** | |

Narrative Summary (Continued) Page No. 2

Again, Officer Weaver passed cell #L-44 and Inmate Hill stated to Officer Weaver, "I'm going to kill you motherfucker!"

Inmate Hill will receive disciplinary action for rule violations #29-Assault on a person associated with the ALDOC and #44-Threats.


_Anthony Weaver CO_
Anthony Weaver, Correctional Officer

ALDOC Form 225E

**ALABAMA DEPARTMENT OF CORRECTIONS**
**DISCIPLINARY REPORT**

1. INMATE: **Hill**　　**Bruce**　　　　　　CUSDTODY:　　　　　　　AIS NO.**B/138707A**
　　　　　Last　　　　First　　　　Middle　　　　DISCIPLINARY # ____07-707____

2. FACILITY: **W. C. Holman Correctional Facility**

3. The above inmate is being charged by **Correctional Officer Anthony Weaver** with a violation of Rule **57** specifically **Insubordination** from regulation #**403** which occurred on or about **August 1, 2007** at (time) **5:39pm**
Location: **Segregation Unit L-44.** A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows:

　　**On this day and time Inmate Hill did repeatedly call Officer Anthony Weaver a**
　　**bitch in a loud voice.**

　　Date: **8-8-07**　　　　　　　　　_Anthony Weaver_ CO
　　　　　　　　　　　　　　　　　　Arresting Officer/Signature/Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present written or oral statement at the hearing and to present written questions for the witnesses on this the **8TH** day of **AUG**_____, 2007 at (time)**8:25** (am/**pm**).

　_J.B.S. CO._　　　　　　　　REFUSED TO SIGN _J.B.S. CO_
Serving Officer/Signature Rank　　　Inmate's Signature/AIS Number

6. Witnesses desired? NO_____　　　　YES _REFUSED TO SIGN J.B.S._
　　　　　　　　　　　Inmate's Signature　　　　　　Inmate's Signature　　CO

7. If yes, list **SGT BANKS / LT FUQUA**

8. Hearing Date **8-15-07**　　　Time **7:40P.M.**　　Place **SEG. Office**

9. Inmate must be present in Hearing Room. If he/she is not present explain in detail on an additional page and attach.

10. A finding is made that inmate (is/**is not**) capable of representing himself.

　　　　　　　_Charles McL_
　　　　　　　Signature/Hearing Officer

11. Plea: _Refuse To Sign/Refuse To Attend_ Not Guilty _Charles McL COAR LT._ Guilty

12. The Arresting Officer, inmate and all witnesses were sworn to tell the truth.

　　　　　　　_Charles McL_
　　　　　　　Signature/Hearing Officer

13. Arresting Officer's Testimony (at the hearing): On 8-1-07 at approximately 5:35 PM Inmate Hill did repeatedly call me a bitch in a loud voice.

14. Inmate's Testimony): Inmate Hill refused to attend hearing

　　　　　　　　　　　　　　　　　　　SEP 25 ENTD

　　　　　　　　　　　　　Annex C to AR 403 (Page 1 of 3 pages)

Witness: _____N/A_____ AIS#_____ Substance of Testimony: _____

_____

Witness: _Lt. RD Fug____ AIS#_____ Substance of Testimony: _____

   I have no knowledge

_____

Witness: _____N/A_____ AIS#_____ Substance of Testimony: _____

_____

15. The inmate was allowed to submit written questions to all witnesses. (Copy of questions and answers are attached).

                                                           *Charl Mch*
                                            Signature/Hearing Officer

16. The following witnesses were not called:   Reason not called:
   1._____N/A_____            _____
   2._____          _____
   3._____          _____

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
The Hearing Officer finds that: On 8-1-07 at approximately 5:39 PM in Segregation Cell #L-44 area of Holman Unit, Inmate Bruce Hill B/138707 did violate rule #57-Insubordination.

_____

18. Basis for Findings of Fact: The arresting Officer Anthony Weaver, who stated under oath: That on 8-1-07 at approximately 5:39 PM at Seg. Cell #L-44, Inmate Hill did repeatedly call Officer Weaver a bitch in a loud voice. Also, Inmate Hill's refusal to attend and he (Inmate Hill) did not provide HO with any evidence to support a not guilty finding.

19. Hearing Officer's Decision: ___XX___ GUILTY _____ NOT GUILTY

20. Recommendation of Hearing Officer: The HO recommends 45DDS and 45 days loss of all privileges and refer to Classification and I&I. All sanctions to run consecutive.

                                        *Charl Mch*
                                    Signature/Hearing Officer
                                    Charles McKee, Correctional Lieutenant
                                    Type Name and Title

21. Warden's Action Date: ___8-29-07___
   Approved _____, Captain
   Disapproved
   Other (Specify) _____

22. Reason if more than 30 calendar days delay in action: _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named inmate on this _19_ day of _Sept_ 2007, at time _12:45_ (AM/PM).

_Frank William CO_                        _Refuse to Sign_
Signature/Serving Officer/Title             Inmate's Signature/AIS Number

# PRESENTING YOUR DEFENSE AT DISCIPLINARY HEARINGS

1.  IF YOU WISH TO MAKE A STATEMENT IN YOUR BEHALF, YOU WILL NEED TO HAVE YOUR STATEMENT IN WRITING. YOU WILL READ IT INTO THE RECORD WHEN YOU PRESENT YOUR DEFENSE.  AFTER YOU READ IT INTO THE RECORD, YOU WILL GIVE THE WRITTEN STATEMENT TO THE HEARING OFFICER.  YOU WILL BE GIVEN THE OPPORTUNITY TO ADD TO YOUR STATEMENT, VERBALLY, BEFORE THE HEARING OFFICER CLOSES FOR DELIBERATION.

2.  IF YOU HAVE REQUESTED WITNESSES, YOU WILL NEED TO PRESENT ALL QUESTIONS WHICH YOU WANT THE HEARING OFFICER TO ASK, IN WRITING, TO THE HEARING OFFICER.  HE WILL ASK THE QUESTIONS IF PERTINENT TO THIS CASE.  QUESTIONS, AS WELL AS YOUR STATEMENT, ARE TO BE SUBMITTED ON PAPER 8 ½ X 11 INCHES. YOU MAY USE INMATE STATIONERY, LEGAL PAPER FROM THE LAW LIBRARY OR ANY OTHER PAPER THE CORRECT SIZE.  LEAVE ENOUGH SPACE BETWEEN QUESTIONS FOR THE HEARING OFFICER TO WRITE THE ANSWERS.  USE ONLY ONE SIDE OF EACH SHEET OF PAPER.  YOU DO NOT HAVE THE RIGHT TO INSIST UPON A YES OR NO ANSWER; THIS IS AT THE DISCRETION OF THE HEARING OFFICER.  SUBMIT SEPARATE STATEMENTS AND QUESTIONS FOR EACH DISCIPLINARY AND EACH WITNESS.

3.  IF YOU HAVE REQUESTED MORE THAN THREE WITNESSES, YOU WILL NEED TO PREPARE A WITNESS LIST, WITH A BRIEF SUMMARY OF WHAT YOU EXPECT EACH WITNESS TO TELL THE HEARING OFFICER.  THE HEARING OFFICER MAY REFUSE TO ALLOW ANY WITNESS, WHOSE TESTIMONY IS NOT RELEVANT, TO TESTIFY.

4.  READ ADMINISTRATIVE REGULATION 403, WHICH IS AVAILABLE IN THE LAW LIBRARY FOR YOUR USE.

I HAVE READ THESE INSTRUCTIONS ON ___*08 AUG 07 8:25PM*___
                                    (DATE AND TIME)

*REFUSED TO SIGN  /s/ B Smith CO*
INMATE'S SIGNATURE

I CERTIFY THAT I DID SERVE A COPY OF THESE INSTRUCTIONS TO THE ACCUSED ALONG WITH HIS DISCIPLINARY.    */s/ B S- CO.*
                                    SERVING OFFICER

Inmate Refusal to Attend Disciplinary Hearing

Inmate __Bruce Hull__ was given the opportunity to be present during the

Disciplinary Hearing Case #HP06 07 707 on 8-15-07 .

Hearing Officer's Signature

__Charls Mch__

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS                    07-707
MENTAL HEALTH SERVICES

# MENTAL HEALTH CONSULTATION TO THE DISCIPLINARY PROCESS

**STEP 1: ARRESTING OFFICER**
Offense: **Insubordination** _____     Today's Date: **8-8-07**

Inmate Name: **Hill, Bruce** _____ AIS#**B/138707A** Institution: **W.C. Holman**
Is the inmate currently on the mental health caseload?     Yes ? *(go to step 3)* No ? *(next question)*
If No, did you observe signs of psychological distress during the incident requiring a mental health
    referral?                                   Yes ? *(go to step 3)* No? *(go to step 2)*
Name of Arresting Officer: **Anthony Weaver**          Shift: **2Seg.**   Date of Incident: **8-1-07**

**STEP 2: HEARING OFFICER**
Hearing officer must refer the inmate for mental health consultation if the inmate appears unable
to understand what the charge is and what might happen as a result of the charge or the inmate
appears unable to actively participate in the hearing as suggested by NO to any of the following:

- *Inmate knows where he is?*          • *Inmate knows why he is seeing hearing officer?*     • *Inmate knows the date?*
- *Inmate is appropriately dressed*    • *Inmate is able to speak coherently?*               • *Inmate makes sense?*
- *The inmate's statements are logical and organized?*

Should the inmate be referred for mental health evaluation of competency?     Yes   *(go to step 3)*
                                                                              No    *(go to step 4)*

Name of Hearing officer: _____          Referral Date: _____

**STEP 3: MENTAL HEALTH STAFF**
Date requested consult received: _8/8/07_   Date consult returned: _8/8/07_
Is the inmate competent to participate in the hearing?                          (Yes)   No

