IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRUCE LAMAR HILL,
AIS #138707,

v.                                        *   CIVIL ACTION NO. 2:07-CV-266-WKW

OFFICER BARNES, ET AL,
DEFENDANTS.                               *

                                          *

**PLAINTIFF MOTION TO EXTEND TIME TO FILE SPECIAL REPORT AND ANSWER TO DEFENDANTS AND SPECIAL MOTION FOR DISCOVERY / REQUEST FOR PRODUCTION OF DOCUMENTS, F.R.Civ.P. 26(A), 26(B)(1), 34**

COMES NOW PLAINTIFF IN THE ABOVE STYLED CAUSE(S) AND MOVES THIS HONORABLE COURT FOR THE FOLLOWING REASONS:

(i) WITH PLAINTIFF BEING A LAYMAN AT LAW AND TRYING TO UNDERSTAND THESE PROCEEDINGS AND YES THIS HONORABLE COURT HAS BEEN VERY UNDERSTANDING TOWARDS MY LITIGATION AND THE REASON FOR THIS MOTION IS THAT NEITHER PARTY WILL BE DELAYED AND PLAINTIFF NEED THESE DOCUMENTS THAT HE MAY BE ABLE TO ESTABLISH HIS CONSTITUTIONAL CLAIM AND THIS REQUEST WILL NOT BREACH SECURITY OF DEFENDANTS AND PLAINTIFF WILL ESTABLISH FACT TO ESTABLISH PRIMA FACIE CASE THAT WILL SURVIVE SUMMARY JUDGMENT OF F.R.Civ.P. 56 PLAINTIFF REQUEST THIRTY (30) DAY EXTENSION WITH FINAL RESPONSE FROM STATE BECAUSE WITHOUT THIS HONORABLE COURT ORDERING THE DEFENDANTS TO PRODUCE THESE DOCUMENTS PLAINTIFF CAN'T PROVE HE WAS EVER HOUSED IN UNITS WITH MENTAL HEALTH INMATES IN VIOLATION OF PLAINTIFF'S EIGHTH AND FOURTEENTH AMENDMENT RIGHTS OF UNITED STATES CONSTITUTION OF WHICH PLAINTIFF WAS SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT BY BEING DEPRIVED SLEEP, EXCESSIVE NOISE, CONSTANT LIGHTING, INMATES THROWING FECES AND URINE AND ON THESE SPECIFIC DAYS PLAINTIFF WAS GIVEN DISCIPLINARY FRAME UP FOR SPEAKING OUT AGAINST THE WAY OFFICER BARNES WAS TREATING MENTAL HEALTH INMATE MR. KILGORE OR SOMETHING TO THAT EFFECT.

(2) Plaintiff needs copies of each days (A) daily post log of defendants and daily assignment rosters of inmates in unit in order to establish the mental health status of each inmate because each inmate that was on mental health observation had to be placed in the log and there were mental health observation forms that had to be filled out on each of those inmates, request of L-Block from Feb. 16, 07 til March 13, 07 and from O-Block March 13, 07 til June 22, 07 because I was placed under so much stress I had to seek counseling from mental health in order to sleep and calm my nerves after requesting to be moved from this unit the Warden, Capt.'s, and Sgt.'s refuse to move me from unit with mental health inmates knowing it violated clearly established right and there have been perjury committed by these defendants in their affidavits and I can only prove this by having these roster assignment sheets of inmates and daily post logs of defendant's first, second and third shift(s).

