IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NOTHERN DIVISION

| | |
|---|---|
| **BRUCE LAMAR HILL** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| | ) |
| | ) CASE NO. 2:07-CV-266-WKW-WC |
| **ALABAMA DEPARTMENT OF** | ) |
| **CORRECTIONS, ET AL.** | ) |
| | ) |
|    **Defendants.** | ) |
| | ) |

**RESPONSE TO ORDER**

COMES NOW Defendants **Otis Barnes, Bobby Barrett, Leon Bolling, Clarence Hall, Irvin Harris, William Jackson, Nathaniel McCray, Michael Rowe, William Streeter, W.G. Rowell, and Allan Smith**, by and through the undersigned counsel, and in response to the Court's Order dated November 27, 2007, (Doc. 77), state as follows:

1. On November 1, 2007, Captain Bishop was present at Plaintiff's cell as it was being searched by Officer Jason Shufford. See Affidavit of Grantt Culliver attached hereto.

2. Officer Shufford removed some items from Plaintiff's cell and brought them to Captain Bishop to determine the proper disposition of the items.

3. Among the items was an AM/FM radio and several pages from an issue of the "Corrections News" which is an employee newsletter published quarterly by the Department of Corrections for employees and is not allowed for inmates to have.

4. Plaintiff was in disciplinary segregation at the time and was not allowed to have the items that were confiscated.

5. Captain Bishop instructed Officer Shufford to place the items in property storage.

6. Plaintiff told Captain Bishop that the pages were "evidence" in a lawsuit that he has against the Department.

7. There was no indication or markings on the pages that suggested that the pages from a newsletter intended for employees that Plaintiff was not entitled to have possession of were evidence in a legal matter. This is the only item that Plaintiff complained about being legal material.

WHEREFORE, the premises considered, the Defendants respectfully request that the Court deny the Plaintiff's motion which this court has construed as a Motion to Return Documents.

Respectfully submitted,

TROY KING
Attorney General

/s/ Benjamin H. Albritton
Benjamin H. Albritton (ASB-0993-R67B)
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 242-2433 (fax)

**CERTIFICATE OF SERVICE**

     I hereby certify that I have, this the 7th day of December, 2007, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Bruce Lamar Hill, AIS 138707
Holman Correctional Facility
Holman 3700
Atmore, Alabama 36503-3700

                                                /s/ Benjamin H. Albritton
                                                Benjamin H. Albritton
                                                Assistant Attorney General

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRUCE LAMAR HILL, #138707, | } |
| | } |
| v. | } CIVIL ACTION NO. 2:07-CV-266-WKW |
| | } |
| OFFICER BARNES, et al., | } |
| | } |
| Defendant. | } |

## AFFIDAVIT

Before me, the undersigned Notary Public, personally appeared Grantt Culliver who, after being duly sworn, deposes and says as follows:

My name is Grantt Culliver and I am presently employed as a Correctional Warden III with the Alabama Dept. of Corrections, W. C. Holman Correctional Facility, Atmore, Alabama. I am over twenty-one (21) years of age.

Inmate Bruce Hill B-138707 has filed a complaint stating that Correctional Captain Watson Bishop removed material from inmate Hill's cell during a search at W.C. Holman Correctional Facility. Inmate Hill claims the material removed from his cell was evidence Hill was using in a suit against the Department of Corrections.

On November 1, 2007, Captain Bishop was present as inmate Hill's cell was searched by Correctional Officer Jason Shufford. At approximately 9:15am, Officer Shufford removed some items from inmate Hill's cell and brought the items to Captain Bishop to determine proper disposition of the items. One of the items was an AM/FM radio. Another item was several pages from an issue of the "Corrections News" which is an employee newsletter published quarterly by the Department of Corrections for employees.

Inmate Hill was in Disciplinary Segregation at the time of the cell search. Inmates are not allowed to have radios in Disciplinary Segregation. Captain Bishop instructed Officer Shufford to place the radio and the pages from the employee newsletter in property storage.

Inmate Hill told Captain Bishop the pages were evidence in a lawsuit he had against the Department. Captain Bishop explained that the pages were from a newsletter intended for Departmental employees and denied inmate Hill's request to keep the papers in his cell. Captain Bishop explained to inmate Hill that the property would be placed in storage and inmate Hill would get the radio back when he came out of Disciplinary Segregation Status.

There was no indication that the pages from the newsletter were any form of evidence and inmate Hill should not have had possession of the materials. This was the only item that inmate Hill voiced any complaint about being legal material. There were no markings on the materials confiscated to indicate they were to be used as evidence in any type legal proceedings.

Wherefore and by reason thereof, this civil action is herein answered and denied.

_____
Grantt Culliver, Warden III

Sworn to and subscribed before me this __7__ day of December 2007.

_____
Notary Public

My Commission Expires: _7/17/08_

Seal