IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRUCE LAMAR HILL,
    PLAINTIFF,

V.                                          CASE NO: 2:07-CV-266-WKW

OFFICER BARNES, ET.AL.,
    DEFENDANTS,

## MOTION FOR SUMMARY JUDGMENT IN RESPONSE TO DEFENDANTS SPECIAL REPORT

COMES NOW PLAINTIFF AND IN THE ABOVE STYLED CAUSE MOVES THIS HONORABLE COURT FOR THE FOLLOWING REASONS:

1) DEFENDANTS HAVE ARGUED THAT PLAINTIFF BRUCE HILL FAILED TO FOLLOW THE REQUIRED GRIEVANCE PROCEDURES FOR ASSESSING MEDICAL COMPLAINTS PRIOR TO FILING HIS LAW SUIT, THE PRISON LITIGATION REFORM ACT OF 1995 REQUIRES THE IMMEDIATE DISMISSAL WITH PREJUDICE OF HIS COMPLAINT.

DEFENDANTS OF PHS, INC. LINDA LAWRENCE, RN, HSA, HAVE SUBMITTED AN AFFIDAVIT ALLEGING PLAINTIFF DID NOT FILE GRIEVANCE WITH MEDICAL FACILITY DURING THE MONTHS OF FEBRUARY, MARCH, APRIL OR MAY OR JUNE AND LINDA BELL, RN, DON, USES THE SAME DEFENSE BY AFFIDAVIT, BUT I USE AS REFERENCE TO THE CONTRARY AFFIDAVIT OF ALFREDA DE- LANEY, LPN, THAT SHE PERSONALLY REMEMBER THE FILED GRIEVANCE ON NURSE LINDA BELL, RN, DON, DESK CONCERNING MY COMPLAINT OF BEING DENIED MEDICATION FOR HIGH BLOOD PRESSURE FROM NURSE YOLONDA HARDY, LPN AND OFFICER KENNETH WASHINGTON BY AFFIDAVIT INFORMED THIS HONORABLE COURT THAT I DID SUBMIT PERSONALLY TO HIM THE INFORMAL GRIEVANCE AND HE SUBMITTED IT TO SUPERVISOR SGT. SMITH CONCERNING PLAINTIFF BEING DENIED BLOOD PRESSURE MEDICATION FROM NURSE YOLONDA HARDY, LPN. NOT JUST ONLY ON MARCH 11, 2007 BUT COMPLAINED OF HER NOT BRINGING BLOOD PRESSURE MEDICATION ON NUMEROUS OTHER OCCASIONS AND BY AFFIDAVIT SGT. ALLAN D. SMITH HAS MISLEAD THIS HONORABLE COURT WITH HIS AFFIDAVIT BY STATING "HE GAVE PLAINTIFF A COMPLAINT TO FILL OUT AND HE DON'T KNOW IF I SUBMITTED IT" BUT MAY PLAINTIFF INFORM THIS HONORABLE COURT THAT IN AN AFFIDAVIT SUBMITTED BY WARDEN GRANT CULLIVER FROM HOLMAN CORR. FAC. WHICH IN AN ALABAMA DEPARTMENT OF CORRECTION INCIDENT REPORT

from Sgt. Allan Smith of March 11, 2007, Smith states Plaintiff was given complaint to turn in from PHS, Inc. formal grievance, it also reflects that Nurse Hardy had signed the medical admin. record stated she'd (Nurse Hardy) had dispensed medication of blood pressure to Plaintiff but in fact Nurse Hardy had not even entered the unit, the other medical admin. record that's signed by Nurse Hardy stating she'd given blood pressure medication to Plaintiff during month of February and March she did not bring medication it is not until an officer Mr. Washington was willing to be honest did I start receiving my medication properly.

Carroll v. Corr. Med. Serv., Ralph Hooks, 160 Fed. Appx. 848, 2005 U.S. App. Lexis ___ (11th Cir. 2005) "An inmate who complains that [a] delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of [the] delay in medical treatment to succeed." Hill v. DeKalb Reg'l. Youth Det. Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994), abrogated on other grounds by Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002). "Whether this delay in treatment was tolerable depends on the nature of the medical need and reason for the delay." Farrow v. West, 320 F.3d 1235, 1247 (11th Cir. 2003)(internal quotation omitted).

2) Defendants argue that Plaintiff failed to prove that Defendants acted with deliberate indifference to any serious medical need.