   If No, why is the inmate not competent? _____

   _____

   If No, what treatment will assist the inmate in becoming competent? _____

   _____
   Are there mental health issues that may have impacted inmate's behavior at the time     Yes   (No)
   of the charge?  If yes, describe the issues: _____

   _____
   Are there mental health issues to be considered regarding disposition if found guilty?   Yes   (No)
   If yes, describe the issues and the relation to the disposition: _____

   _____
   Do mental health staff members wish to be present at the disciplinary hearing to provide input?   Yes  (No)
   Mental Health Staff Member: _____ M.S.        Phone: _ext 333_

**STEP 4: REVIEW**
Have the mental health recommendations been considered?                         Yes   No
Hearing Officer: _____                 Date: _____

INMATE NAME: **HILL, BRUCE**                                    AIS #: **B/138707A**
Disposition: Inmate Medical Record and Institutional Inmate file        Reference: ADOC AR: 623, 626, 632, 633, 635
                                                                        ADOC Form MH-041 - November 14, 2005

```
                    CDINC   INMATE DISPLAY    08/AUG/2007   * PRODUCTION *
 AIS: 00138707A    HILL, BRUCE                   R/S: BM    DOB: 09/01/1965
 INST: 003 - HOLMAN PRISON           SC      DORM: SC       BLK: K CELL: 10
 OFF: 212C - RECV STOLEN PROPERTY II                        NCIC OFF: 2803

  1. ADMIT     DT: 08/29/2005 10 COMMIT CNTY : 28 ETWH      MENTAL HEALTH: MH-1
  2. RELEASE   DT: 03/22/2004 20-PAROLE                     JAIL CREDIT  : 0366
  3. SENTENCE  DT: 07/02/1986                               STAT CODE    : 51
  4. LONG RLS  DT: 06/30/2084    TIME SERVED : 022Y01M12D   YOUTH OFF    : A
  5. MIN RLS   DT: 05/29/2081    DEAD TIME   : 000Y00M00D   PR INC LOC   : 00
  6.                             TOT GT REC'D: 000Y00M00D   PRIM JURIS   : 0
  7. RECAPTURE DT: 07/22/2005    TOT GT RVK'D: 000Y00M00D   SECURITY LVL : 5
  8. READMIT   DT: 07/12/1989    GT BALANCE  : 000Y00M00D   446 SENT/SERV: Y Y
  9. RETRO CIT DT:               TOTAL TERM  : 099Y00M00D   TRANSFER CNT : 184
 10. GEN PROG  DT: 02/02/2008                               DISCIP   CNT : 124
 11. TOLL      DT: 08/15/2005    SERVING CASE: 1989 772.03  DET/WAR  CNT : 0
 12. 446 CLASS DT: 05/29/1991    S I D  NBR  : 00945617     ENEMY    CNT : 6
 13. COMP      DT: 03/20/2007    R E D  NBR  : 000000       SPECIAL    ED : N
 14. LST TRAN  DT: 06/22/2007    S S N  NBR *: 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

 15. CURR CUST DT: 03/05/2007    CUST CODE   : 69 CLS9      CUST RETAIN  :
 16. PRES  HRG DT: 09/26/2007    PRES  PRL DT: 09/2007      PRES  HRG DEC: 00
 17. PRIOR HRG DT: 09/26/2005    PRIOR PRL DT: 09/2007      PRIOR HRG DEC: 05
     COMMENTS:                                               *PAGE* ARCH: N
```

ADOC Form 225B
## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1. INMATE: **Hill        Bruce**        CUSDTODY:_____    AIS NO.**B/138707A**
        Last      First      Middle        DISCIPLINARY #___**07-707**___
2. FACILITY: **W. C. Holman Correctional Facility**
3. The above inmate is being charged by **Correctional Officer Anthony Weaver**
with a  violation of Rule **29** specifically **Assault on Person Associated with the ALDOC**
from regulation #**403** which occurred on or about **August 1, 2007** at (time) **5:40pm**
Location:  **Segregation Unit L-44.**  A hearing on this charge will be held after 24
hours from service.
4. Circumstances of the violation(s) are as follows:

**Inmate Hill did assault Correctional Officer Weaver by snatching a pair of the**

**cuffs that Officer Weaver was removing from Inmate Hill, scraping Officer**

**Weaver left hand.**

____

    Date: **8-8-07**_____        _Anthony Weaver_ CO.
                                        Arresting Officer/Signature/Rank
5. I hereby certify that I have personally served a copy of the foregoing upon the
    above named inmate and I informed inmate of his/her right to present written or
    oral statement at the hearing and to present written questions for the witnesses
    on this the **8TH** day of **AUG**_____, 2007 at (time) **10:20** (am/**pm**).

    _B.S._ CO.                    REFUSED TO SIGN _B.S. CO_
Serving Officer/Signature Rank              Inmate's Signature/AIS Number

6. Witnesses desired?  NO **REFUSED TO SIGN** _B.S. CO_      YES_____
                        Inmate's Signature                 Inmate's Signature
7. If yes, list_____

8. Hearing Date **8-15-07**_____    Time **7:20PM**    Place **SEG UNIT**
9. Inmate must be present in Hearing Room. If he/she is not present explain in
    detail on an additional page and attach.
10. A finding is made that inmate (is/is not) capable of representing himself.

                        _Charles Mck_
                        Signature/Hearing Officer
                _Charles Mck ooee LT_
                        _REFUSE TO ATTEN_
11. Plea: _Refuse to Sign / Refuse to_ Not Guilty_____ Guilty
12. The Arresting Officer, inmate and all witnesses were sworn to tell the
    truth.
                        _Charles Mck_
                        Signature/Hearing Officer
13. Arresting Officer's Testimony (at the hearing): Inmate Hill snatched a pair of
    handcuffs when I was removing them.  While doing this, Inmate Hill scraped my left hand.
    _____
    _____

14. Inmate's Testimony):  Inmate Hill refused to attend the hearing
                                        SEP 0 7 ENTD
    _____
    _____

                        **Annex C to AR 403  (Page 1 of 3 pages)**

Witness: _____N/A_____ AIS#_____ Substance of Testimony: _____

_____

_____

Witness: _____N/A_____ AIS#_____ Substance of Testimony: _____

_____

_____

Witness: _____N/A_____ AIS#_____ Substance of Testimony: _____

_____

_____

15. The inmate was allowed to submit written questions to all witnesses. (Copy of questions and answers are attached).

_Charles McK_
Signature/Hearing Officer

16. The following witnesses were not called:      Reason not called: .
    1._____N/A_____          _____
    2._____          _____
    3._____          _____

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
    The Hearing Officer finds that: On 8-1-07 at approximately 5:40 PM in Seg. Cell #L44 area of
    Holman Unit, Inmate Bruce Hill B/138707 did violate rule #29-Assault on a person
    associated with the ALDOC.

18. Basis for Findings of Fact: The arresting Officer Anthony Weaver, who stated under oath: That
    Inmate Hill did intentionally snatch a pair of handcuffs that Officer Weaver was removing.
    This action did cause Officer Weaver to receive a scratch to his left hand.  Also Inmate
    Hill refused to attend the hearing and he did not provide HO with any evidence to support
    a not guilty finding.

19. Hearing Officer's Decision: __XX__      GUILTY  _____    NOT GUILTY

20. Recommendation of Hearing Officer: The HO recommends 45DDS and 45 days loss of all privileges.
    Refer to classification and I&I.  All sanctions to run consecutive.

_Charles McK_
Signature/Hearing Officer
Charles McKee, Correctional Lieutenant
Type Name and Title

21. Warden's Action Date: _8-24-07_
    (Approved)  _Watanabe, Captain_
    Disapproved _____
    Other (Specify) _____

22. Reason if more than 30 calendar days delay in action: _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
    named inmate on this _30_ day of _AUG_ 2007, at time _11:27_ (AM (PM)).

_Robert Byrd COI_                    _Refused to Sign RB_
Signature/Serving Officer/Title          Inmate's Signature/AIS Number

## PRESENTING YOUR DEFENSE AT DISCIPLINARY HEARINGS

1. IF YOU WISH TO MAKE A STATEMENT IN YOUR BEHALF, YOU WILL NEED TO HAVE YOUR STATEMENT IN WRITING. YOU WILL READ IT INTO THE RECORD WHEN YOU PRESENT YOUR DEFENSE. AFTER YOU READ IT INTO THE RECORD, YOU WILL GIVE THE WRITTEN STATEMENT TO THE HEARING OFFICER. YOU WILL BE GIVEN THE OPPORTUNITY TO ADD TO YOUR STATEMENT, VERBALLY, BEFORE THE HEARING OFFICER CLOSES FOR DELIBERATION.

2. IF YOU HAVE REQUESTED WITNESSES, YOU WILL NEED TO PRESENT ALL QUESTIONS WHICH YOU WANT THE HEARING OFFICER TO ASK, IN WRITING, TO THE HEARING OFFICER. HE WILL ASK THE QUESTIONS IF PERTINENT TO THIS CASE. QUESTIONS, AS WELL AS YOUR STATEMENT, ARE TO BE SUBMITTED ON PAPER 8 ½ X 11 INCHES. YOU MAY USE INMATE STATIONERY, LEGAL PAPER FROM THE LAW LIBRARY OR ANY OTHER PAPER THE CORRECT SIZE. LEAVE ENOUGH SPACE BETWEEN QUESTIONS FOR THE HEARING OFFICER TO WRITE THE ANSWERS. USE ONLY ONE SIDE OF EACH SHEET OF PAPER. YOU DO NOT HAVE THE RIGHT TO INSIST UPON A YES OR NO ANSWER; THIS IS AT THE DISCRETION OF THE HEARING OFFICER. SUBMIT SEPARATE STATEMENTS AND QUESTIONS FOR EACH DISCIPLINARY AND EACH WITNESS.