(3) The law is clearly established here:
Inmates of Occoquan v. Barry, 717 F.Supp. 854, 868 (D.D.C 1989) (Inmates with mental health problems must be placed in a seperate area or a hospital and not in administrative/punitive segregation area).
Langley v. Coughlin, 709 F.Supp. 482, 484-85 (SDNY) (Placement of mentally ill in punitive segregation resulted in conditions that might violate Eighth Amendment), appeal dismissed, 888 F.2d 252 (2nd Cir. 1989), Langley v. Coughlin, 715 F.Supp. at 543, 544 (same); Finney v. Mabry, 534 F.Supp. 1026, 1036-37 (E.D.-Ark. 1982) (Seperate facility for "mostly severely mentally disturbed" required);
Casey v. Lewis, 834 F.Supp. at 1548-49 (condemning delays that result in psychotic inmates remaining in lock down);
Tillery v. Owens, 719 F.Supp. 1256, 1303-04 (W.D. PA 1989) (-Constitutes requires seperate unit for severely mentally ill, i.e., those who will not take their medications regularly, maintain normal hygenic practices, accept dietary restrictions, or report symptoms of illness), aff'd 907 F.2d 418 (3rd Cir 1990). (Mixing mentally ill inmates with those who are not mentally ill may violate the rights of both groups)
Demallory v. Cullen, 855 F.2d 442, 445-44 (7th Cir 1988) Allegation that mentally ill inmates were knowingly housed with non-mentally ill in a high security unit and that they caused filthy and dangerous conditions stated an Eighth Amendment against prison officials).
Nolley v. County of Erie, 776 F.Supp. 715, 738-40 (W.D.N.Y 1991);
Tillery v. Owens, 719 F.Supp. at 1303 (citing increase tension for psychologically normal inmates and danger of retaliation against mentally ill).

-2-

Langley v. Coughlen, 709 F. Supp. at 484-85; Langley v. Coughlen, 715 F. Supp. at 543-44; see Hassine v. Joffes, 846 F.2d 169, 178 n.5 (3rd Cir 1988)(prisoners could seek relief from the consequences of other inmates failure to receive adequate mental health services).

(4) Defendants submitted document of "Daily Inmate Transfers" with other inmates enemy list status, AIS #'s and facilities and also documents of "Maintenance of Mental Health Unit O-Block Lights" which was contrary to affidavits of defendants initial response to this Honorable Court constituting perjury! These requested documents are essential to substantiate plaintiff's claims of Eighth Amendment violations.

(5) This is why plaintiff need these roster of inmates cell assignment(s) of L-Block and O-Block and daily post log's to prove to this Honorable Court that defendants have also committed conspiracy and fraud by submitting perjured documents and that defendants are in violation of Title 18 USC § 242 which makes the defendants actions criminal by statue in violating clearly established constitutional rights.

Done this the 19th day of October 2007.

Respectfully submitted
/s/ _____, Pro Se
Mr. Bruce Lamar Hill, Plaintiff
#138707 (K-48)
3700 Holman Unit
Atmore, Alabama
36503

-3-

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A COPY OF THE ABOVE AND FOREGOING HAS BEEN SERVED BY PLACING IN U.S. MAIL POSTAGE PRE PAID ON OCTOBER 14th DAY, 2007 TO THE FOLLOWING:

| | | |
|---|---|---|
| C/O: HON. CLERK<br>MIDDLE DIST. OF ALA.<br>U.S. DIST. COURTHOUSE<br>P.O. BOX 711<br>MONTGOMERY, AL.<br>36101-0711 | STATE OF ALABAMA<br>ATTORNEY GENERAL OFFICE<br>11 SOUTH UNION STREET<br>MONTGOMERY, AL.<br>36130-0152 | HON. PAUL M. JAMES, JR.<br>ATTY. AT LAW<br>184 COMMERCE STREET<br>P.O. BOX 270<br>MONTGOMERY, AL.<br>36101-0270 |

AND

RESPECTFULLY SUBMITTED,
[signature] PRO SE
MR. BRUCE LAMAR HILL, PLAINTIFF
#138707 (K-48)
3700 Holman Unit
ATMORE, AL.
36503

-4-

Leslie V. Hill
#138707 (K-48)
3700 Holman Unit
Atmore, AL.
36503

C/O: Hon. Clerk, U.S. Dist. Courthouse
Middle District of Alabama
P.O. Box 711
Montgomery Alabama
36101-0711



MOBILE AL 365
18 OCT 2007 PM 1 T