By Nurse Hardy not bringing Plaintiff his blood pressure medications during month of March and February 2007 and after Plaintiff filed several complaints to medical department but with no avail any response to Nurse Linda Bell, RN, DON, and Nurse Linda Lawrence, RN, HSA which are her (Nurse Hardy) supervisors each party acted with deliberate indifference to serious medical need high blood pressure of Plaintiff causing Plaintiff to suffer from chest pains, headaches, shortness of breath.

The Supreme Court has ruled that "deliberate indifference to serious medical needs of prisoners" is cruel and unusual punishment. Estelle v. Gamble, 429 US 97, 104 (1976). The suit alleges facts that state a constitutional claim under this standard. The Plaintiff has a serious medical need. First, courts generally argue that a medical need is "serious" if it "has been diagnosed by a physician as mandating treatment...." (Defendants ask Court to dismiss for failure to state a claim; they are wrong for the following reasons:) Johnson v. Busbee, 953 F.2d 349, 351 (8th Cir. 1991); Gaudreault v. Muni. of Salem, Mass 923 F.2d 203, 208 (1st Cir. 1990); Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir. 1987), cert. denied 486 US 1006 (1988) Ramos v. Lamm,

-2-

639 F.2d 559, 575 (10th Cir. 1980), cert. denied, 450 US 1041 (1981) and cases cited. In this case the prison doctor thought the plaintiff problem of high blood pressure was serious enough to require treatment, and he/or she continued medication for it. The plaintiff problem is therefore "serious" under the holdings of the above cited cases.

Secondly, a medical condition may be serious if it "significantly affects an individuals daily activities." McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992). Plaintiff "headaches, chestpains, shortness of breath" have had serious consequences for him. The complaint alleges Plaintiff's dysfunctions when (he) did not receive medications I was unable to read, write, exercise, thus, significantly affecting Plaintiff's daily activities.

Finally, courts have acknowledged that conditions that cause significant pain are serious medical needs. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992) ("chronic and substantial pain" indicates that a medical need is serious.), Boretti v. Wiscomb, 930 F.2d 1050, 1054-55 (6th Cir. 1991) (needless pain is actionable even if there is no permanent injury), Dean v. Coughlin, 623 F.Supp. 392, 404 (S.D.N.Y. 1985) ("conditions that cause pain, discomfort or threat to good health" are serious. This is true because a chief purpose of the cruel and unusual punishments clause is to prevent the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 US at 104 (citation omitted). The complaint alleges that the plaintiff has suffered significant and recurrent pain from my chestpains, headaches and shortness of breath. This pain is significant to make the plaintiff's medical need "serious".

Defendants conduct amounts to deliberate indifference. The complaint alleges that the prison doctor prescribed medication to control the plaintiff's blood pressure, but the PHS, Inc. staff at Kilby have on numerous occasions failed to bring medication but was signing medical admin. records until officer Washington told the truth that nurse Hardy hadn't entered unit on that day.

"[I]ntentionally interferring with the treatment once prescribed" is one of the forms of deliberate indifference cited by the Supreme Court. Estelle v. Gamble, 429 U.S. at 105. Many decisions have held that failing or refusing to provide medication prescribed by physician constitutes deliberate indifference. Aswegan v. Bruhl, 965 F.2d 676, 677-78 (8th Cir. 1992); Hill v. Marshall, 962 F.2d 1209, 1213-14 (6th Cir. 1992); Johnson v. Hay, 931 F.2d 456, 461-462 (8th Cir 1991); Boretti v. Wiscomb, 930 F.2d 1150, 1156 (6th Cir. 1991); Johnson v. Hardin County, Ky, 908 F.2d 1280, 1284 (6th Cir 1990); Ellis v. Butler, 890 F.2d 1000, 1003-04 (8th Cir 1989).

Liability of supervisory defendant for deliberate indifference. Cottone, 326 F.3d at 1360. Supervisory liability under §1983 attaches only when the supervisors personally participates in

-3-

the allegedly unconstitutional acts of his subordinates or where the actions of the supervisory official bear a causal relationship to the alleged constitutional deprivation. Gonzalez, 325 F.2d at 1234; Braddy v. Florida Dept of Labor and Empl. Ser, 133 F.3d 797, 802 (11th Cir. 1998) citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). "The supervisor had notice of a widespread history of abuse which he failed to correct, Gonzalez, 325 F.3d at 1234, citing Braddy, 133 F.3d at 802; Comone, 326 F.3d at 1360." The supervisors over medical facility failed to respond to any complaints filed by plaintiff.