3. IF YOU HAVE REQUESTED MORE THAN THREE WITNESSES, YOU WILL NEED TO PREPARE A WITNESS LIST, WITH A BRIEF SUMMARY OF WHAT YOU EXPECT EACH WITNESS TO TELL THE HEARING OFFICER. THE HEARING OFFICER MAY REFUSE TO ALLOW ANY WITNESS, WHOSE TESTIMONY IS NOT RELEVANT, TO TESTIFY.

4. READ ADMINISTRATIVE REGULATION 403, WHICH IS AVAILABLE IN THE LAW LIBRARY FOR YOUR USE.

I HAVE READ THESE INSTRUCTIONS ON ___08 AUG 07   8:20PM___
(DATE AND TIME)

___REFUSED TO SIGN for BS co___
INMATE'S SIGNATURE

I CERTIFY THAT I DID SERVE A COPY OF THESE INSTRUCTIONS TO THE ACCUSED ALONG WITH HIS DISCIPLINARY. ___B S CO.___
SERVING OFFICER

Inmate Refusal to Attend Disciplinary Hearing

Inmate _Bruce Hill 9/18707_ was given the opportunity to be present during the

Disciplinary Hearing Case #HP06-_707_ on _8-15-07_.

Hearing Officer's Signature

_Charles Mch_

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
MENTAL HEALTH SERVICES                                    07–707

# MENTAL HEALTH CONSULTATION TO THE DISCIPLINARY PROCESS

**STEP 1: ARRESTING OFFICER**
Offense: **Assault on a personal associated with the ALDOC**   Today's Date: **8-8-07**

Inmate Name: **Hill, Bruce**        AIS# **B/138707A** Institution **W.C. Holman**
Is the inmate currently on the mental health caseload?        Yes *? (go to step 3)* No *? (next question)*
If No, did you observe signs of psychological distress during the incident requiring a mental health referral?        Yes *? (go to step 3)* No?     *(go to step 2)*
Name of Arresting Officer: **Anthony Weaver**        Shift: **2Seg.**   Date of Incident: **8-1-07**

**STEP 2: HEARING OFFICER**
Hearing officer must refer the inmate for mental health consultation if the inmate appears unable to understand what the charge is and what might happen as a result of the charge or the inmate appears unable to actively participate in the hearing as suggested by <u>NO</u> to any of the following:

- *Inmate knows where he is?*
- *Inmate knows he is seeing hearing officer?*
- *Inmate knows the date?*
- *Inmate is appropriately dressed*
- *Inmate is able to speak coherently?*
- *Inmate makes sense?*
- *The inmate's statements are logical and organized?*

Should the inmate be referred for mental health evaluation of competency?        Yes  *(go to step 3)*
                                                        No   *(go to step 4)*

Name of Hearing officer:                    Referral Date:

**STEP 3: MENTAL HEALTH STAFF**
Date requested consult received: **8/8/07**        Date consult returned: **8/8/07**
Is the inmate competent to participate in the hearing?                            Yes  No

    If No, why is the inmate not competent?_____

    _____

    If No, what treatment will assist the inmate in becoming competent?_____

    _____

Are there mental health issues that may have impacted inmate's behavior at the time        Yes   No
of the charge?  If yes, describe the issues:_____

Are there mental health issues to be considered regarding disposition if found guilty?        Yes   No
If yes, describe the issues and the relation to the disposition:_____

Do mental health staff members wish to be present at the disciplinary hearing to provide input?   Yes   No
Mental Health Staff Member: _____ M.S.   Phone: EXT 338

**STEP 4: REVIEW**
Have the mental health recommendations been considered?                            Yes   No
Hearing Officer: _____        Date: **8-15-07**

| INMATE NAME:  HILL,  BRUCE | AIS #: **B/138707A** |

Disposition: Inmate Medical Record and Institutional Inmate file        Reference: ADOC AR: 623, 626, 632, 633, 635
                                                    ADOC Form MH-041 - November 14, 2005

```
                    CDINC    INMATE DISPLAY    08/AUG/2007  ** PRODUCTION **
AIS: 00138707A      HILL, BRUCE                    R/S: BM      DOB: 09/01/1965
INST: 003 - HOLMAN PRISON          SC      DORM: SC      CK: K CELL: 10
OFF: 212C - RECV STOLEN PROPERTY II                      NCIC OFF: 2803

 1. ADMIT      DT: 08/29/2005 10 COMMIT CNTY : 28 ETWH    MENTAL HEALTH: MH-1
 2. RELEASE    DT: 03/22/2004 20-PAROLE                   JAIL CREDIT  : 0366
 3. SENTENCE   DT: 07/02/1986                             STAT CODE    : 51
 4. LONG RLS   DT: 06/30/2084   TIME SERVED : 022Y01M12D  YOUTH OFF    : A
 5. MIN RLS    DT: 05/29/2081   DEAD TIME   : 000Y00M00D  PR INC LOC   : 00
 6.                             TOT GT REC'D: 000Y00M00D  PRIM JURIS   : 0
 7. RECAPTURE  DT: 07/22/2005   TOT GT RVK'D: 000Y00M00D  SECURITY LVL : 5
 8. READMIT    DT: 07/12/1989   GT BALANCE  : 000Y00M00D  446 SENT/SERV: Y Y
 9. RETRO CIT  DT:              TOTAL TERM  : 099Y00M00D  TRANSFER CNT : 184
10. GEN PROG   DT: 02/02/2008                             DISCIP   CNT : 124
11. TOLL       DT: 08/15/2005   SERVING CASE: 1989 772.03 DET/WAR  CNT : 0
12. 446 CLASS  DT: 05/29/1991   S I D  NBR  : 00945617     ENEMY    CNT : 6
13. COMP       DT: 03/20/2007   R E D  NBR  : 000000      SPECIAL   ED : N
14. LST TRAN   DT: 06/22/2007   S S N  NBR *: 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

15. CURR CUST DT: 03/05/2007    CUST CODE   : 69 CLS9     CUST RETAIN  :
16. PRES  HRG DT: 09/26/2007    PRES  PRL DT: 09/2007     PRES  HRG DEC: 00
17. PRIOR HRG DT: 09/26/2005    PRIOR PRL DT: 09/2007     PRIOR HRG DEC: 05
COMMENTS:                                                 *PAGE* ARCH: N
```

ADOC Form 225B
## ALABAMA DEPARTMENT OF CORRECTIONS
### DISCIPLINARY REPORT

1. INMATE: **Hill        Bruce** _____ CUSDTODY: _____ AIS NO.**B/138707A**
   _____Last_____First_____Middle_____ DISCIPLINARY # _____**07-707**_____

2. FACILITY: **W. C. Holman Correctional Facility** _____

3. The above inmate is being charged by **Correctional Officer Anthony Weaver**
   with a violation of Rule **44** specifically _____**Threats**_____ from regulation #**403** which
   occurred on or about **August 1, 2007** at (time) **5:39pm**
   Location: **Segregation Unit L-44.** A hearing on this charge will be held after 24
   hours from service.

4. Circumstances of the violation(s) are as follows:

   **Inmate Hill stated to Officer Weaver in a loud and threatening manor, "when I**

   **get to my cell I'm going to show you something."** _____

   _____

   Date: **8-8-07** _____ _____Anthony Weaver CO_____
                                    Arresting Officer/Signature/Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the
   above named inmate and I informed inmate of his/her right to present written or
   oral statement at the hearing and to present written questions for the witnesses
   on this the **8th** day of **AUG** , 2007 at (time) **820** (am/**pm**).

   _____D.S. CO_____                    REFUSED TO SIGN _____ CO
   Serving Officer/Signature Rank       Inmate's Signature/AIS Number
                                        _____ COI

6. Witnesses desired? NO **REFUSED TO SIGN**      YES _____
                        Inmate's Signature              Inmate's Signature

7. If yes, list_____

8. Hearing Date **8-15-07**          Time **7:10 P.M.**  Place **SEG UNIT**

9. Inmate must be present in Hearing Room. If he/she is not present explain in
   detail on an additional page and attach.

10. A finding is made that inmate (is/is not) capable of representing himself.

    _____Charles McK_____
    Signature/Hearing Officer

11. Plea: **Refuse To Sign / Refuse To Attend** Chal McK cone4  Not Guilty _____ Guilty

12. The Arresting Officer, inmate and all witnesses were sworn to tell the
    truth.

    _____Charles McK_____
    Signature/Hearing Officer

13. Arresting Officer's Testimony (at the hearing): Inmate Hill did state to me in a loud
    and threatening manner, "When I get to my cell, I'm going to show you something."

    _____
    _____

14. Inmate's Testimony): _Inmate Hill refused to attend the hearing_

    _____ SEP 07 ENTD

    _____

                                        **Annex C to AR 403 (Page 1 of 3 pages)**

Witness: _____N/A_____ AIS# _____ Substance of Testimony: _____

_____

Witness: _____N/A_____ AIS# _____ Substance of Testimony: _____

_____

Witness: _____N/A_____ AIS# _____ Substance of Testimony: _____

_____

15. The inmate was allowed to submit written questions to all witnesses. (Copy of questions and answers are attached).

*Chal Mcl*
Signature/Hearing Officer

16. The following witnesses were not called:          Reason not called:
    1. _____N/A_____      _____
    2. _____     _____
    3. _____

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
The Hearing Officer finds that: On 8-1-07 at approximately 5:39 PM in Seg. Cell #L44 area of Holman Unit, Inmate Bruce Hill B/138707 did violate rule #44-Threats.

18. Basis for Findings of Fact: The arresting Officer Anthony Weaver, who stated under oath: That Inmate Hill did state to him, "When I get to my cell, I'm going to show you something." Also, Inmate Hill refused to attend the hearing and he did not provide HO any evidence to support a not guilty finding.

19. Hearing Officer's Decision: ___xx___ GUILTY _____ NOT GUILTY

20. Recommendation of Hearing Officer: The HO recommends 45DDS & 45 days loss of all privileges Refer to Classification and I&I. All sanctions to run consecutive.