Defendants Capt. Boiling denied receiving any complaints from plaintiff while (he) was at Kilby; Plaintiff was moved to L-Block from D-Block without cause where defication (feces) was on walls and floor and mental health inmates were being housed by Capt. Barrett and Sgt. Streeter on Feb. 16, 2007 by COI Barnes and COI Rowe; COI Jackson gave plaintiff cleaning supplies at approximately 7 hours later the 2nd shift that evening because I requested; Plaintiff was forced to shower in shower that backed up with raw sewage; Plaintiff informed Warden Rowell, Capt. Barrett, Capt. Boiling, Sgt. Streeter of condition of such deplorable manner in writing and to no avail did defendants respond to complaints or respond to correct the problem until after plaintiff had suffered with a fungis on feet, Mental Health inmates are housed in L-Block who constantly make noises yelling, flushing toilets day and night constantly, beating and banging; Plaintiff was moved to O-Block and placed in cell with torn up mattress that had the stench of urine on it by COI Barnes and COI Rowe, on March 13, 2007 Sgt. Allan Smith, COI Harris and COI Hall exchanged mattress that evening because it was torn up and it had a stench of urine in it; Sgt. Streeter would not allow COI McCray to exchange the mattress and plaintiff and Sgt. Streeter had an argument because he would not replace the mattress; Plaintiff was held in O-Block with lights on 24 hours a day for over 30 days straight, then a week or so later there was no lights for several weeks, there was no air circulating in cells because ventilations was not working; Defendants deny each and every claim but plaint will give a chronological review of each constitutional violation, maintanence records reflects the fact that O-Block mental health unit had electrical problems for over a month defendants failed to note during the months of April-June wit/ Electric Company worked in May O-Block on numerous ocassions; had to repair air compressor for ventilations, etc.; Warden Rowell first admitted Kilby does not housed mental health inmates in dorm O-Block then later changed his affidavit that they houses them sometimes; the

-4-

MAINTANENCE RECORDS REFLECTS MTZ HAD TO REPLACE THE WHOLE CIRCUIT BOARD DUE TO IT SHORTING OUT AND BURNING UP MTZ WAS STILL WORKING ON MHU O-BLOCK LIGHTS AND VENTILATION SYSTEM BETWEEN JULY - SEPTEMBER 2007 CONTRARY TO DEFENDANTS ARGUMENT AND ALSO THE SEWER IN L-BLOCK WAS NEVER FIXED UNTIL BETWEEN JULY - SEPTEMBER IRONICALLY AND PERHAPS THE DEFENDANTS WISH TO LEAVE THIS HONORABLE OF THE IMPRESSION THAT THE SEWER ISSUE OF L-BLOCK IS COINCIDENTAL OF REPAIR. TILLERY v. OWENS, 719 F.Supp. 1256, 1304-03 (W.D. P.A. 1989). (CONSTITUTES REQUIRES SEPERATE UNIT FOR SEVERELY MENTALLY ILL, i.e., THOSE WHO WILL NOT TAKE THEIR MEDICATIONS PROPERLY, MAINTAIN NORMAL HYGIENIC PRACTICES, ACCEPT DIETARY RESTRICTIONS, OR REPORT SYMPTOMS OF ILLNESS), AFF'D 907 F.2d 418, 3rd CIR. 1990). INMATES OF OCCOQUAN v. BARRY, 717 F.Supp. 854, 868 (D. DC 1989) (INMATES WITH MENTAL HEALTH PROBLEMS MUST BE PLACED IN A SEPERATE AREA OR A HOSPITAL AND NOT IN ADMINISTRATIVE/PUNITIVE SEGREGATED AREA). LANGLEY v. COUGHLIN, 709 F.Supp. 482, 484-85 (SDNY) (PLACEMENT OF MENTALLY ILL IN PUNITIVE SEGREGATION RESULTED IN CONDITIONS THAT MIGHT VIOLATE THE EIGHT AMENDMENT), APPEAL DISMISSED, 888 F.2d 252 (2nd CIR 1989); LANGLEY v. COUGHLIN, 715 F.Supp. AT 543-44 (SAME); FINNEY v. MABRY, 534 F.Supp. 1026, 1036-37 (E.D. ARK 1982) ("SEPERATE FACILITY FOR "MOST" SEVERELY MENTALLY DISTRUBED" REQUIRED)." DEMALLORY v. CULLEN, 855 F.2d 442, 444-45 (7th CIR 1988) (-ALLEGATION THAT MENTALLY ILL INMATES WERE KNOWINGLY HOUSED WITH NON-MENTALLY ILL IN A HIGH SECURITY UNIT AND THAT THEY CAUSED FILTHY AND DANGEROUS CONDITIONS STATED AN EIGHTH AMENDMENT AGAINST PRISON OFFICIALS). HOLLEY v. COUNTY OF ERIE, 776 F.Supp. 715, 739-40 (WDNY 1991); TILLERY v. OWENS, 719 F.Supp AT 1303 (CITING INCREASE TENSION FOR PSYCHOLOGICALLY NORMAL INMATES AND DANGER OF RETALIZATION AGAINST MENTALL ILL. SHEPHARD v. AULT, 982 F.Supp. 643, FEDERAL CIVIL PROCEDURE KEY 2491.5 GENUINE ISSUES OF MATERIAL FACT EXISTED, PRECLUDING SUMMARY JUDGMENT OF §1983 CLAIMS, ON EXTENT OF ALLEGED HARM TO INMATES FROM CONSTANT ILLUMINATION OF PRISON CELL FOR EXTENDED PERIOD OF TIMES WHETHER PRISON STAFF LEGITIMATELY NEEDED TO BE ABLE TO SEE INTO CELLS AT ALL TIMES, AND THUS WHETHER CONSTANT ILLUMINATION VIOLATED INMATES EIGHTH AMENDMENT RIGHTS. USCA CONST. AMEND. 8th, 42 USCA §1983. KEENAN v. HALL, 83 F.3d 1083 (9th CIR 1996) AFF'd IN PART AND REV'd IN PART. CONDITIONS OF CONFINEMENT, TO SUSTAIN AN EIGHTH AMENDMENT CLAIM, THE PLAINTIFF MUST PROVE A DENIAL OF "THE MINIMAL CIVILIZED MEASURES OF LIFE NECESSITIES", RHODES v CHAPMAN, 452 US 337, 347, 101 S.CT 2392, 2399, '69 L.Ed. 2d 59 (1981) OCCURING THROUGH "DELIBERATE INDIFFERENCE" BY PRISON PERSONELL OR OFFICERS, WILSON v. SEITER, 501 US 294, 302-03, 111 S.CT 2321, 2326-27, 115 L.Ed 2d 271 (1991) (CITATIONS OMITTED). [1] NOISE "[P]ublic CONCEPTION OF DECENCY INHERENT IN THE EIGHTH AMENDMENT REQUIRE THAT [INMATES] BE HOUSED IN AN ENVIRONMENT THAT, IF NOT QUIET, IS AT LEAST