*Chal Mcl*
Signature/Hearing Officer
Charles McKee, Correctional Lieutenant
Type Name and Title

21. Warden's Action Date: 8-28-07
    Approved _____, Captain
    Disapproved
    Other (Specify) _____

22. Reason if more than 30 calendar days delay in action: _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named inmate on this 30 day of AUG 2007, at time 11:24 (AM / PM)

*Robert Byrd COI*                          *Refused to Sign RB*
Signature/Serving Officer/Title            Inmate's Signature/AIS Number

# PRESENTING YOUR DEFENSE AT DISCIPLINARY HEARINGS

1. IF YOU WISH TO MAKE A STATEMENT IN YOUR BEHALF, YOU WILL NEED TO HAVE YOUR STATEMENT IN WRITING. YOU WILL READ IT INTO THE RECORD WHEN YOU PRESENT YOUR DEFENSE. AFTER YOU READ IT INTO THE RECORD, YOU WILL GIVE THE WRITTEN STATEMENT TO THE HEARING OFFICER. YOU WILL BE GIVEN THE OPPORTUNITY TO ADD TO YOUR STATEMENT, VERBALLY, BEFORE THE HEARING OFFICER CLOSES FOR DELIBERATION.

2. IF YOU HAVE REQUESTED WITNESSES, YOU WILL NEED TO PRESENT ALL QUESTIONS WHICH YOU WANT THE HEARING OFFICER TO ASK, IN WRITING, TO THE HEARING OFFICER. HE WILL ASK THE QUESTIONS IF PERTINENT TO THIS CASE. QUESTIONS, AS WELL AS YOUR STATEMENT, ARE TO BE SUBMITTED ON PAPER 8 ½ X 11 INCHES. YOU MAY USE INMATE STATIONERY, LEGAL PAPER FROM THE LAW LIBRARY OR ANY OTHER PAPER THE CORRECT SIZE. LEAVE ENOUGH SPACE BETWEEN QUESTIONS FOR THE HEARING OFFICER TO WRITE THE ANSWERS. USE ONLY ONE SIDE OF EACH SHEET OF PAPER. YOU DO NOT HAVE THE RIGHT TO INSIST UPON A YES OR NO ANSWER; THIS IS AT THE DISCRETION OF THE HEARING OFFICER. SUBMIT SEPARATE STATEMENTS AND QUESTIONS FOR EACH DISCIPLINARY AND EACH WITNESS.

3. IF YOU HAVE REQUESTED MORE THAN THREE WITNESSES, YOU WILL NEED TO PREPARE A WITNESS LIST, WITH A BRIEF SUMMARY OF WHAT YOU EXPECT EACH WITNESS TO TELL THE HEARING OFFICER. THE HEARING OFFICER MAY REFUSE TO ALLOW ANY WITNESS, WHOSE TESTIMONY IS NOT RELEVANT, TO TESTIFY.

4. READ ADMINISTRATIVE REGULATION 403, WHICH IS AVAILABLE IN THE LAW LIBRARY FOR YOUR USE.

I HAVE READ THESE INSTRUCTIONS ON ___08 AUG 07   8:20 PM___
(DATE AND TIME)

_REFUSED TO SIGN_ _for B Si Co_
INMATE'S SIGNATURE

I CERTIFY THAT I DID SERVE A COPY OF THESE INSTRUCTIONS TO THE ACCUSED ALONG WITH HIS DISCIPLINARY.   _B Si CO._
SERVING OFFICER

Inmate Refusal to Attend Disciplinary Hearing

Inmate _Bruce Hill ⁹⁄₁₃₈₇₀₇_ was given the opportunity to be present during the

Disciplinary Hearing Case #HP06- _707_ on _8-15-07_ .

Hearing Officer's Signature

_Charls McL_

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
MENTAL HEALTH SERVICES                              **07–707**

# MENTAL HEALTH CONSULTATION TO THE DISCIPLINARY PROCESS

**STEP 1: ARRESTING OFFICER**
Offense: ___**Threats**___                                      Today's Date: **8-8-07**

Inmate Name: **Hill, Bruce** _____ AIS#:**B/138707A** Institution: **W.C. Holman**
Is the inmate currently on the mental health caseload?     Yes *? (go to step 3)* No *? (next question)*
If No, did you observe signs of psychological distress during the incident requiring a mental health
referral?                                        Yes *? (go to step 3)* No?     *(go to step 2)*
Name of Arresting Officer: **Anthony Weaver**          Shift: **2Seg.**   Date of Incident: **8-1-07**

**STEP 2: HEARING OFFICER**
Hearing officer must refer the inmate for mental health consultation if the inmate appears unable
to understand what the charge is and what might happen as a result of the charge or the inmate
appears unable to actively participate in the hearing as suggested by <u>NO</u> to any of the following:

- Inmate knows where he is?      • Inmate knows why he is seeing hearing officer?      • Inmate knows the date?
- Inmate is appropriately dressed      • Inmate is able to speak coherently?      • Inmate makes sense?
- The inmate's statements are logical and organized?

Should the inmate be referred for mental health evaluation of competency?     Yes   *(go to step 3)*
                                                                              No    *(go to step 4)*

Name of Hearing officer: _____          Referral Date: _____

**STEP 3: MENTAL HEALTH STAFF**
Date requested consult received: **8/8/07** _ Date consult returned: **8/8/07**
Is the inmate competent to participate in the hearing? _____ (Yes)   No

  If No, why is the inmate not competent?_____

  _____

  If No, what treatment will assist the inmate in becoming competent?_____

  _____

Are there mental health issues that may have impacted inmate's behavior at the time   Yes  (No)
of the charge?  If yes, describe the issues:_____

Are there mental health issues to be considered regarding disposition if found guilty?  Yes  (No)
If yes, describe the issues and the relation to the disposition:_____

Do mental health staff members wish to be present at the disciplinary hearing to provide input?  Yes (No)
Mental Health Staff Member: _____  Phone: **241-333**

**STEP 4: REVIEW**
Have the mental health recommendations been considered?                    (Yes)  No
Hearing Officer: _____                                Date: **8-15-07**

| INMATE NAME: **HILL, BRUCE** | AIS #: **B/138707A** |
| --- | --- |

Disposition: Inmate Medical Record and Institutional Inmate file

Reference: ADOC AR: 623, 626, 632, 633, 635
ADOC Form MH-041 - November 14, 2005

```
              CDINC   INMATE DISPLAY   08/20/2006 DOC PRODUCTIONS
AIS: 00138707A    HILL, BRUCE                R/S: BM    DOB: 09/01/1965
INST: 003 - HOLMAN PRISON         SC    DORM: SC       CK: K CELL: 10
OFF: 212C - RECV STOLEN PROPERTY II                    NCIC OFF: 2803

 1. ADMIT    DT: 08/29/2005 10 COMMIT CNTY : 28 ETWH    MENTAL HEALTH: MH-1
 2. RELEASE  DT: 03/22/2004 20-PAROLE                   JAIL CREDIT  : 0366
 3. SENTENCE DT: 07/02/1986                             STAT CODE    : 51
 4. LONG RLS DT: 06/30/2084 TIME SERVED : 022Y01M12D    YOUTH OFF    : A
 5. MIN RLS  DT: 05/29/2081 DEAD TIME   : 000Y00M00D    PR INC LOC   : 00
 6.                         TOT GT REC'D: 000Y00M00D    PRIM JURIS   : 0
 7. RECAPTURE DT: 07/22/2005 TOT GT RVK'D: 000Y00M00D   SECURITY LVL : 5
 8. READMIT  DT: 07/12/1989 GT BALANCE  : 000Y00M00D    446 SENT/SERV: Y Y
 9. RETRO CIT DT:           TOTAL TERM  : 099Y00M00D    TRANSFER CNT : 184
10. GEN PROG DT: 02/02/2008                             DISCIP   CNT : 124
11. TOLL     DT: 08/15/2005 SERVING CASE: 1989 772.03   DET/WAR  CNT : 0
12. 446 CLASS DT: 05/29/1991 S I D  NBR : 00945617      ENEMY    CNT : 6
13. COMP     DT: 03/20/2007 R E D  NBR : 000000         SPECIAL   ED : N
14. LST TRAN DT: 06/22/2007 S S N  NBR *: 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

15. CURR CUST DT: 03/05/2007 CUST CODE  : 69 CLS9       CUST RETAIN  :
16. PRES  HRG DT: 09/26/2007 PRES  PRL DT: 09/2007      PRES  HRG DEC: 00
17. PRIOR HRG DT: 09/26/2005 PRIOR PRL DT: 09/2007      PRIOR HRG DEC: 05
COMMENTS:                                                 *PAGE* ARCH: N
```

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

*WB*
*9-6-07*

# INCIDENT REPORT                TS

| 1. Institution: W. C. Holman Correctional Facility | 2. Date: 08/01/07 | 3. Time: 5:40pm | 4. Incident Number: HP07-**707** | Class Code: B |
|---|---|---|---|---|
| 5. Location Where Incident Occurred: Segregation Unit L-44 | | 6. Type of Incident: **Use Of Force, Chemical Agent-Freeze +P/Threats Insubordination/Assault on a person associated with the ALDOC** | | |
| 7. Time Incident Reported: 5:43pm | | 8. Who Received Report: LaNetta Banks, Correctional Sergeant | | |

| 9. Victims: | Name | | No. | AIS |
|---|---|---|---|---|
| a. | Weaver, Anthony | | No. | Correctional Officer |
| b. | | | No. | |
| c. | | | No. | |

| 10. Suspects: | Name | AIS | | 11. Witnesses: | Name | AIS |
|---|---|---|---|---|---|---|
| a. | Hill, Bruce | No. B/138707A | | a. | N/A | No. |
| b. | | No. | | b. | | No. |
| c. | | No. | | c. | | No. |
| d. | | No. | | d. | | No. |
| e. | | No. | | e. | | No. |
| | | | | f. | | No. |
| | | | | g. | | No. |

PHYSICAL EVIDENCE:

12. Type of Evidence

N/A

13. Description of Evidence:

N/A

14. Chain of Evidence:

a  N/A
b
c
d
e

15. Narrative Summary:

On August 1, 2007, Correctional Officer Anthony Weaver was assigned to shower the middle floor of the Segregation Annex with Correctional Officer Michael Branch.