-5-

reasonably free of excess noise..."[8-9] Ventilation, inadequate "ventilation and air flow" violates the Eighth Amendment if it "undermines the health of inmates and the sanitation of the penitentiary"... [10-11] Lighting, "adequate lighting is one of the fundamental attributes of adequate shelter' required by the Eighth Amendment." [18-19] Temperature, the Eighth Amendment guarantees 'adequate heating'... [3?] Access to the courts, inmates have a constitutional right to either assistance of a lawyer, or access to law library. Plaintiff informed this Honorable Court of that denial by response from law clerk at Kilby, there were numerous nights plaintiff could not sleep and plaintiff was force to seek out mental health treatment to retain his own sanity until that moment plaintiff was not on mental health of which plaintiff was placed on medication "Trivzal" to help plaintiff sleep and calm his nerves.

Done this the 10th day of January 2008.

Under penalty of perjury the foregoing is true and correct.

Respectfully,

Mr. Bruce Lamar Hill
138707 (K-1/8)
3700 Holman Unit
Atmore, AL.
36503

## Certificate of Service

I hereby certify that copy of foregoing have been placed in U.S. Mail postage pre-paid on 10th day of January 2008 and served on the following:

| | | |
|---|---|---|
| Hon. Clerk<br>U.S. Dist. Ct.<br>P.O. Box 711<br>Montgomery, AL.<br>36101-0711 | State of Alabama<br>Attorney General Office<br>11 South Union St.<br>Montgomery, AL,<br>36130-0152<br>AND | Hon. Paul M. James, Jr.<br>Atty. at Law<br>184 Commerce St.<br>P.O. Box 270<br>Montgomery, AL.<br>36101-0270. |

Respectfully submitted,
Mr. B_____

Mr. Bruce Lamar Hill
138707 (K-48)
3700 Holman Unit
Atmore, AL.
36503

-7-





ATMORE AL 36502
JAN 12 2008
USPS