At approximately 5:20pm, Officer Weaver handcuffed Inmate Bruce Hill B/138707A and sent him to the showers.

At approximately 5:35pm, Officer Weaver walked to the shower area and Officer Branch informed Officer Weaver that he had given Inmate Hill, a direct order to exit the shower. Officer Branch asked Officer Weaver to check on Inmate Hill. Officer Weaver went to the shower containing Inmate Hill and gave Inmate Hill a direct order to exit the shower.

Distribution:    ORIGINAL AND ONE (1) COPY to Central I & I Division
*8/7/07*    COPY to Institutional File

COPY to Deputy Commissioner of Operations (Class A and B ONLY)
COPY to Central Records Office    ADOC Form 302-A – June 1, 2005

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution: | Incident Number: | Class Code: |
|---|---|---|
| W. C. Holman Correctional Facility | HP07-707 | B |

| Date: | Type of Incident: Use Of Force, Chemical Agent-Freeze +P/Threats |
|---|---|
| 08/01/07 | Insubordination/Assault on a person associated with the ALDOC |

Narrative Summary (Continued) Page No. 2

Inmate Hill responded by stating, "y'all ain't going to rush me out of my shower." Officer Weaver gave Inmate Hill a direct order to exit the shower for the second time. Inmate Hill refused and began to soap up again.

Officer Weaver removed his canister #97 of Freeze+P and informed Inmate Hill that if he did not exit the shower he would be sprayed. Inmate Hill then began to rinse off; Inmate Hill did exit the shower but became loud with Officer Weaver.

At approximately 5:40pm, Officer Weaver gave a direct order to Inmate Hill to go to his cell, Inmate Hill did not respond to the order. Inmate Hill was trying to face Officer Weaver and argue, Officer Weaver ordered Inmate Hill to go to his cell. Inmate Hill refused to comply; Officer Weaver placed his right hand on Inmate Hill's left arm and turned him (Inmate Hill) around to face down the tier, and again told Inmate Hill to go to his cell. Inmate Hill spun around to face Officer Weaver and made a step toward him. Officer Weaver again placed his right hand on Inmate Hill's left arm and spun him around again. Inmate Hill did begin to walk to his cell; Officer Weaver escorted Inmate Hill to his cell.

On the way to the cell, Inmate Hill was insubordinate to Officer Weaver by repeatedly calling him a "BITCH!" Inmate Hill also stated in a loud threatening manor, "when I get in my cell I'm going to show you something!" Officer Weaver escorted Inmate Hill to his cell #L-44 and secured him in the cell. Inmate Hill was still being verbally abusive as he placed his cuffed hands in the tray hole. When Officer Weaver began to remove the handcuffs, Inmate Hill snatched the cuffs out of Officer Weaver's hand causing his left hand to be scraped. Officer Weaver gave Inmate Hill a direct order to return the cuffs. Inmate Hill refused to comply and became loud and abusive again. Officer Weaver removed his can of Freeze+P and sprayed Inmate Hill with a one-second burst of Freeze+P and closed the tray hole door.

At approximately 5:43pm, Officer Weaver informed Correctional Sergeant LaNetta Banks of the incident. Sgt. Banks and Correctional Officer Issac Moody entered cell #L-44 and escorted Inmate Hill to the Health Care Unit for decontamination and returned Inmate Hill to his cell.

Inmate Hill will receive disciplinary action for rule violations #44-Threats, #57-Insubordination, and #29-Assault on a person associated with the ALDOC.

Anthony Weaver CO
Anthony Weaver, Correctional Officer

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution: | Incident Number: | Class Code: |
|---|---|---|
| W. C. Holman Correctional Facility | HP06-707 | B |

| Date: | Type of Incident: Use Of Force, Chemical Agent-Freeze +P/Threats |
|---|---|
| 08/01/07 | Insubordination/Assault on a person associated with the ALDOC - |

Narrative Summary (Continued) Page No. 3

Addendum Statement from Correctional Sergeant LaNetta Banks

On August 1, 2007 at approximately 5:43 PM, Correctional Officer Anthony Weaver did report to me, Correctional Sergeant LaNetta Banks, that Inmate Bruce Hill B/138707A snatched the handcuffs from him (Officer Weaver) causing his left hand to be scrapped. I did see the marks on Officer Weaver's left-hand.

Officer Weaver did report to W. C. Holman's Health Care Unit (see attached medical chart). I asked Officer Weaver if he wanted to report to the doctor and Officer Weaver refused.

A First Report of Injury packet was completed and faxed to appropriate officials.


LaNetta Banks, Correctional Sergeant

ADOC Form 302-B – June 1, 2005

STATE OF ALABAMA
DEPARTMENT OF FINANCE
DIVISION OF RISK MANAGEMENT
STATE EMPLOYEE INJURY COMPENSATION TRUST FUND (SEICTF)

*07-707*

## ACCIDENT REPORT - EMPLOYEE'S STATEMENT

**This form to be completed by the employee and submitted to immediate supervisor on the day the injury occurred. The supervisor should fax the First Report of Injury (SEICTF Form 1) along with this form immediately to:**
**FAX (334) 223-6170 or toll-free: (888) 827-6753.**

Name of Employee: ANTHONY WEAVER    Social Security Number 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
Home Address: 186 LONDON CIRCLE    CASTLEBERRY AL 36432
Home Phone No.: (251) 966-2555    Employee's Date of Birth: 9/4/63
Job Title: CORRECTIONAL OFFICER County of Employment: ESC.
Date of Injury/Accident: 08-01-07    Time of Injury/Accident: 5:40    a.m (p.m.)
Date Supervisor Notified: 08-01-07
Was accident/ injury the result of an automobile accident? _____ Yes ___✓___ No
If yes, obtain a copy of police report of accident and submit to supervisor as soon as possible.

City or Town where injury/accident occurred: ATMORE AL
Location or place where accident/injury occurred: HOLMAN SEGREGATION UNIT K-44
Were there any witnesses? If so, give names, addresses, and phone numbers. _____
NONE

Describe fully what happened to cause the injury/accident and indicate the body part(s) affected:
CO WEAVER WAS ESCORTING INMATE BRUCE HILL B-138970 BACK TO UNIT L-44, WHEN CO WEAVER ATTEMPTED TO REMOVE THE HANDCUFFS FROM INMATE HILL SNATCHED AWAY CAUSES CO WEAVER'S LEFT HAND TO HIT THE TOP OF THE TRAYDOOR AREA.

At the time of the injury where you using any protective equipment (ex. latex gloves, eye protection)? _____ Yes ___✓___ No   If yes, list what equipment was being used:

Insurance Coverage? __✓__ Yes _____ No   If yes, Blue Cross (State of Alabama) _____
Other _____

Signature of Employee: X Anthony Weaver CO    Date: 08/02/07

Signature of supervisor reporting incident LaNetta Bays    Date received: 08/02/07

SEICTF Form 1A   05/04

07-707

# PART II
## This section is to be completed by the potentially exposed employee.

Due to contact with blood, body fluid or other potentially infectious material, I understand that I may have been exposed to a bloodborne pathogen. In order to determine if this has happened, it may be necessary to test my blood for HIV (virus which causes AIDS), Hepatitis B virus (HBV), and Hepatitis C virus (HCV). I authorize the health care facility performing the testing, to release the test results to SEICTF and the follow-up SEICTF physician. I understand the results of these tests will be kept confidential and related costs will be paid by SEICTF. I further understand that SEICTF will have no responsibility to provide coverage to any state employee who refuses initial treatment, baseline blood testing, and/or release of test results for HIV, HBV and HCV.

### Release of Health Information
I hereby authorize any physician, healthcare professional, hospital or other medical care facility to provide my complete health care records, including all lab results, to representatives of SEICTF, and/or its agents regarding my health and any treatment rendered. The purpose for disclosure of these records is to allow SEICTF to evaluate the patient's medical history and injuries in this claim and to administer benefits the patient may be eligible for under the SEICTF program. A photocopy or exact reproduction of this signed authorization shall have the same force and effect as the original. This Release of Health Information is valid for one year from the date the patient signed this release.

**Sign ONE of the following:**

**A.)** I understand the above, have been given the opportunity to ask questions and agree to treatment and release of health information.

_____     _____     _____
Print Employee Name              Employee's Signature              Date

_____     _____     _____
Print Supervisor's Name          Supervisor's Signature            Date

**B.)** I understand the above, have been given the opportunity to ask questions and **REFUSE** medical treatment understanding that I am declining my SEICTF benefits for this potential exposure.

ANTHONY WEAVER CO          Anthony Weaver CO          8/2/07
Print Employee Name              Employee's Signature              Date

Lonnie Bonds               [signature]                 08/02/07
Print Supervisor's Name          Supervisor's Signature            Date

Page 2 of 2

SEICTF Form 7    05/04

STATE OF ALABAMA
DEPARTMENT OF FINANCE
DIVISION OF RISK MANAGEMENT
STATE EMPLOYEE INJURY COMPENSATION TRUST FUND (SEICTF)

*07-707*

**EMPLOYER'S FIRST REPORT OF INJURY OR OCCUPATIONAL DISEASE**

\_ Report to be completed by supervisor or other designated authority.
\_ All questions must be answered.
\_ Type or print

SEND TO:   State Employee Injury Compensation Trust Fund
Division of Risk Management
P. O. Box 303250
Montgomery, AL 36130-3250
24 hr.  FAX: (334) 223-6170 or 1-888-827-6753

This report must be completed and FAXED to the Division of Risk Management within 24 hours of the injury. If you are unable to FAX, the injury may be reported by calling: 1-800-388-3406, 8 AM to 5 PM, Monday thru Friday. After hours injury reports should be FAXED or called in at the beginning of the next working day.

| 1. Name of Injured Employee (Please type or print) | | | 2.   SSN | 3.  Date of Birth | 4.   Sex |
|---|---|---|---|---|---|
| (Last) WEAVER | (First) ANTHONY | (MI) | 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 | 09/04/1963 | ✓ M   F |

5. Home Address
(No. and Street)  186 LONDON CIRCLE
(City or Town)  CASTLEBERRY AL
(State)
(Zip)  36432

6. Phone  Home  (251) 966-2555
Work  (251) 368-7914
Cell  (251) 363-2033
Work Hours:  From: 2 PM   To: 10 PM

7. Job Title
CORRECTIONAL OFFICER

8.  Status  ✓ Full Time
\_ Part Time
\_ Contract

9. Job Code
60711

10. Employing Agency  Holman Corr. Facility   Agency Number

11. Division, District, etc.  ESCOMBIA

12. Agency Address (No. and Street)  3700 Holman Rd.   (City or Town) ATMORE   (State) AL   (Zip) 36503

| 13.   Date of Injury  08  2  07 | 14.   Date Employer Notified  08  2  07 | 15.    Time of Injury  :   AM  ✓ PM |
|---|---|---|

16. Is employee covered by State Employee Medical Insurance?  ✓ Yes   \_ No

17. At this time, has the injury or illness required medical treatment?  \_ Yes   ✓ No   (If YES, complete 18 & 19.)

18. Name and address of treating physician:
N/A

19. Name and address of hospital:

\_ Hospitalized   \_ Outpatient   \_ Emergency Treatment   ✓ NONE

20. City or town where injury occurred:
ATMORE AL

21. Was injury caused by a motor vehicle accident?
\_ Yes   ✓ No

22. Was more than one person injured in this incident?  \_ Yes   ✓ No

23. Describe fully what happened to cause the injury or illness and indicate the body part(s) affected:
REDDNESS NOTED at LEFT FRONTal aND Back of HanD.
Open areas Noted. (Seveal small scratches ON LEFT HAND
Caused By aN INMATE.

24. Were there any witnesses to the injury?  \_ Yes   ✓ No   (If yes, give name, address and phone number.)

| 25.  Signature of supervisor reporting incident | Print Name  LaNette Banks | Phone (Daytime) (251)368-7914 | Date 8/2/07 |
|---|---|---|---|

SEICTF Form 1  REV 06/04

STATE OF ALABAMA
DEPARTMENT OF FINANCE
DIVISION OF RISK MANAGEMENT
STATE EMPLOYEE INJURY COMPENSATION TRUST FUND (SEICTF)

## AUTHORIZATION FOR INITIAL TREATMENT AND PHARMACY

07-707

### TO BE COMPLETED BY EMPLOYEE
If you desire program benefits, read and sign below.  Benefits will not be authorized without your signature.
AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION
I hereby authorize any physician, health care professional, hospital, or other medical facility to provide my complete health care records to representatives of the State Employee Injury Compensation Trust Fund (SEICTF), and/or its' agents regarding my health and any treatment rendered.  I authorize representatives of SEICTF and/or its' agents to examine any and all records including but not limited to: all history and physical examinations; progress notes; physicians' notes; lab reports; x-ray, MRI, CT scans, myelograms and all other diagnostic procedure reports; all consultation reports and records, in-patient and out-patient facility records; operative reports; payment records, prescribed medications; and all notes, correspondence and records of any kind.

In addition, I authorize the release of information relating to (1) communicable diseases such as hepatitis and the human immunodeficiency virus (HIV); (2) alcohol/drug abuse records; and (3) all mental health, counseling and psychiatric and psychological records.

The purpose for disclosure of these records is to allow SEICTF to evaluate the patient's medical history and injuries in this claim and to administer benefits the patient may be eligible for under the SEICTF program.  A photocopy or exact reproduction of this signed authorization shall have the same force and effect as the original.  This Authorization for Release of Health Information is valid for one year from the date the employee signed this release.

| Anthony Weaver CO | 8-2-07 |
|---|---|
| Employee Signature | Date |

**EMPLOYEE: Give completed copy to your supervisor immediately after receiving treatment.**

### TO BE COMPLETED BY SUPERVISOR

Employee Name: ANTHONY WEAVER            S.S. # 422.04-2577

Date of Injury 08-01-07
Description of Accident/Injury: Small Scratches on top of Left Hand.

Supervisor's Signature: ___            Date: 08-02-07
Agency: STATE OF AL            Division/Facility: 3 Bolmen Corr. Facility

**When completed by supervisor and physician - fax immediately to SEICTF at (334) 223-6170 or 1-888-827-6753**

### TO BE COMPLETED BY PHYSICIAN

Diagnosis: ___
Work Status: ___    May return to full duty ___

___ Out of work for _____ days, then return to work with restrictions (see below)

May return to work with the following restrictions for _____ days:
Activity restrictions: ___

RETURN APPOINTMENT DATE: _____    _____ None Scheduled

Office Phone: _____
Physician Name (please print) _____

Physician Signature _____    Date _____

SEICTF FORM 3-A REV 05/04                          Page 1 of 2
PLEASE SEE OTHER SIDE OF FORM FOR CLAIMS FILING INSTRUCTIONS



07-707

**STATE OF ALABAMA**
## DEPARTMENT OF CORRECTIONS
**Montgomery, Alabama 36130-1501**

FOB JAMES, JR.
GOVERNOR

JOE S. HOPPER
COMMISSIONER

# WAIVER

The State Employee Injury Compensation Trust Fund (SEICTF) has been

explained to me. My supervisor has provided a list of the Network Provider

physicians to me from which to choose. However I do not elect to use the SEICTF

program and prefer to use my own personal physician that is not listed in the

Network Provider.


I fully understand that by signing this waiver, I will not be eligible for the benefits

of the SEICTF (more commonly known as Workman's Comp) program.


X _Anthony Means CO_
Signature

_8-2-07_
Date

*Revised 03/97*



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

# EMERGENCY

07-707

| ADMISSION DATE 8/1/07 | TIME 215 AM/PM | ORIGINATING FACILITY _Hutman_ ☐ SIR ☐ PDL ☐ ESCAPEE | ☐ SICK CALL  ☐ EMERGENCY ☐ OUTPATIENT |
|---|---|---|---|

| ALLERGIES NKA | CONDITION ON ADMISSION ☐ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA |
|---|---|

| VITAL SIGNS: TEMP _____ ORAL RECTAL | RESP. _____ | PULSE _____ | B/P __/__ | RECHECK IF SYSTOLIC <100> 50 __/__ |
|---|---|---|---|---|

**NATURE OF INJURY OR ILLNESS**

S: Inmate scratch my Left
hand.

O: Reddness noted at Left
frontal & back of hand.
Open areas noted.

| ABRASION /// | CONTUSION # | BURN XX XX | FRACTURE Z Z | LACERATION / _____ SUTURES |
|---|---|---|---|---|

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

**PHYSICAL EXAMINATION**

P: Cleanse Left hand c̄ peroxide
& applied TAO as Needed

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

**DIAGNOSIS**

**INSTRUCTIONS TO PATIENT**

| DISCHARGE DATE / / | TIME AM PM | RELEASE / TRANSFERRED TO | ☐ DOC ☐ AMBULANCE ☐ | CONDITION ON DISCHARGE ☐ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |
|---|---|---|---|---|

| NURSE'S SIGNATURE Nebia Poindexter | DATE 8/1/07 | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|

| INMATE NAME (LAST, FIRST, MIDDLE) Weaver Anthony | DOC# | DOB | R/S | FAC. |
|---|---|---|---|---|

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

## EMERGENCY

07-707

| ADMISSION DATE 8/1/07 | TIME 1810 AM/PM | ORIGINATING FACILITY Holman ☐ SIR ☐ PDL ☐ ESCAPEE ☐ | ☐ SICK CALL ☒ EMERGENCY ☐ OUTPATIENT |
|---|---|---|---|

| ALLERGIES ASA | | CONDITION ON ADMISSION ☒ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA |
|---|---|---|

VITAL SIGNS: TEMP 02503 97.6 RA 97.9  (ORAL) RECTAL    RESP. 18    PULSE 112   B/P 136, 92   RECHECK IF SYSTOLIC <100> 50 ___/___

NATURE OF INJURY OR ILLNESS

S-"My back is burning,
it got sprayed.

| ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE Z Z | LACERATION / _____ SUTURES |
|---|---|---|---|---|

PHYSICAL EXAMINATION

O- Amb adult male to
HCU c̄ steady gait, Bilat
post. arms, back + upper
buttocks c̄ skin red, ∅
open skin noted.

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| ∅ | | |

DIAGNOSIS  Alt in comfort/Body Chart per Doc

INSTRUCTIONS TO PATIENT  RTC PRN

| DISCHARGE DATE 8/1/07 | TIME 1810 AM/PM | RELEASE / TRANSFERRED TO ☒ DOC ☐ AMBULANCE ☐ | CONDITION ON DISCHARGE ☒ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |
|---|---|---|---|

| NURSE'S SIGNATURE Gtannach | PHYSICIAN'S SIGNATURE | DATE 8/01/7 | CONSULTATION |
|---|---|---|---|

| INMATE NAME (LAST, FIRST, MIDDLE) Hill, Bruce | DOC# 138707 | DOB 9-1-65 | R/S B/M | FAC. HCF |
|---|---|---|---|---|

PHS-MD 70007                (White - Record Copy  Yellow - Pharmacy Copy)

07-707

# Alabama Department of Corrections
# Duty Officer Report

Class Code: _____ B _____

Type of Incident:   Use of Force-Chemical
                    Agent Freeze +P

Institution:   W.C. Holman Facility

| Victim(s): | N/Z | AIS # | | R/S | | DOB | |
|---|---|---|---|---|---|---|---|
| | | AIS # | | R/S | | DOB | |
| Suspects(s) | Hill, Bruce | AIS # | 138707A | R/S | B/M | DOB | 09/01/1965 |
| | | AIS # | | R/S | | DOB | |
| | | AIS # | | R/S | | DOB | |

Sentence From:   ETOWAH                     Date of Sentence:   07/02/1986

| Offense(s) | Recv. Stolen Property II X 4 | Length of Sentence | 99Y00M00D |
|---|---|---|---|
| | Burglary III | | 99Y00M00D |

Minimum Release Date:   05/29/2081

Date:  08/01/07    Time:  5:40pm    Location:  Segregation Unit L-44

On August 1, 2007 at approximately 5:40pm, Correctional Officer Anthony Weaver was uncuffing
Inmate Burce Hill B/138707A, when Inmate Hill snatched the handcuffs and refused to return the
handcuffs. Inmate Hill made several insubordinate statements towards Officer Weaver. Officer Weaver
then sprayed Inmate Hill with a one second burst of chemical agent freeze plus P.
The On Call Duty Call Official Captain David Craft was notified of the incident.
Inmate Hill was showered and decontaminated.

Brief Narrative:

(Use ADOC form 302-B for Continuation of Narrative)

Official Reporting:   Correctional Sgt. LaNetta Banks    Date:    August 1,    Time:    8:15pm
                                                                  2007

Receiver of Report: _____

| | | | |
|---|---|---|---|
| Deputy Comm. Of Operations: | | Date: | Time: |
| Inst. Coordinator: | | Date: | Time: |
| Investigations: | | Date: | Time: |
| Public Information Officer: | | Date: | Time: |

**ADOC form 302-C – June 1, 2005**
**AR 302 – June 1, 2005**

```
TRANSMISSION VERIFICATION REPORT
```

```
                                    TIME : 08/01/2007 06:34
                                    NAME : W.C. HOLMAN C. F.
                                    FAX  : 2513681095
                                    TEL  :
```

```
    DATE,TIME          08/01  06:34
    FAX NO./NAME        13343533967
    DURATION           00:00:24
    PAGE(S)            01
    RESULT             OK
    MODE               STANDARD
                       ECM
```

# Alabama Department of Corrections
## Duty Officer Report

Class Code: _____ B _____

Type of Incident: Use of Force-Chemical Agent Freeze +P     Institution: W.C. Holman Facility

| | | AIS # | | R/S | | DOB | |
|---|---|---|---|---|---|---|---|
| Victim(s): | N/Z | AIS # | | R/S | | DOB | |
| | | AIS # | 138707A | R/S | B/M | DOB | 09/01/1965 |
| Suspects(s): | Hill, Bruce | AIS # | | R/S | | DOB | |
| | | AIS # | | R/S | | DOB | |

Sentence From: ETOWAH     Date of Sentence: 07/02/1986

Offense(s): Recv. Stolen Property II X 4     Length of Sentence: 99Y00M00D
Burglary III     99Y00M00D

Minimum Release Date: 05/29/2081

Date: 08/01/07     Time: 5:40pm     Location: Segregation Unit L-44

On August 1, 2007 at approximately 5:40pm, Correctional Officer Anthony Weaver was uncuffing Inmate Burce Hill B/138707A, when Inmate Hill snatched the handcuffs and refused to return the handcuffs. Inmate Hill made several insubordinate statements towards Officer Weaver. Officer Weaver then sprayed Inmate Hill with a one second burst of chemical agent freeze plus P.
The On Call Duty Call Official Captain David Craft was notified of the incident.
Inmate Hill was showered and decontaminated.

```
┌─────────────────────────────────────────┐
│  TRANSMISSION VERIFICATION REPORT         │
└─────────────────────────────────────────┘
```

```
                                    TIME  : 08/01/2007 06:37
                                    NAME  : W.C. HOLMAN C. F.
                                    FAX   : 2513681095
                                    TEL   :
```

```
┌───────────────────────────────────────────────────────────────┐
│   DATE,TIME              08/01  06:37                            │
│   FAX NO./NAME           13343538922                             │
│   DURATION               00:00:29                                │
│   PAGE(S)                01                                      │
│   RESULT                 OK                                      │
│   MODE                   STANDARD                                │
└───────────────────────────────────────────────────────────────┘
```

# Alabama Department of Corrections
## Duty Officer Report

Class Code: _____ B _____

Type of Incident:  Use of Force-Chemical Agent Freeze +P     Institution:  W.C. Holman Facility

| | | | | | |
|---|---|---|---|---|---|
| Victim(s): | N/Z | AIS # _____ | R/S _____ | DOB _____ |
| | | AIS # _____ | R/S _____ | DOB _____ |
| Suspects(s): | Hill, Bruce | AIS # 138707A | R/S B/M | DOB 09/01/1965 |
| | | AIS # _____ | R/S _____ | DOB _____ |
| | | AIS # _____ | R/S _____ | DOB _____ |

Sentence From:  ETOWAH          Date of Sentence:  07/02/1986

Offense(s):  Recv. Stolen Property II X 4          Length of Sentence  99Y00M00D
             Burglary III                                              99Y00M00D

Minimum Release Date:  05/29/2081

Date:  08/01/07    Time:  5:40pm    Location:  Segregation Unit L-44

On August 1, 2007 at approximately 5:40pm, Correctional Officer Anthony Weaver was uncuffing Inmate Burce Hill B/138707A, when Inmate Hill snatched the handcuffs and refused to return the handcuffs. Inmate Hill made several insubordinate statements towards Officer Weaver. Officer Weaver then sprayed Inmate Hill with a one second burst of chemical agent freeze plus P.
The On Call Duty Call Official Captain David Craft was notified of the incident.
Inmate Hill was showered and decontaminated.

```
┌─────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT   │
└─────────────────────────────────────┘
```

```
                              TIME : 08/01/2007 06:40
                              NAME : W.C. HOLMAN C. F.
                              FAX  : 2513681095
                              TEL  :
```

```
┌──────────────────────────────────────────────────────────┐
│  DATE,TIME           08/01  06:40                          │
│  FAX NO./NAME        3688813                               │
│  DURATION            00:00:27                              │
│  PAGE(S)             01                                    │
│  RESULT              OK                                    │
│  MODE                STANDARD                              │
│                      ECM                                   │
└──────────────────────────────────────────────────────────┘
```

# Alabama Department of Corrections
## Duty Officer Report

Class Code: **B**

Type of Incident: Use of Force-Chemical Agent Freeze +P    Institution: W.C. Holman Facility

Victim(s): N/Z    AIS #        R/S    DOB

Suspects(s): Hill, Bruce   AIS # 138707A   R/S B/M   DOB 09/01/1965

Sentence From: ETOWAH    Date of Sentence: 07/02/1986

Offense(s): Recv. Stolen Property II X 4 / Burglary III    Length of Sentence 99Y00M00D / 99Y00M00D

Minimum Release Date: 05/29/2081

Date: 08/01/07    Time: 5:40pm    Location: Segregation Unit L-44

On August 1, 2007 at approximately 5:40pm, Correctional Officer Anthony Weaver was uncuffing Inmate Burce Hill B/138707A, when Inmate Hill snatched the handcuffs and refused to return the handcuffs. Inmate Hill made several insubordinate statements towards Officer Weaver. Officer Weaver then sprayed Inmate Hill with a one second burst of chemical agent freeze plus P. The On Call Duty Call Official Captain David Craft was notified of the incident. Inmate Hill was showered and decontaminated.

ALDOC Form 225B

# ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1. INMATE: Hill,        Bruce              CUSTODY: CLS9  AIS NO. B/138707A
            Last        First     Middle   DISCIPLINARY #HP07-708

2. FACILITY: W. C. Holman Correctional Facility

3. The above inmate is being charged by Correctional Officer Michael Branch
   with a violation of Rule #56 specifically Failure to Obey a Direct Order from
   regulation #403 which occurred on or about August 1, 2007 at (time) 5:20 PM,
   Location: Shower Area on Tier L.  A hearing on this charge will be held after
   24 hours from service.

4. Circumstances of the violation(s) are as follows: On August 1, 2007 at
   approximately 5:20 PM, Inmate Bruce Hill B/138707A refused a direct order from
   Correctional Officer Michael Branch to cuff up and get out of the shower.

   Date: 8/8/07                        Michael Branch CO2
                                       Arresting Officer/Signature/Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the
   above named inmate and I informed inmate of his/her right to present written or
   oral statement at the hearing and to present written questions for the witnesses
   on this the 8TH day of AUG        , 2007 at (time) 8:10 (am/pm).

   Jay B S. CO.                       REFUSED TO SIGN Jay B S. CO.
   Serving Officer/Signature Rank     Inmate's Signature/AIS Number

6. Witnesses desired?  NO  Jay B S. CO   REFUSED TO SIGN   YES_____
                           Inmate's Signature             Inmate's Signature

7. If yes, list_____

8. Hearing Date 8-14-07              Time 4:13 PM      Place P&Q Dayroom

9. Inmate must be present in Hearing Room. If he/she is not present explain in
   detail on an additional page and attach.

10. A finding is made that inmate (is/is not) capable of representing himself.

    Sgt. James English
    Signature/Hearing Officer

11. Plea: Refused to attend  Not Guilty _____ Guilty

12. The Arresting Officer, inmate and all witnesses were sworn to tell the
    truth.

    Sgt. James English
    Signature/Hearing Officer

13. Arresting Officer's Testimony (at the hearing): His time was up in the shower.
    I told him his time was up.  He refused to cuff up and come out.  Officer Weaver
    came up and ordered him to cuff up.  Inmate Hill cuffed up about 5 or 8 mintues
    later.

14. Inmate's Testimony): Inmate Hill refused to attend hearing
    _____
    _____
    _____     SEP 0 7 ENT'D

                                    Annex C to AR 403 (Page 1 of 3 pages)

Witness: ___N/A___ AIS#_____ Substance of Testimony: _____

_____

_____

Witness: ___N/A___ AIS#_____ Substance of Testimony: _____

_____

_____

Witness: ___N/A___ AIS#_____ Substance of Testimony: _____

_____

15. The inmate was allowed to submit written questions to all witnesses. (Copy of questions and answers are attached).    *Sgt. James English*
Signature/Hearing Officer

16. The following witnesses were not called:    Reason not called:
    1. ___N/A___    _____
    2. _____    _____
    3. _____    _____

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
The Hearing Officer finds that: On 8-1-07 at approximately 5:20 PM in Tier L Shower area of Holman Unit, Inmate Bruce Hill B/138707 did violate rule #56-Failure to Obey a Direct Order.

18. Basis for Findings of Fact: The arresting Officer Michael Branch, who stated under oath: That Inmate Hill did refuse to cuff up and come out of the shower when he told Inmate Hill to come out.

_____

19. Hearing Officer's Decision: ___XX___ GUILTY _____ NOT GUILTY

20. Recommendation of Hearing Officer: The HO recommends 20DDS

                            *Sgt. James English*
Signature/Hearing Officer
James English, Correctional Sergeant
Type Name and Title

21. Warden's Action Date: *8-23-07*
    (Approved) *Warden Culp, Captain*
    Disapproved
    Other (Specify) _____

22. Reason if more than 30 calendar days delay in action: _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named inmate on this *30* day of *AUG* 2007, at time *11:28* (AM / (PM))

*Robert Byrd COI*
Signature/Serving Officer/Title

*Refused to Sign RB*
Inmate's Signature/AIS Number

Inmate Refusal to Attend Disciplinary Hearing

Inmate _Bruce Hill_ was given the opportunity to be present during the

Disciplinary Hearing Case #HP0$-_708_ on _8-14-07_.

Hearing Officer's Signature

_Sgt. James English_

# PRESENTING YOUR DEFENSE AT DISCIPLINARY HEARINGS

1.  IF YOU WISH TO MAKE A STATEMENT IN YOUR BEHALF, YOU WILL NEED TO HAVE YOUR STATEMENT IN WRITING. YOU WILL READ IT INTO THE RECORD WHEN YOU PRESENT YOUR DEFENSE.  AFTER YOU READ IT INTO THE RECORD, YOU WILL GIVE THE WRITTEN STATEMENT TO THE HEARING OFFICER.  YOU WILL BE GIVEN THE OPPORTUNITY TO ADD TO YOUR STATEMENT, VERBALLY, BEFORE THE HEARING OFFICER CLOSES FOR DELIBERATION.

2.  IF YOU HAVE REQUESTED WITNESSES, YOU WILL NEED TO PRESENT ALL QUESTIONS WHICH YOU WANT THE HEARING OFFICER TO ASK, IN WRITING, TO THE HEARING OFFICER.  HE WILL ASK THE QUESTIONS IF PERTINENT TO THIS CASE.  QUESTIONS, AS WELL AS YOUR STATEMENT, ARE TO BE SUBMITTED ON PAPER 8 ½ X 11 INCHES. YOU MAY USE INMATE STATIONERY, LEGAL PAPER FROM THE LAW LIBRARY OR ANY OTHER PAPER THE CORRECT SIZE.  LEAVE ENOUGH SPACE BETWEEN QUESTIONS FOR THE HEARING OFFICER TO WRITE THE ANSWERS.  USE ONLY ONE SIDE OF EACH SHEET OF PAPER.  YOU DO NOT HAVE THE RIGHT TO INSIST UPON A YES OR NO ANSWER; THIS IS AT THE DISCRETION OF THE HEARING OFFICER.  SUBMIT SEPARATE STATEMENTS AND QUESTIONS FOR EACH DISCIPLINARY AND EACH WITNESS.

3.  IF YOU HAVE REQUESTED MORE THAN THREE WITNESSES, YOU WILL NEED TO PREPARE A WITNESS LIST, WITH A BRIEF SUMMARY OF WHAT YOU EXPECT EACH WITNESS TO TELL THE HEARING OFFICER.  THE HEARING OFFICER MAY REFUSE TO ALLOW ANY WITNESS, WHOSE TESTIMONY IS NOT RELEVANT, TO TESTIFY.

4.  READ ADMINISTRATIVE REGULATION 403, WHICH IS AVAILABLE IN THE LAW LIBRARY FOR YOUR USE.

I HAVE READ THESE INSTRUCTIONS ON ___08 AvG 07   8:10 PM___
___REFUSED TO SIGN___ _per B S co_                    (DATE AND TIME)
INMATE'S SIGNATURE

I CERTIFY THAT I DID SERVE A COPY OF THESE INSTRUCTIONS TO THE ACCUSED ALONG WITH HIS DISCIPLINARY.      _Q_ _B S CO._
                                    SERVING OFFICER

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS                    **07–708**
MENTAL HEALTH SERVICES

# MENTAL HEALTH CONSULTATION TO THE DISCIPLINARY PROCESS

**STEP 1: ARRESTING OFFICER**
Offense: **Failure to Obey a Direct Order**                    Today's Date:**8–7–07**

Inmate Name: **Hill, Bruce**                    AIS#**B/138707A** Institution**W.C. Holman**
Is the inmate currently on the mental health caseload?    Yes *? (go to step 3)* No *? (next question)*
If No, did you observe signs of psychological distress during the incident requiring a mental health
referral?                    Yes *? (go to step 3)* No? *(go to step 2)*
Name of Arresting Officer: **Michael Branch**    Shift: **2Seg.**    Date of Incident: **8–1–07**

**STEP 2: HEARING OFFICER**
Hearing officer must refer the inmate for mental health consultation if the inmate appears unable
to understand what the charge is and what might happen as a result of the charge or the inmate
appears unable to actively participate in the hearing as suggested by <u>NO</u> to any of the following:

- *Inmate knows where he is?*    • *Inmate knows why he is seeing hearing officer?*    • *Inmate knows the date?*
- *Inmate is appropriately dressed*    • *Inmate is able to speak coherently?*    • *Inmate makes sense?*
- *The inmate's statements are logical and organized?*

Should the inmate be referred for mental health evaluation of competency?    Yes    *(go to step 3)*
                                                                              No    *(go to step 4)*

Name of Hearing officer:                    Referral Date:

**STEP 3: MENTAL HEALTH STAFF**
Date requested consult received: *Aug 7, 07*    Date consult returned: *Aug 7, 07*
Is the inmate competent to participate in the hearing?                    (Yes)  No

   If No, why is the inmate not competent?_____

   _____

   If No, what treatment will assist the inmate in becoming competent?_____

   _____

Are there mental health issues that may have impacted inmate's behavior at the time    Yes  (No)
of the charge?  If yes, describe the issues:_____

Are there mental health issues to be considered regarding disposition if found guilty?    Yes  (No)
If yes, describe the issues and the relation to the disposition:_____

Do mental health staff members wish to be present at the disciplinary hearing to provide input?  Yes  (No)
Mental Health Staff Member: *[signature] M.S. MH*  Phone: *Ext 333*

**STEP 4: REVIEW**
Have the mental health recommendations been considered?                    (Yes)  No
Hearing Officer: *Sgt. James Ezell*                    Date: *8-14-07*

| INMATE NAME: **HILL, BRUCE** | AIS #: **B/138707A** |
|---|---|

Disposition: Inmate Medical Record and Institutional Inmate file    Reference: ADOC AR: 623, 626, 632, 633, 635
                                                                    ADOC Form MH-041 - November 14, 2005

```
                    CDINC   INMATE DISPLAY   09/AUG/2007   PRODUCTION
PIS: 00138707A    HILL, BRUCE                      R/S: BM      DOB: 09/01/1965
INST: 003 - HOLMAN PRISON          SC    DORM: SC        CK: K CELL: 10
OFF: 212C - RECV STOLEN PROPERTY II                      NCIC OFF: 2803

 1. ADMIT     DT: 08/29/2005 10 COMMIT CNTY : 28 ETWH    MENTAL HEALTH: MH-1
 2. RELEASE   DT: 03/22/2004 20-PAROLE                   JAIL CREDIT  : 0366
 3. SENTENCE  DT: 07/02/1986                             STAT CODE    : 51
 4. LONG RLS  DT: 06/30/2084    TIME SERVED : 022Y01M11D YOUTH OFF    : A
 5. MIN RLS   DT: 05/29/2081    DEAD TIME   : 000Y00M00D PR INC LOC   : 00
 6.                             TOT GT REC'D: 000Y00M00D PRIM JURIS   : 0
 7. RECAPTURE DT: 07/22/2005    TOT GT RVK'D: 000Y00M00D SECURITY LVL : 5
 8. READMIT   DT: 07/12/1989    GT-BALANCE  : 000Y00M00D 446 SENT/SERV: Y Y
 9. RETRO CIT DT:               TOTAL TERM  : 099Y00M00D TRANSFER CNT : 184
10. GEN PROG  DT: 02/02/2008                             DISCIP   CNT : 124
11. TOLL      DT: 08/15/2005    SERVING CASE: 1989 772.03 DET/WAR CNT : 0
12. 446 CLASS DT: 05/29/1991    S I D  NBR  : 00945617   ENEMY    CNT : 6
13. COMP      DT: 03/20/2007    R E D  NBR  : 000000     SPECIAL   ED : N
14. LST TRAN  DT: 06/22/2007    S S N  NBR *: 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

15. CURR CUST DT: 03/05/2007    CUST CODE   : 69 CLS9    CUST RETAIN  :
16. PRES  HRG DT: 09/26/2007    PRES  PRL DT: 09/2007    PRES  HRG DEC: 00
17. PRIOR HRG DT: 09/26/2005    PRIOR PRL DT: 09/2007    PRIOR HRG DEC: 05
COMMENTS:                                                  *PAGE* ARCH: N
```